# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, a Delaware )
corporation, JAGUAR CARS, LTD., a United )
Kingdom company, ASTON MARTIN )
LAGONDA, LTD, a United Kingdom company, )
VOLVO TRADEMARK HOLDING )
AB, a corporation organized under the laws of )
Sweden, )
)
        Plaintiffs, )
)
vs. )
)
GREATDOMAINS.COM, INC., a California )
corporation, Robert E. Capps, registrant )
of JAGUARSALES.COM, Roger Hoe, registrant of )
JAGUARSERVICING.COM, Victor B. Tucker, )
registrant of JAGUAR-F1-RACING.COM, Mahan )
Consulting, registrant of JAGUARITEMS.COM, )
VOLVOITEMS.COM, FORDITEMS.COM, )
LINCOLNITEMS.COM, MERCURYITEMS.COM )
Zykar Intl., registrant of )
JAGUARMOTORCOMPANY.COM, )
Gapmount Limited, registrant of )
JAGUARCENTER.COM, Paul A. Brown, registrant )
of JAGUARENTHUSIASTSCLUB.COM, )
Allegiance, registrant of JAGUARBUYER.COM, )
PIW Corp., registrant of 1800JAG.COM, )
FORDSUV.COM, LINCOLNSUV.COM, )
1800FORDTRUCK.COM, Pavin Jacob, registrant )
of 4AVOLVO.COM, 4AJAGUAR.COM, )
4AJAG.COM, Maksim Muzichenko, registrant of )
JAGUARSHOWROOMS.COM, )
FORDSHOW.COM, )
FORDSHOWROOMS.COM, )
LINCOLNSHOWROOMS.COM, Anton )
Muzichenko, registrant of )
VOLVOSHOWROOM.COM, )
VOLVOSHOWROOMS.COM, )
VOLVOSHOW.COM, Joseph Parvin, registrant of )
EJAGS.COM, Levy Investco, registrant of )



GERALD ROSEN

Civil No. **00-71544**

MAGISTRATE JUDGE CARLSON

MAR 29   4 50 PM '00

U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

FILED

DRIVEVOLVOS.COM, DRIVEFORDS.COM,            )
DRIVEJAGUAR.COM, DRIVEJAGUARS.COM,  )
DRIVELINCOLN.COM, Local Websites, registrant)
of FORDREPAIRS.COM, VOLVOREPAIRS.COM,)
Thompson, Tinn and Associates, registrant of       )
VOLVOCREDIT.COM, Eric Yen, registrant of        )
FORDTODAY.COM, VOLVOCENTER.COM,            )
VOLVO4U.COM, Roger Abramson, registrant of    )
VOLVOSFORSALE.COM,                                          )
VOLVOS4SALE.COM,                                              )
LINCOLNS4SALE.COM, Hans Rekestad               )
Enterprises, registrant of CLASSICVOLVO.COM, )
Specialized Auto, registrant of VOLVOGUY.COM,)
Thomas Cooper, registrant of                               )
VINTAGEVOLVOS.COM, Craig Melquist,            )
registrant of VOLVOSAFETY.COM, Hurricane     )
 Ind., registrant of                                               )
TEXANLINCOLNMERCURY.COM,                       )
TEXANFORD.COM, TEXANSFORD.COM,             )
TEXANFORD.NET, TEXANFORD.ORG,               )
Buy Direct Products, Inc., registrant of             )
LINCOLNMERCURYREDCARPETLEASE.COM,)
Cibertisement, registrant of                               )
FACTORYFORDPARTS.COM, JDT, Inc.,            )
registrant of TEXASFORDTRUCKS.COM,         )
Domain for Sale, registrant of VOLFORD.COM, )
Zero Games, registrant of                               )
PREOWNEDMUSTANG.COM, Dewey Swain,     )
registrant of                                               )
THE-FORD-MOTOR-COMPANY.COM,              )
Joseph Davidovic, registrant of                      )
FORDYOUNGDRIVERS.COM,                        )
FORDYOUNGDRIVERS.NET,                        )
FORDYOUNGDRIVERS.ORG,                        )
Vaneechoud, registrant of FORDRENTING.COM, )
Julie Webb, registrant of                               )
FORDPICKUPSALES.COM, Rich O'Reilly,      )
registrant of FORDCHEVY.COM,                   )
FORDCHEVYRACING.COM, Greg Kays,         )
registrant of FORD-JAGUAR.COM, Mainstream )
Music, registrant of FORDV8.COM, JonLR,      )
registrant of FORDCARE.COM, Saket Narula,   )
registrant of FORDTELEMATICS.COM, Radtech, )
registrant of 4FORDPARTS.COM,                    )
4FORDTRUCKS.COM, Jimmy McClarren,        )

registrant of RUSTYWALLACEFORD.COM, )
Mustang Market, registrant of )
FORDBODYPARTS.COM, Grahamwallbank, )
registrant of FORDIY.COM, HorizonStar )
Communications, registrant of )
FORDTRUCKNEWS.COM, Ford Sucks and )
Everyone Knows It, registrant of )
FORDSUCKS.COM, Date Productions, registrant )
of FORDMOTOR.NET, J. Denosky, registrant of )
FORD-AUTOS.COM, Suman Saini, registrant of )
FORD-DEALER.COM, UsFour, Inc. registrant of )
FORDINDIA.COM, Royalyork/namesforsale, )
registrant of FORDAUTOSALES.COM, )
Montgomery, registrant of )
FORDMOTORCARS.COM, Diego Decal, )
registrant of FORDUS.COM, Suzanne Singleton, )
registrant of JUSTFORDS.COM, )
JUSTFORDS.NET, Market Links, registrant )
of 1STFORD.COM, )
www.BUYORLEASEDOMAINS.com, registrant of)
HAVEUDRIVENAFORDLATELY.COM, )
Fordmustang.com, registrant of )
FORDMUSTANG.COM, Onlyne Corporate )
Services, registrant of FORDPROBE.COM, )
Internet Development Corp., registrant of )
FORDHEADQUARTERS.COM, )
FORDDEALS.COM, FORDCENTRAL.COM, )
Chander, Radhakrishnan, registrant of )
FORDVOLVO.COM, )
Rubuscum Oy, registrant of FORDCENTER.COM, )
Mr For Sale, registrant of FORDING.COM, Ran )
Productions, registrant of FORDVISION.COM, )
Jose F. Martinez, registrant of FORDAP.COM, )
IFORDPARTS.COM, Kevin Saucier, registrant of )
IFORDS.COM, Seller, registrant of )
SHOPNFORD.COM, Tom Borysiak, registrant of )
WIN-A-FORD.COM, WIN-A-MUSTANG.COM, )
Dreamsites, registrant of GAYLORDFORD.COM, )
Scott Howell, registrant of OLDFORDS.COM, )
Your Best Price (.com), registrant of )
FORDBRONCOS.COM, Mr Richard G. Shanks, )
registrant of FORD2001.NET, Vine-Overseas )
Trading Corp., registrant of )
FORDHOLDINGS.COM, Cromwell Business )
Systems Ltd., registrant of FORDS.CO.UK, )

John Doe, registrant of FORDS.TO,                                    )
Ian Bailey, registrant of FORDBANK.CO.UK,                            )
AAFM Breukers, registrant of                                         )
FORDGARAGE.COM, John Murphy, registrant of )
MRASTONMARTIN.COM, Philip Barry a/c                                  )
LLB, registrant of DB7ASTON-MARTIN.COM,                              )
EIDC, registrant of MUSTANGMUSCLE.COM,                               )
Domain for Sale by ACE, registrant of                                )
57TBIRD.COM, Cheers and Tears Custom Designs,)
registrant of                                                        )
PREMIERAUTOMOTIVEGROUP.COM,                                          )
Dotcoms2sell, registrant of                                          )
TAURUSRACING.COM, Diamond Star                                       )
Marketing, Inc., registrant of                                       )
STANGSTUFF.COM, Auction 1 Online, registrant )
of STANGAUCTIONS.COM, Spencer Associates, )
registrant of MERCURYSOURCE.COM, Chuck,                              )
registrant of MERCURYS.COM, Alfonso Fiero,                           )
registrant of LINCOLNTRUCKS.COM, and Hazel )
Matthews, registrant of S-TYPEGO.COM,                                )
                                                                     )
               Defendants.                                           )
                                                                     )

## COMPLAINT

Plaintiffs Ford Motor Company ("Ford"), Jaguar Cars, Ltd. ("Jaguar"), Aston Martin

Lagonda, Ltd. ("Aston Martin"), and Volvo Trademark Holding AB ("Volvo") (collectively

"Plaintiffs"),    for    their    claims    against    defendants    GreatDomains.com,    Inc.

("GreatDomains.com"), Robert E. Capps, Roger Hoe, Victor B. Tucker, Mahan Consulting,

Zykar Intl., Gapmount Limited, Paul A. Brown, Allegiance, PIW Corp., Pavin Jacob, Maksim

Muzichenko, Anton Muzichenko, Joseph Parvin, Levy Investco, Local Websites, Thompson,

Tinn and Associates, Eric Yen, Roger Abramson, Hans Rekestad Enterprises, Specialized Auto,

Thomas Cooper, Craig Melquist, Hurricane Ind., Buy Direct Products, Inc., Cibertisement, JDT,

Inc., Domain for Sale, Zero Games, Dewey Swain, Joseph Davidovic, Vaneechoud, Julie Webb,

Rich O'Reilly, Greg Kays, Mainstream Music, JonLR, Saket Narula, Radtech, Jimmy McClarren, Mustang Market, Grahamwallbank, HorizonStar Communications, Ford Sucks and Everyone Knows It, Date Productions, J. Denosky, Suman Saini, UsFour, Inc., Royalyork/namesforsale, Montgomery, Diego Decal, Suzanne Singleton, Market Links, www.BUYORLEASEDOMAINS.com, Fordmustang.com, Onlyne Corporate Services, Internet Development Corp., Chander, Radhakrishnan, Rubuscum Oy, Mr For Sale, Ran Productions, Jose F. Martinez, Kevin Saucier, Seller, Tom Borysiak, Dreamsites, Scott Howell, Your Best Price (.com), Mr Richard G. Shanks, Vine-Overseas Trading Corp., Cromwell Business Systems Ltd., John Doe, Ian Bailey, AAFM Breukers, John Murphy, Philip Barry a/c LLB, EIDC, Domain for Sale by ACE, Cheers and Tears Custom Designs, Dotcoms2sell, Diamond Star Marketing, Inc., Auction 1 Online, Spencer Associates, Chuck, Alfonso Fiero, and Hazel Matthews (collectively the "Registrant Defendants"), allege as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.     Plaintiffs file this action against defendants for cyberpiracy, trademark dilution, trademark infringement, and false designation under the Lanham Act (15 U.S.C. §1051 et seq.), including under the recent amendment to the Lanham Act known as the Anticybersquatting Consumer Protection Act.

2.     This lawsuit involves quintessential cyberpiracy. The World Intellectual Property Organization ("WIPO"), an entity organized under the auspices of the United Nations to protect intellectual property, recently condemned the widespread epidemic of cyberpiracy. <http://wipo2.wipo.int>. WIPO noted that "[f]amous and well-known marks have been the special subject of predatory and parasitical practices by a minority of domain name registrants acting in bad faith." WIPO Interim Report on the Internet, December 23, 1998, at p. iii; WIPO

Interim and Final Report available at <http://wipo2.wipo.int>.   "These practices include the deliberate, bad faith registration as domain names of well-known and other trademarks in the hope of being able to sell the domain names to the owners of those marks, or simply to take unfair advantage of the reputation attached to those marks." Id. at p. 6.

3.    In response to the widespread epidemic of cyberpiracy, Congress recently passed, and the President signed into law, the Anticybersquatting Consumer Protection Act (the "Cyberpiracy Act").  In passing the Cyberpiracy Act, Congress noted that the Cyberpiracy Act was designed to address the increasing epidemic of cyberpirates who "registered, trafficked in, or used the offending domain name with bad-faith intent to profit from the goodwill of a mark belonging to someone else."  Conference Report H.R. No. 106-464 (Nov. 9, 1999).  As Senator Hatch observed in supporting passage of the Cyberpiracy Act:

> Mr. President, today the Senate considers legislation to address the serious threats to American consumers, businesses, and the future of electronic commerce, which derive from the deliberate, bad-faith registration of Internet domain names in violation of the rights of trademark owners.  For the Net-savvy, this burgeoning form of cyber-abuse is known as "cybersquatting."  For the average consumer, it is simply fraud, deception, and the bad-faith trading on the goodwill of others.

Congressional Record–Senate, August 5, 1999, S10515.

4.    Section 3002 of the Cyberpiracy Act provides in pertinent part:

CYBERPIRACY PREVENTION
   A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person –
      (i) has a bad faith intent to profit from that mark . . .; and
      (ii) registers, **traffics in**, or uses **a domain name** that –
      . . .
      (II) in the case of a **famous mark** that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

(emphasis added).

-6-

5.     At various times set forth below, the Registrant Defendants registered numerous Internet domain names that incorporate some of the most famous trademarks in the world, including Ford®, Lincoln®, Mercury®, Mustang®, Jaguar®, Volvo®, and many others. After registering these domain names, the Registrant Defendants, together with defendant GreatDomains.com, began auctioning the domain names to the highest bidder through the GreatDomains.com web site.

6.     In bringing this lawsuit, Plaintiffs seek a preliminary and permanent injunction, statutory damages under the Cyberpiracy Act in the amount of $100,000 per domain name, restitution, damages, treble damages, and attorneys' fees and costs.

<u>**JURISDICTION AND VENUE**</u>

7.     This Court has subject matter jurisdiction over the federal trademark and trademark dilution claims under 28 U.S.C. §§1331 and 1338(a).

8.     This action arises out of wrongful acts committed by the Defendants in this judicial district that subject them to personal jurisdiction here.  For example, Defendants operate and/or auction the domain names that are the subject of this lawsuit on an Interactive website that is both targeted to and accessible in the State of Michigan and in this judicial district. Defendants otherwise conduct business in the State of Michigan and in this judicial district. Because a substantial part of the events giving rise to these claims occurred in this judicial district, venue is proper under 28 U.S.C. §1391(b)(2).

## THE PARTIES

9.      Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan.   Jaguar and Aston Martin are United Kingdom companies and are wholly owned subsidiaries of Ford.   Volvo is a corporation organized under the laws of Sweden and is owned 50% by Volvo Cars Corporation, a wholly owned subsidiary of Ford, and 50% by Volvo AB.

10.      Defendant GreatDomains.com is a California corporation with its principal place of business in Universal City, California.

11.      Defendant Robert E. Capps is the registrant for the domain name JAGUARSALES.COM and lists his address on the Whois Data Sheet as P.O. Box 1634 This Domain For Sale, Folsom, CA 95763.

12.      Defendant Roger Hoe is the registrant for the domain name JAGUARSERVICING.COM and lists his address on the Whois Data Sheet as 33 Copenhagen Road, Hull, East Yorkshire HU7 0XQ, United Kingdom.

13.      Defendant Victor B. Tucker is the registrant of the domain name JAGUAR-F1-RACING.COM and lists his address on the Whois Data Sheet as Allan Bank, 1 Hollin Hill, Burnley, Lancashire BB11 2RL, England.

14.      Defendant Mahan Consulting is the registrant of the domain names JAGUARITEMS.COM, VOLVOITEMS.COM, FORDITEMS.COM, LINCOLNITEMS.COM, and MERCURYITEMS.COM and lists their address on the Whois Data Sheet as P.O Box 474, Norris, TN 37828.

15.      Defendant Zykar Intl. is the registrant of the domain name JAGUARMOTORCOMPANY.COM and lists their address on the Whois Data Sheet as P.O. Box 1298, Makawao, HI 96768.

-8-

16.     Defendant Gapmount Limited is the registrant of the domain name JAGUARCENTER.COM and lists their address on the Whois Data Sheet as 7 Lightley Close, Sandbach Cheshire, n/a CW114QE, United Kingdom.

17.     Defendant Paul A. Brown is the registrant of the domain name JAGUARENTHUSIASTSCLUB.COM and lists his address on the Whois Data Sheet as Walnut Cottage, Ryecroft Lane, Fowlmere, Royston, Herts SG8 7TT, United Kingdom.

18.     Defendant Allegiance is the registrant of the domain name JAGUARBUYER.COM and lists their address on the Whois Data Sheet as 45 Manor Way, Guildford, Surrey GU2 5RP, United Kingdom.

19.     Defendant PIW Corp. is the registrant of the domain names 1800JAG.COM, FORDSUV.COM, LINCOLNSUV.COM, and 1800FORDTRUCK.COM and lists their address on the Whois Data Sheet as15765 Annico Drive, Lockport, IL 60442.

20.     Defendant Pavin Jacob is the registrant of the domain names 4AVOLVO.COM, 4AJAGUAR.COM, and 4AJAG.COM and lists his address on the Whois Data Sheet as1316 Hidden Ridge, #1106, Irving, TX 75038.

21.     Defendant Maksim Muzichenko is the registrant of the domain names JAGUARSHOWROOMS.COM,    FORDSHOW.COM,    FORDSHOWROOMS.COM,    and LINCOLNSHOWROOMS.COM and lists his address on the Whois Data Sheet as 5432 Las Virgenes Rd., Calabassas, CA 91302.

22.     Defendant Anton Muzichenko is the registrant of the domain names VOLVOSHOWROOM.COM, VOLVOSHOWROOMS.COM, and VOLVOSHOW.COM and lists his address on the Whois Data Sheet as 5432 Las Virgenes Rd., Calabasas, CA 91302.

23.     Defendant Joseph Parvin is the registrant of the domain name EJAGS.COM and lists his address on the Whois Data Sheet as Firstdomains.com - 9 Brendan Place, Princeton Junction, NJ 08550.

24.     Defendant Levy Investco is the registrant of the domain names DRIVEVOLVOS.COM,          DRIVEFORDS.COM,          DRIVEJAGUAR.COM, DRIVEJAGUARS.COM, and DRIVELINCOLN.COM and lists their address on the Whois Data Sheet as 500 - 108th Avenue N.E., Suite 1085, Bellevue, WA 98004.

25.     Defendant Local Websites is the registrant of the domain names FORDREPAIRS.COM and VOLVOREPAIRS.COM and lists their address on the Whois Data Sheet as 61 Glenkirk Drive, Glasgow, G156AU, United Kingdom.

26.     Defendant Thompson, Tinn and Associates is the registrant of the domain name VOLVOCREDIT.COM and lists their address on the Whois Data Sheet as 2725 SW Sherwood Drive, Portland, OR 97201.

27.     Defendant Eric Yen is the registrant of the domain names FORDTODAY.COM, VOLVOCENTER.COM, and VOLVO4U.COM and lists his address on the Whois Data Sheet as 821 Betlin Avenue, Cupertino, CA 95014.

28.     Defendant Roger Abramson is the registrant of the domain names VOLVOSFORSALE.COM, VOLVOS4SALE.COM, and LINCOLNS4SALE.COM and lists his address on the Whois Data Sheet as P.O. Box 546391, Surfside, FL 33154.

29.     Defendant Hans Rekestad Enterprises is the registrant of the domain name CLASSICVOLVO.COM and lists their address on the Whois Data Sheet as Box 7, Jarna, SE S-153 21, Sweden.

30.     Defendant Specialized Auto is the registrant of the domain name

VOLVOGUY.COM and lists their address on the Whois Data Sheet as 980 17th Avenue C-7, Santa Cruz, CA 95066.

31.    Defendant Thomas Cooper is the registrant of the domain name VINTAGEVOLVOS.COM and lists his address on the Whois Data Sheet as 817 Chimney Rock Road, Martinsville, NJ 08836.

32.    Defendant Craig Melquist is the registrant of the domain name VOLVOSAFETY.COM and lists his address on the Whois Data Sheet as 728 Bermuda Drive, Neshanic Station, NJ 08853.

33.    Defendant Hurricane Ind. is the registrant of the domain names TEXANLINCOLNMERCURY.COM,       TEXANFORD.COM,       TEXANSFORD.COM, TEXANFORD.NET, and TEXANFORD.ORG and lists their address on the Whois Data Sheet as P.O. Box 5065, Alleyton, TX 78935.

34.    Defendant Buy Direct Products, Inc. is the registrant of the domain name LINCOLNMERCURYREDCARPETLEASE.COM and lists their address on the Whois Data Sheet as 1140 Holland Drive, Suite #4, Boca Raton, FL 33487.

35.    Defendant Cibertisement is the registrant of the domain name FACTORYFORDPARTS.COM and lists their address on the Whois Data Sheet as 7901 Birchwood Drive, #812, Chesterland, OH 44026.

36.    Defendant JDT, Inc. is the registrant of the domain name TEXASFORDTRUCKS.COM and lists their address on the Whois Data Sheet as 1507 Reimer, Brenham, TX 77833.

37.    Defendant Domain for Sale is the registrant of the domain name

VOLFORD.COM and lists their address on the Whois Data Sheet as Renstigen 1, Katrineholm, NA 64153, Sweden.

38.     Defendant Zero Games is the registrant of the domain name PREOWNEDMUSTANG.COM and lists their address on the Whois Data Sheet as 3602 Rainbow Blvd., #205, Kansas City, KS 66103.

39.     Defendant Dewey Swain is the registrant of the domain name THE-FORD-MOTOR-COMPANY.COM and lists his address on the Whois Data Sheet as 2716 Vandiver Dr., 3B, West Palm Beach, FL 33409.

40.     Defendant Joseph Davidovic is the registrant of the domain names FORDYOUNGDRIVERS.COM,                FORDYOUNGDRIVERS.NET,                and FORDYOUNGDRIVERS.ORG and lists his address on the Whois Data Sheet as 94 Cumberland Street, Toronto, Ontario M5RLA3, Canada.

41.     Defendant Vaneechoud is the registrant of the domain name FORDRENTING.COM and lists his address on the Whois Data Sheet as Chaparro 14, Madrid 28250, Spain.

42.     Defendant Julie Webb is the registrant of the domain name FORDPICKUPSALES.COM and lists her address on the Whois Data Sheet as 36B Bell Street, Tauranga, Bay of Plenty, New Zealand.

43.     Defendant Rich O'Reilly Domain Name For Sale is the registrant of the domain names FORDCHEVY.COM and FORDCHEVYRACING.COM and lists his address on the Whois Data Sheet as 50 Christina Marie Drive, Pembroke, MA 02359.

44.     Defendant Greg Kays is the registrant of the domain name FORD-JAGUAR.COM and lists his address on the Whois Data Sheet as 916 Jones Nursery Road, Lexington, KY 40509.

45.     Defendant Mainstream Music is the registrant of the domain name FORDV8.COM and lists his address on the Whois Data Sheet as P.O. Box 21153, Christchurch, Canterbury 8003, New Zealand.

46.     Defendant This name is for sale by JonLR is the registrant of the domain name FORDCARE.COM and lists his address on the Whois Data Sheet as 148 Hebron St. Remelville Subd., Noveleta, Cavite 4105, Philippines.

47.     Defendant Saket Narula is the registrant of the domain name FORDTELEMATICS.COM and lists his address on the Whois Data Sheet as 4431 Raleigh Ave., Apt. 403, Alexandria, VA 22304.

48.     Defendant Radtech is the registrant of the domain names 4FORDPARTS.COM and 4FORDTRUCKS.COM and lists his address on the Whois Data Sheet as 2858 Bernice Avenue, Lansing, IL 60438.

49.     Defendant Jimmy McClarren is the registrant of the domain name RUSTYWALLACEFORD.COM and lists his address on the Whois Data Sheet as 809 Kellum Creek Road, Sevierville, TN 37876.

50.     Defendant Mustang Market is the registrant of the domain name FORDBODYPARTS.COM and lists their address on the Whois Data Sheet as 305 Sellers Lane, Broadway, VA 22815.

51.     Defendant Grahamwallbank is the registrant of the domain name FORDIY.COM

-13-

and lists their address on the Whois Data Sheet as Llberwick Way, Heysham, LA32UA, United Kingdom.

52.    Defendant HorizonStar Communications is the registrant of the domain name FORDTRUCKNEWS.COM and lists their address on the Whois Data Sheet as P.O. Box 1600, Jackson, WY 83001.

53.    Defendant Ford Sucks and Everyone Knows It is the registrant of the domain name FORDSUCKS.COM and lists their address on the Whois Data Sheet as 1034 Union Church Road, McLean, VA 22102.

54.    Defendant Date Productions is the registrant of the domain name FORDMOTOR.NET and lists their address on the Whois Data Sheet as 1506 Webster, Dayton, OH 45404.

55.    Defendant J. Denosky is the registrant of the domain name FORD-AUTOS.COM and lists his address on the Whois Data Sheet as 972 White Point Blvd., Charleston, SC 29412.

56.    Defendant Suman Saini is the registrant of the domain name FORD-DEALER.COM and lists his address on the Whois Data Sheet as 241 Manchester Road, Clifton, Manchester, G.M. M27-6PP, United Kingdom.

57.    Defendant UsFour, Inc. is the registrant of the domain name FORDINDIA.COM and lists their address on the Whois Data Sheet as 1126 Lexington Avenue, Savannah, GA 31404.

58.    Defendant Royalyork/namesforsale is the registrant of the domain name FORDAUTOSALES.COM and lists their address on the Whois Data Sheet as 1920 Coney Island Avenue, Brooklyn, NY 11230.

59.    Defendant Montgomery is the registrant of the domain name

-14-

FORDMOTORCARS.COM and lists his address on the Whois Data Sheet as P.O. Box 1398, Nana Post Office, Sukhumvit Soi 4, Bangkok, BKK, 10112, Thailand.

60.     Defendant Diego Decal is the registrant of the domain name FORDUS.COM and lists his address on the Whois Data Sheet as 9245 Ramblewood Drive, #1218, Coral Springs, FL 33071.

61.     Defendant Suzanne Singleton is the registrant of the domain names JUSTFORDS.COM and JUSTFORDS.NET and lists her address on the Whois Data Sheet as 11507 W. Colfax, Lakewood, CO 80215.

62.     Defendant Market Links is the registrant of the domain name 1STFORD.COM and lists their address on the Whois Data Sheet as 1074 E. Redbud, Celina, TX 75009.

63.     Defendant www.BUYORLEASEDOMAINNAMES.com is the registrant of the domain name HAVEUDRIVENAFORDLATELY.COM and lists their address on the Whois Data Sheet as P.O. Box 130, Smithtown, NY 11787.

64.     Defendant Fordmustang.com is the registrant of the domain name FORDMUSTANG.COM and lists their address on the Whois Data Sheet as 4939 W. Ray Road, Chandler, AZ 85226.

65.     Defendant Onlyne Corporate Services is the registrant of the domain name FORDPROBE.COM and lists their address on the Whois Data Sheet as Cuba Ave., 34th Str.E., Build.34-20, Panama, PA 5, Panama.

66.     Defendant Internet Development Corp. is the registrant of the domain names FORDHEADQUARTERS.COM, FORDDEALS.COM, and FORDCENTRAL.COM and lists their address on the Whois Data Sheet as P.O. Box 998, Yucaipa, CA 92399.

67.     Defendant Chander, Radhakrishnan is the registrant of the domain name

-15-

FORDVOLVO.COM and lists his address on the Whois Data Sheet as 1515 Jeff Davis Highway No. 203, Arlington, VA 22202.

68.   Defendant Rubuscum Oy is the registrant of the domain name FORDCENTER.COM and lists his address on the Whois Data Sheet as Horsback, FIN-10600 Tammisaari, Finland.

69.   Defendant Mr For Sale is the registrant of the domain name FORDING.COM and lists his address on the Whois Data Sheet as 24 Porchester Place, London, City of Westminster W2 2PD, United Kingdom.

70.   Defendant Ran Productions is the registrant of the domain name FORDVISION.COM and lists their address on the Whois Data Sheet as 102 Brooklyn Avenue, Toronto, Ontario M4M 2X5, Canada.

71.   Defendant Jose F. Martinez is the registrant of the domain names FORDAP.COM and IFORDPARTS.COM and lists his address on the Whois Data Sheet as El Monte E-17, Ponce, n/a 00731, Puerto Rico.

72.   Defendant Kevin Saucier is the registrant of the domain name IFORDS.COM and lists his address on the Whois Data Sheet as 1444 S. Alameda St., Los Angeles, CA 90021.

73.   Defendant Seller is the registrant of the domain name SHOPNFORD.COM and lists their address on the Whois Data Sheet as Private, Trenton, NJ 08618.

74.   Defendant Tom Borysiak is the registrant of the domain names WIN-A-FORD.COM and WIN-A-MUSTANG.COM and lists his address on the Whois Data Sheet as 3501 Manchester, Traverse City, MI 49686.

75.   Defendant Dreamsites is the registrant of the domain name

GAYLORDFORD.COM and lists their address on the Whois Data Sheet as 1624 S. Otsego Ave., Gaylord, MI 49735.

76.     Defendant Scott Howell is the registrant of the domain name OLDFORDS.COM and lists his address on the Whois Data Sheet as 9944 Gardens East Drive, Palm Beach Gardens, FL 33410.

77.     Defendant Your Best Price (.com) is the registrant of the domain name FORDBRONCOS.COM and lists their address on the Whois Data Sheet as 1196 17th Street, Los Osos, CA 93402.

78.     Defendant Mr Richard G. Shanks is the registrant of the domain name FORD2001.NET and lists his address on the Whois Data Sheet as 7 Munro Way, Livingston, West Lothian EH54 8LP, United Kingdom.

79.     Defendant Vine-Overseas Trading Corp. is the registrant of the domain name FORDHOLDINGS.COM and lists their address on the Whois Data Sheet as 306 Jungihwegwan 11-4 Supyodong Junggu, Seoul, Se 110-430, Korea.

80.     Defendant Cromwell Business Systems Ltd. is the registrant of the domain name FORDS.CO.UK and provides no address on the Whois Data Sheet.

81.     Defendant John Doe is the registrant of the domain name FORDS.TO and provides no address information on the Whois Data Sheet.

82.     Defendant Ian Bailey is the registrant of the domain name FORDBANK.CO.UK and provides no address information on the Whois Data Sheet.

83.     Defendant AAFM Breukers is the registrant of the domain name FORDGARAGE.COM and lists their address on the Whois Data Sheet as Sprokkelenburg 7, DIT DOMEIN IS TE KOOP OF TE HUUR!, Gorinchem 4207 BA, Netherlands.

84.     Defendant John Murphy is the registrant of the domain name MRASTONMARTIN.COM and lists his address on the Whois Data Sheet as 56 Eleanor Road, Norwich, Norfolk NR1 2RF, United Kingdom.

85.     Defendant Philip Barry a/c LLB is the registrant of the domain name DB7ASTON-MARTIN.COM and lists his address on the Whois Data Sheet as Pensylvania Barn, Rhiwderin, Newport South Wales, NP109RR, United Kingdom.

86.     Defendant    EIDC    is    the    registrant    of    the    domain    name MUSTANGMUSCLE.COM and lists their address on the Whois Data Sheet as 5200 N. Federal Hwy., Suite 2-1061, Fort Lauderdale, FL 33308.

87.     Defendant Domain for Sale by ACE is the registrant of the domain name 57TBIRD.COM and lists their address on the Whois Data Sheet as 74-923 Highway 111, Suite 224, Indian Wells, CA 92210.

88.     Defendant Cheers and Tears Custom Designs is the registrant of the domain name PREMIERAUTOMOTIVEGROUP.COM and lists their address on the Whois Data Sheet as 3217 Somerset Street, Roanoke, VA 24014.

89.     Defendant   Dotcoms2sell   is   the   registrant   of   the   domain   name TAURUSRACING.COM and lists their address on the Whois Data Sheet as 2148 Lookout Rdg., Rock Hill, SC 29732.

90.     Defendant Diamond Star Marketing, Inc. is the registrant of the domain name STANGSTUFF.COM and lists their address on the Whois Data Sheet as 10613 N. Hayden, #J-102, Scottsdale, AZ 85260.

91.     Defendant Auction 1 Online is the registrant of the domain name STANGAUCTIONS.COM and lists their address on the Whois Data Sheet as 2404 Mockingbird Lane, Ponca City, OK 74604.

92.     Defendant Spencer Associates is the registrant of the domain name MERCURYSOURCE.COM and lists their address on the Whois Data Sheet as 6371 Cerromar Circle, Orangevale, CA 95662.

93.     Defendant Chuck is the registrant of the domain name MERCURYS.COM and lists his address on the Whois Data Sheet as 606 Lincolnwood Drive, Streamwood, IL 60107.

94.     Defendant Alfonso Fiero is the registrant of the domain name LINCOLNTRUCKS.COM and lists his address on the Whois Data Sheet as173 Beach 139th St., Belle Harbor, NY 11694.

95.     Defendant Hazel Matthews is the registrant of the domain name S-TYPEGO.COM and lists her address on the Whois Data Sheet as 26 Amersham Hill Drive, High Wycombe, HP136QY, United Kingdom.

## FACTS COMMON TO ALL CLAIMS

*Plaintiffs' Registered Trademarks*

96.    In 1909, Ford first obtained a United States Trademark Registration for the trademark Ford®.    Ford owns numerous United States Trademark Registrations for the trademark Ford®.  In addition, Ford has obtained United States Trademark Registrations for the trademarks Lincoln®, Mercury®, Mustang®[1], Thunderbird®, T-Bird®, Taurus®, Bronco® Young Drivers of America®, and others.  Jaguar and Aston Martin have obtained United States Trademark Registrations for the trademarks Jaguar® and Aston Martin®, respectively.  Volvo has obtained United States Trademark Registrations for the trademark Volvo®.    The United States Trademark Registrations for the foregoing marks are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of Plaintiffs' exclusive ownership of such marks.

97.    In addition to the above marks, Plaintiffs have also acquired common law trademark rights in the trademarks Premier Automotive Group™, DB7™, and S-Type™.  Only Plaintiffs are entitled to use the Premier Automotive Group™, DB7™, and S-Type™ marks, and Plaintiffs have exclusively and extensively used the Premier Automotive Group™, DB7™, and S-Type™ marks in connection with their automobiles and related products and services. Plaintiffs have trademark applications pending throughout the world for the Premier Automotive Group™, DB7™, and S-Type™ trademarks.  In addition, Plaintiffs have applications pending before the United States Patent and Trademark Office for the Premier Automotive Group™ and S-Type™ trademarks.  (The trademarks Ford®, Lincoln®, Mercury®, Mustang®, Jaguar®, Aston Martin®, Volvo®, Thunderbird®, T-Bird®, Taurus®, Bronco® Young Drivers of

-20-

America®, Premier Automotive Group™, DB7™, and S-Type™ are collectively referred to herein as the "Plaintiffs' Trademarks.")

98.     Plaintiffs have continuously used the Plaintiffs' Trademarks in connection with the promotion, advertising, and sale of automobiles and other products and services since well before the acts of Defendant complained of herein.

99.     Plaintiffs have spent billions of dollars and have expended significant effort in advertising, promoting, and developing the Plaintiffs' Trademarks throughout the world.  As a result of such advertising and expenditures, Plaintiffs have established considerable goodwill in the Plaintiffs' Trademarks.   The Plaintiffs' Trademarks have become widely known and recognized throughout the world as symbols of high quality automotive and other goods and services.   The Plaintiffs' Trademarks are world-famous and distinctive, and have become associated by the consuming public exclusively with Plaintiffs.  The Plaintiffs' Trademarks, and the goodwill associated with the Plaintiffs' Trademarks, are invaluable assets of substantial and inestimable worth to Plaintiffs.

### The Internet and Domain Name Registration

100.    The Internet is a worldwide network of computers that enables individuals and organizations to access and share information by means of "web pages" and "web sites," so-called because the pages are reached by "links" from one to another, creating the "worldwide web" or "web."

101.    A web page is a computer data file that is published or "served" to the Internet by one computer and presents itself as a graphical "page" viewable by other computers on the Internet.  It can include names, pictures, text, sound, and links to other web pages.  A collection

---

[1] "Mustang" is sometimes referred to as "Stang" by car enthusiasts.

of related web pages published by the same owner is typically referred to as a web site, which is identified on the Internet by a unique address, similar to a street address, and commonly referred to as a "domain name."

102.   The Internet is divided into several "top level" domains, such as ".com," ".net," and ".org."  Domain names with the ".com, " ".net," and ".org." designations can be registered with Network Solutions, Inc. ("NSI") or other domain name registrars for a de minimis fee.  NSI and the other registrars register domain names on a first-come, first-serve basis.  NSI and the other registrars do not make a threshold determination regarding a registrant's right to use a domain name, other than to insure that no two domain names are identical.

103.   As an express condition of registering a domain name, an applicant must represent and warrant that: (1) the applicant's statements are true; (2) the applicant has the right to use the requested domain name; (3) the use or registration of the domain name does not interfere with the rights of any third party in any jurisdiction with respect to trademark, service mark, trade name, company name, or any other intellectual property rights; and (4) the applicant is not seeking to use the domain name for any unlawful purpose, including unfair competition.

104.   The public recognizes and often relies on the expectation that a company's corporate or product names can be found by incorporating such names into a company's domain names for web site addresses.  Internet users typically type in the name of a company, the company's trademark, or the company's products to find information on that company.  A domain name incorporating a famous trademark or a company's products is therefore a valuable asset that allows potential customers and other Internet users interested in a domain name owner to communicate with or learn more about that domain name owner.  On the other hand, a domain name misappropriating the trademark of another entity creates the potential for substantial

-22-

dilution, blurring, tarnishment, and consumer confusion, because an Internet user reasonably may assume that the domain name is sponsored by, affiliated with, or somehow approved by the owner of the corporate name or trademark.

105.   Internet users can choose among several different ways to access certain information on domain name registrations.  NSI maintains a "Whois" directory on the Internet that contains data such as the registrant of the domain name along with a purported mailing address and other contact information.  Several paid subscription databases such as the "Saegis" service also include information on domain name registrations derived from NSI's directory, as do other individuals and companies who offer this information on their web sites.  Internet users frequently access one or more of these sources to determine whether a given domain name is already registered or is still available, to determine who owns a given domain name, to obtain information on how to contact a particular company, or to see whether variations of a specific domain name are registered.

106.   Domain names may be unlawfully registered by "cyberpirates" or "cybersquatters" who register the domain names (1) to sell the domain names back to the famous trademark holder; (2) to sell the domain names to other persons or entities who are not authorized to use the trademarks; (3) to use the domain names to divert Internet users seeking a lawful trademark owner's site to an unrelated web site, thereby creating public confusion; (4) to use the domain names for some other unlawful or improper purpose such as for pornographic web sites; and/or (5) to otherwise profit from the goodwill of a famous trademark.  Moreover, the domain name registration information alone, even without any use of a particular web site, may create public confusion and dilute the strength of a famous trademark.  For example, an Internet user may attempt to locate a company by conducting reverse searches using any of the many

databases providing information about the registrant of Internet domain names. An Internet user using such a database may not be able to locate Plaintiffs if the user locates domain name registrations for unauthorized domain names containing the world-famous Plaintiffs' Trademarks, and such registrations are registered to different entities with no connection to or affiliation with Plaintiffs. Internet names that are registered by cyberpirates and that use the Plaintiffs' Trademarks diminish the distinctiveness of the Plaintiffs' Trademarks, and users finding these domain names through the various databases may mistakenly believe that these names are affiliated with, or connected to Plaintiffs. In addition, an Internet user may discover that domain names incorporating the Plaintiffs' Trademarks have been registered and believe that the domain names are somehow associated with Plaintiffs.

107. Recently, the World Intellectual Property Organization ("WIPO"), an entity organized under the auspices of the United Nations to protect intellectual property, recognized the widespread nature of the problems of cyberpiracy and cybersquatting. It noted that "[f]amous and well-known marks have been the special subject of predatory and parasitical practices by a minority of domain name registrants acting in bad faith." WIPO Interim Report on the Internet, December 23, 1998, at p. iii. "These practices include the deliberate, bad faith registration as domain names of well-known and other trademarks in the hope of being able to sell the domain names to the owners of those marks, or simply to take unfair advantage of the reputation attached to those marks." Id. at p. 6.

*Defendant's Cyberpiracy*

108.    GreatDomains.com is in the business of auctioning domain names for sale over the Internet. According to promotional materials posted at the GreatDomains.com web site, GreatDomains.com collects a commission on the sale of domain names purchased through its web site in the amount of 10% of the sales price. Thus, GreatDomains.com shares its customers' interest in selling their domain names at the highest possible price.

109.    The Registrant Defendants are quintessential cyberpirates who register domain names of famous trademark holders in order to capitalize on, and profit from, the goodwill and reputation of such famous trademarks. Among others, the Registrant Defendants have registered the following domain names: JAGUARSALES.COM, JAGUARSERVICING.COM, JAGUAR-F1-RACING.COM, JAGUARITEMS.COM, VOLVOITEMS.COM, FORDITEMS.COM, LINCOLNITEMS.COM, MERCURYITEMS.COM, JAGUARMOTORCOMPANY.COM, JAGUARCENTER.COM, JAGUARENTHUSIASTSCLUB.COM, JAGUARBUYER.COM, 1800JAG.COM, FORDSUV.COM, LINCOLNSUV.COM, 1800FORDTRUCK.COM, 4AVOLVO.COM, 4AJAGUAR.COM, 4AJAG.COM, JAGUARSHOWROOMS.COM, FORDSHOW.COM, FORDSHOWROOMS.COM, LINCOLNSHOWROOMS.COM, VOLVOSHOWROOM.COM, VOLVOSHOWROOMS.COM, VOLVOSHOW.COM, EJAGS.COM, DRIVEVOLVOS.COM, DRIVEFORDS.COM, DRIVEJAGUAR.COM, DRIVEJAGUARS.COM, DRIVELINCOLN.COM, FORDREPAIRS.COM, VOLVOREPAIRS.COM, VOLVOCREDIT.COM, FORDTODAY.COM, VOLVOCENTER.COM, VOLVO4U.COM, VOLVOSFORSALE.COM, VOLVOS4SALE.COM, LINCOLNS4SALE.COM, CLASSICVOLVO.COM, VOLVOGUY.COM, VINTAGEVOLVOS.COM, VOLVOSAFETY.COM,

TEXANLINCOLNMERCURY.COM, TEXANFORD.COM, TEXANSFORD.COM, TEXANFORD.NET, TEXANFORD.ORG, LINCOLNMERCURYREDCARPETLEASE.COM, FACTORYFORDPARTS.COM, TEXASFORDTRUCKS.COM, VOLFORD.COM, PREOWNEDMUSTANG.COM, THE-FORD-MOTOR-COMPANY.COM, FORDYOUNGDRIVERS.COM, FORDYOUNGDRIVERS.NET, FORDYOUNGDRIVERS.ORG, FORDRENTING.COM, FORDPICKUPSALES.COM, FORDCHEVY.COM, FORDCHEVYRACING.COM, FORD-JAGUAR.COM, FORDV8.COM, FORDCARE.COM, FORDTELEMATICS.COM, 4FORDPARTS.COM, 4FORDTRUCKS.COM, RUSTYWALLACEFORD.COM, FORDBODYPARTS.COM, FORDIY.COM, FORDTRUCKNEWS.COM, FORDSUCKS.COM, FORDMOTOR.NET, FORD-AUTOS.COM, FORD-DEALER.COM, FORDINDIA.COM, FORDAUTOSALES.COM, FORDMOTORCARS.COM, FORDUS.COM, JUSTFORDS.COM, JUSTFORDS.NET, 1STFORD.COM, HAVEUDRIVENAFORDLATELY.COM, FORDMUSTANG.COM, FORDPROBE.COM, FORDHEADQUARTERS.COM, FORDDEALS.COM, FORDCENTRAL.COM, FORDVOLVO.COM, FORDCENTER.COM, FORDING.COM, FORDVISION.COM, FORDAP.COM, IFORDPARTS.COM, IFORDS.COM, SHOPNFORD.COM, WIN-A-FORD.COM, WIN-A-MUSTANG.COM, GAYLORDFORD.COM, OLDFORDS.COM, FORDBRONCOS.COM, FORD2001.NET, FORDHOLDINGS.COM, FORDS.CO.UK, FORDS.TO, FORDBANK.CO.UK, FORDGARAGE.COM, MRASTONMARTIN.COM, DB7ASTON-MARTIN.COM, MUSTANGMUSCLE.COM, 57TBIRD.COM, PREMIERAUTOMOTIVEGROUP.COM, TAURUSRACING.COM, STANGSTUFF.COM, STANGAUCTIONS.COM,

MERCURYSOURCE.COM, MERCURYS.COM, LINCOLNTRUCKS.COM and S-TYPEGO.COM (collectively the "Pirated Domain Names").

110. Defendants are not in any way affiliated or associated with Plaintiffs and have absolutely no right to use the Plaintiffs' Trademarks.

111. The Registrant Defendants have an obvious intent to profit from the goodwill and reputation of these famous trademarks through their registration and trafficking in the above-referenced domain names. As GreatDomains.com explains in the "Valuation Model" that it makes available on its web site, "the value of a domain name is driven by its ability to deliver traffic and revenue to a business." The Pirated Domain Names' ability to direct Internet traffic derives entirely from the goodwill associated with the Plaintiffs' Trademarks.

112. GreatDomains.com shares the same intent to profit from the goodwill and reputation of the Plaintiffs' Trademarks. The commission that GreatDomains.com earns on the sale of domain names is based on the purchase price, so GreatDomains.com shares its customers' interest in capitalizing on the value and goodwill associated with the Plaintiffs' Trademarks in attempting to sell the Pirated Domain Names at the highest possible price.

113. In registering the Pirated Domain Names, the Registrant Defendants falsely represented and warranted to NSI that they had the right to register the Pirated Domain Names, that their registration of the Pirated Domain Names did not interfere with the right of any third party with respect thereto, and/or that the Pirated Domain Names would not be used for any unlawful purpose.

114. Defendants' registration, trafficking in, and attempts to profit from the sale of the Pirated Domain Names constitute cyberpiracy and tarnish Plaintiffs' reputation as well as the goodwill associated with the Plaintiffs' Trademarks. The registration of domain names, even

without an operational web site, places an intolerable burden on famous trademark holders, such as Plaintiffs, who must continuously monitor domain names to determine whether the domain name is being used for hard-core pornographic purposes, to sell counterfeit parts and products, or is otherwise being used in an unauthorized and unlawful manner.

115.   By registering the Pirated Domain Names, Defendant has prevented Plaintiffs from using the Pirated Domain Names to link to Plaintiffs' web sites or otherwise.

## FIRST CLAIM FOR RELIEF
(Cyberpiracy)

116.   The allegations set forth above are incorporated herein by this reference.

117.   Defendants' actions evidence a bad faith intent to profit from the registration, trafficking, and/or use of the Plaintiffs' Trademarks in Internet domain names.

118.   Defendants have registered, trafficked in, and/or used trademarks that were famous at the time of registration of the Pirated Domain Names, and were identical or confusingly similar to or dilutive of the Plaintiffs' Trademarks.

119.   Plaintiffs are entitled to an injunction prohibiting Defendants from registering, trafficking in, or otherwise using the Pirated Domain Names, and transferring those names to Plaintiffs.

120.   In addition, Plaintiffs are entitled to statutory damages in the amount of $100,000 per domain name, other damages, restitution, and their costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Trademark Dilution)

121.   The allegations set forth above are incorporated herein by this reference.

122.   Plaintiffs' Trademarks are famous trademarks.   Plaintiffs' Trademarks are inherently distinctive and have acquired distinctiveness.

123.   Plaintiffs have extensively and exclusively used Plaintiffs' Trademarks in commerce throughout the world in connection with automobiles and other products and services.

124.   Defendants' unauthorized registration, use, claim of ownership, and offers for sale of the Pirated Domain Names dilute the distinctive quality of and tarnish the famous Plaintiffs' Trademarks in violation of 15 U.S.C. §1125(c)(1).

### THIRD CLAIM FOR RELIEF
(Trademark Infringement)

125.   The allegations set forth above are incorporated herein by this reference.

126.   Plaintiffs' Trademarks are inherently distinctive and have acquired secondary meaning.  The public associates Plaintiffs' Trademarks exclusively with Plaintiffs' products and services.   This is a result of Plaintiffs' Trademarks' inherent distinctiveness and of distinctiveness acquired through extensive advertising, sales, and use in commerce throughout the world in connection with Plaintiffs' automobiles and other products and services bearing or using Plaintiffs' Trademarks.

127.   By Defendants' unauthorized registration, use, claim of ownership, and/or offers for sale of domain names that include the Plaintiffs' Trademarks, Defendants have, without Plaintiffs' consent, used and/or are using in commerce a reproduction, counterfeit copy, or colorable imitation of Plaintiffs' Trademarks.  Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1).

128.   By committing the acts alleged herein, Defendants have intentionally, knowingly, and willfully infringed Plaintiffs' Trademarks.

129.    Because of Defendants' infringement, Plaintiffs have been irreparably harmed in their business.  Moreover, Plaintiffs will continue to suffer irreparable harm unless Defendants are restrained from infringing Plaintiffs' Trademarks.

### FOURTH CLAIM FOR RELIEF
(False Designation of Origin)

130.    The allegations set forth above are incorporated herein by this reference.

131.    By Defendants' unauthorized registration, use, claim of ownership, and/or offers for sale of the Pirated Domain Names, Defendants have used a false designation of origin that is likely to cause confusion, mistake, or deception as to the connection of the Pirated Domain Names with Plaintiffs in violation of 15 U.S.C. § 1125(a).

132.    Because of Defendants' conduct, Plaintiffs have been irreparably harmed in their business.  Moreover, Plaintiffs will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations regarding the Pirated Domain Names.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.    That Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or participation with those who receive actual notice of the injunction, be temporarily, preliminarily and permanently enjoined from, without permission from Plaintiffs:

(1)    using Plaintiffs' Trademarks, any colorable imitations thereof, or any marks confusingly similar thereto;

-30-

(2)     transferring to anyone other than to Plaintiffs the Pirated Domain Names or any other domain names that use names, words, designations, or other symbols confusingly similar to any of Plaintiffs' Trademarks;

(3)     registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the Pirated Domain Names, or any other domain names that use names, words, designations, or other symbols confusingly similar to any of the Plaintiffs' Trademarks; and

(4)     otherwise deceptively or unfairly competing with Plaintiffs.

B.     That Defendants be ordered to disclose to the Court and to Plaintiffs all other domain name registrations owned, registered, or offered for sale by Defendants through NSI or any other domain name registrar in order to permit the Court and Plaintiffs to consider whether any such other registration should be transferred to Plaintiffs or be subject to other relief in this matter.

C.     That Defendants be ordered to transfer to Plaintiffs the registrations for the Pirated Domain Names, and any other domain names that use names, words, designations, or other symbols confusingly similar to any of the Plaintiffs' Trademarks.

D.     That Plaintiffs be awarded damages in an amount to be determined at trial based on Defendants':

(1)     cyberpiracy;

(2)     dilution of the Plaintiffs' Trademarks;

(3)     infringement of the Plaintiffs' Trademarks; and

-31-

(4)     false designations of origin, descriptions and representations.

E.      That Plaintiffs be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. §1117(a) for the total profits received by Defendants from, and any damages sustained by Plaintiffs as a result of, Defendants' actions.

F.      That Plaintiffs be awarded under 15 U.S.C. §1117(a) enhanced damages, up to three times the amount found as actual damages for Defendants' trademark infringement and false designations of origin, descriptions and representations, in an amount to be determined at trial.

G.      That Plaintiffs be awarded statutory damages in the amount of $100,000 per domain name under the Cyberpiracy Act.

H.      That Plaintiffs be awarded punitive damages for Defendants' oppressive, fraudulent, and malicious acts of unfair competition.

I.      That Defendants be ordered to deliver to Plaintiffs for destruction all labels, signs, prints, packages, wrappers, receptacles, advertising materials, or products that bear marks confusingly similar to Plaintiffs' Trademarks; or that result in any unfair competition by Defendants against Plaintiffs.

J.      That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of their compliance with the requested injunctive and mandatory relief above.

K.      That Plaintiffs be awarded their reasonable attorney fees and costs of suit under 15 U.S.C. §1117(a) and 35 U.S.C. §285; and that Plaintiffs be awarded such other relief as the Court may deem just and proper.

DICKINSON WRIGHT PLLC

By: _____ for Kathleen Lang

    John E. S. Scott (P20164)
    Kathleen A. Lang (P34695)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
Attorneys for Plaintiff


_____
Gregory D. Phillips
Thomas R. Lee, Of Counsel
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102
801-366-7471

Susan N. McFee, Esq.
Counsel
Ford Global Technologies, Inc.
Suite 600
Parklane Towers East
One Parklane Boulevard
Dearborn, Michigan 48126-2490

DATED: **MAR 29 2000**

DETROIT 99999-100 510071

-33-

## PATENT, TRADEMARK, COPYRIGHT INFORMATION

**(To be distributed when 820, 830, 840 category case is filed)**

1.    If  this is a patent or trademark action, please respond:

| PATENT<br>TRADEMARK | DATE OF PATENT<br>REG. NOS. | PATENTEE |
|---|---|---|
| FORD® | VARIOUS | |
| JAGUAR® | VARIOUS | |
| ASTON MARTIN® | VARIOUS | |
| VOLVO® | VARIOUS | |
| LINCOLN® | VARIOUS | |
| MERCURY® | VARIOUS | |
| MUSTANG® | VARIOUS | |
| PREMIER AUTOMOTIVE GROUP™ | VARIOUS | |
| THUNDERBIRD® | VARIOUS | |
| T-BIRD® | VARIOUS | |
| TAURUS® | VARIOUS | |
| BRONCO® | VARIOUS | |
| YOUNG DRIVERS OF AMERICA® | VARIOUS | |
| DB7™ | VARIOUS | |
| S-TYPE™ | VARIOUS | |

2.    If this is a copyright action, please respond:

| COPYRIGHT REG. NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Date: 3/29/00

Attorney's signature

DETROIT 99993-471 509868