**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FORD MOTOR COMPANY, *et al.*,**

      **Plaintiffs**

vs.

      Case No. 00-71544
      Judge Gerald E. Rosen

**GREATDOMAINS.COM, INC., *et al.*,**

      **Defendants**

                             /

## DEFENDANT GREATDOMAINS.COM, INC.'S MOTION TO DISMISS

Defendant GreatDomains com, Inc ("GreatDomains") hereby respectfully moves the Court for entry of an order pursuant to FED R CIV P 12(b)(6) dismissing all counts asserted against Defendant GreatDomains in Plaintiffs' Complaint on the grounds that the counts fail to state a claim for which relief can be granted

In accordance with Local Rule 7 1(a), counsel for Defendant GreatDomains sought concurrence with Gregory Phillips, counsel for Plaintiffs, on June 14 and 15, 2000   Despite exchanging several voice-mail messages, including leaving a message explaining that GreatDomains intended to file a motion to dismiss and that counsel was calling to seek Mr Phillips' concurrence on behalf of Plaintiffs, counsel were unable to reach each other   Counsel for GreatDomains will continue attempting to reach counsel for Plaintiffs and will inform the Court if Plaintiffs concur with the relief sought in this Motion

This motion is accompanied by a supporting brief

KERR, RUSSELL AND WEBER, PLC

By _____

William A Sankbeil (P19882)
Attorneys for Defendant GreatDomains com, Inc
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200

Lisa S Gallerano
Steven E Ross
Katherine M Warner
AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800

Jonathan Barsade
GreatDomains com, Inc
10 Universal City Plaza, Suite 1115
Universal City, CA 91608
(818)753-3760

Dated  June 15, 2000

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**FORD MOTOR COMPANY,** *et al.,*

    **Plaintiffs**

**vs.**

**Case No. 00-71544**
**Judge Gerald E. Rosen**

**GREATDOMAINS.COM, INC.,** *et al.,*

    **Defendants**

_____/

## BRIEF IN SUPPORT OF
## DEFENDANT GREATDOMAINS.COM, INC.'S MOTION TO DISMISS

William A Sankbeil (P19882)
KERR, RUSSELL AND WEBER, PLC
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
Tel (313) 961-0200

**OF COUNSEL:**

Lisa S Gallerano
Steven E Ross
Katherine M Warner
AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Tel (214) 969-2800

Jonathan Barsade
GreatDomains com, Inc
10 Universal City Plaza, Suite 1115
Universal City, CA 91608
Tel (818)753-3760

**ATTORNEYS FOR DEFENDANT**
**GREATDOMAINS.COM, INC.**

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED     ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT     iii

INTRODUCTION     1

PLAINTIFFS' ALLEGATIONS     2

ARGUMENT AND AUTHORITIES     4

     I      Counts III and IV Should Be Dismissed Because Plaintiffs Do Not Allege Use of Plaintiffs' Trademarks in Commerce and Do Not Allege Likelihood of Confusion     4

         A      Plaintiffs Have Failed To Allege That GreatDomains Has Used Any Of The Subject Domain Names In Commerce As A Trademark     5

         B      Plaintiffs' Trademark Infringement Claims Also Fail For The Independent Reason That Plaintiffs Do Not Adequately Allege Likelihood Of Confusion     7

     II      Count II Should Be Dismissed Because Plaintiffs Do Not Allege That GreatDomains Made Commercial Use of Plaintiffs' Trademarks In Commerce     9

     III      Count I Should Be Dismissed Because Plaintiffs Do Not Allege That GreatDomains Acted With A Bad Faith Intent To Profit From Plaintiffs' Trademarks Or Registered, Trafficked In Or Used The Domain Names     10

         A      Plaintiff's Allegations Of Bad Faith Intent To Profit Are Insufficient To State A Claim Under The ACPA     11

         B      The Complaint Fails To State A Claim For Cyberpiracy Against GreatDomains Because GreatDomains Has Not Registered, Trafficked In Or Used The Domain Names At Issue     13

CONCLUSION     15

## STATEMENT OF THE ISSUES PRESENTED

The issues presented by this Motion to Dismiss are as follows

I     Whether Plaintiffs' Complaint fails to state a claim for cyberpiracy under the Anticybersquatting Consumer Protection Act, 15 U S C § 1125(d), as a matter of law, because it does not sufficiently allege that GreatDomains com, Inc ("GreatDomains") acted with a bad faith intent to profit from the Plaintiffs' trademarks or that GreatDomains registered, trafficked in or used the domain names at issue

II     Whether the Complaint fails to state a claim for trademark dilution under Section 43(c) of the Lanham Act, 15 U S C § 1125(c), as a matter of law, because it does not allege that GreatDomains made commercial use of Plaintiffs' trademarks in commerce, as required by the statute

III     Whether the Complaint fails to state a claim for trademark infringement under Section 32 of the Lanham Act, 15 U S C § 1114(1), as a matter of law, because it does not allege that GreatDomains has used any of Plaintiffs' trademarks in commerce or that GreatDomains has caused a likelihood of confusion among consumers in the marketplace, as is required by the statute

IV     Whether the Complaint fails to state a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U S C § 1125(a), as a matter of law, because it does not allege that GreatDomains has used any of Plaintiffs' trademarks in commerce or that GreatDomains has caused a likelihood of confusion among consumers in the marketplace, as is required by the statute

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
## FOR THE RELIEF SOUGHT

### CASES

*Avery Dennison Corp v Sumpton*, 189 F 3d 868 (9th Cir 1999)    .    9

*HQM, Ltd v Hatfield*, 71 F Supp 2d 500 (D Md 1999)    7, 9

*Jet, Inc v Sewage Aeration Systems*, 165 F 3d 419 (6th Cir 1999)    7, 8

*Juno Online Services, L P v Juno Lighting, Inc* , 979 F Supp 684
(N D Ill 1997)    7

*Lockheed Martin Corp v Network Solutions, Inc* , 985 F Supp 949
(C D Cal 1997), *aff'd*, 194 F 3d 980 (9th Cir 1999)    7, 9

*Rock and Roll Hall of Fame and Museum, Inc v Gentile Productions*,
134 F 3d 749 (6th Cir 1998)    5, 6, 8

### FEDERAL RULES OF CIVIL PROCEDURE

FRCP 12(b)(6)    4

### STATUTES

15 U S C § 1114(1)    4-8

15 U S C § 1125(a)    4-8

15 U S C § 1125(c)    9

15 U S C § 1125(d)    10-14

## INTRODUCTION

This action arises from the registration of certain Internet domain names alleged by Plaintiffs to violate their trademark rights   GreatDomains is not, and is not alleged by Plaintiffs to be, the owner or registrant of any of the domain names in dispute   GreatDomains instead operates an on-line marketplace for companies and individuals to buy and sell domain names registered and owned by others   Plaintiffs filed this lawsuit on March 29, 2000, against GreatDomains and 85 other defendants (the "Registrant Defendants"), some of whom allegedly have offered domain names for sale over the GreatDomains web site   Plaintiffs' Complaint asserts four causes of action  (1) cyberpiracy ("Count I") under the recently enacted Anticybersquatting Consumer Protection Act ("ACPA"), 15 U S C § 1125(d), (2) trademark dilution ("Count II") under Section 43(c) of the Lanham Act, 15 U S C § 1125(c), (3) trademark infringement ("Count III") under Section 32 of the Lanham Act, 15 U S C § 1114(1), and (4) false designation of origin ("Count IV") under Section 43(a) of the Lanham Act, 15 U S C  § 1125(a)

All four counts asserted against GreatDomains should be dismissed pursuant to FED  R  CIV  P  12(b)(6) because Plaintiffs' Complaint fails to allege material elements necessary to obtain relief under the relevant statutory law   Count I, for alleged cyberpiracy, fails because Plaintiffs do not — and cannot — adequately allege any facts indicating that GreatDomains acted with a bad faith intent to profit from Plaintiffs' alleged trademark rights   Count II, for alleged trademark dilution, fails because Plaintiffs do not — and cannot — allege that GreatDomains made commercial use of Plaintiffs' trademarks in commerce, as required by statute   Counts III and IV, for alleged trademark infringement and false designation of origin, similarly fail because Plaintiffs do not — and cannot — allege that GreatDomains has used in commerce any of Plaintiffs' trademarks, as required by statute,

1

and for the additional reason that Plaintiffs do not — and cannot — allege that GreatDomains has caused a likelihood of confusion among consumers in the marketplace

## PLAINTIFFS' ALLEGATIONS

Stripped of rhetoric and the sheer length of pages necessitated by the number of defendants named, the allegations in the Complaint are bare, particularly with regard to GreatDomains   Instead, the Complaint relies on broad legal conclusions premised on inadequate facts, conclusory statements and apparent leaps of faith

Plaintiffs' essential complaint is that the Registrant Defendants registered certain domain names that allegedly infringe Plaintiffs' trademark rights   The Registrant Defendants then allegedly listed those domain names for sale on GreatDomains' web site [1]  *See* Comp  ¶ 5   What Plaintiffs fail to allege, however, particularly with respect to GreatDomains, is significant

- Plaintiffs do not allege that GreatDomains (or any of the Registrant Defendants) is using any of the disputed domain names in commerce as a trademark or service mark to designate the source of goods or services, which is a material element of Plaintiffs' claims for trademark dilution, trademark infringement and false designation of origin

- Plaintiffs do not allege facts showing that GreatDomains (or any of the Registrant Defendants) is using the disputed domain names in a manner that is likely to cause confusion among consumers as to the source of goods or services, which is a material element of Plaintiffs' claims for trademark infringement and false designation of origin

Additionally, while Plaintiffs make a flimsy, at best, effort to allege bad faith on the part of GreatDomains, they fall far short of the mark necessary to maintain a claim under the ACPA

---

[1] Despite Plaintiffs' allegation, in fact not all of the domain names at issue were listed on GreatDomains' web site

2

Plaintiffs simply allege, in conclusory fashion, that the Registrant Defendants (not GreatDomains) had an "obvious" intent to profit from the Plaintiffs' trademark rights, but do not provide any factual allegations necessary to state why such intent is or could be allegedly "obvious" *See* Comp ¶ 111 Next, alleging that GreatDomains earns a commission from sales of domain names through its web site, Plaintiffs leap to the conclusion and assume that this somehow means that GreatDomains shares the Registrant Defendants' allegedly "obvious" intent *See id* ¶ 112 There are no facts, and no facts alleged, to support such an assumption [2]

Plaintiffs acknowledge in their Complaint that in conjunction with the registration of the domain names at issue, the Registrant Defendants represented and warranted to the domain name registrar that (1) their statements in the application for registration were true, (2) they had the right to use the requested domain names, (3) the use or registration of the domain names did not interfere with the rights of any third party in any jurisdiction with respect to trademark, service mark, trade name, company name, or any other intellectual property rights, and (4) that they were not seeking to use the domain name for any unlawful purpose, including unfair competition *See id* ¶¶ 103, 113 Significantly, Plaintiffs fail to allege any facts demonstrating that GreatDomains knew or should have known any differently than the domain name registry [3]

The principal focus of the Complaint revolves around the Registrant Defendants and their registration of the disputed domain names All of the language quoted from the World Intellectual

---

[2] Shortly after GreatDomains was notified of this lawsuit, it advised Plaintiffs that it had placed a hold on the offer for sale of the particular domain names that are listed on its web site at issue here, and placed the names and root names on its "banned" list to prevent any future listing of similar names Therefore, far from the bad faith necessary to sustain a cause of action against GreatDomains, GreatDomains has acted and continues to act in good faith

[3] In fact, the Registrant Defendants were likewise required to make similar representations and warranties to GreatDomains before being permitted to list the domain names at issue for sale on the GreatDomains web site

Property Organization and the legislative history of the ACPA, particularly when contrasted against the dearth of factual allegations relating to GreatDomains, reveals that Plaintiffs' real complaints are directed to the actions of the Registrant Defendants   GreatDomains was apparently included as a party in this suit merely in a misguided effort to provide a deep pocket   The Complaint, however, simply does not state an actionable claim for which relief can be granted as to GreatDomains and it should therefore be dismissed in its entirety

## ARGUMENT AND AUTHORITIES

Dismissal of a claim under FED R CIV P 12(b)(6) is proper when the complaint lacks either direct or inferential allegations regarding a material element necessary to obtain relief   *See Advocacy Org for Patients and Providers v Auto Club Ins Ass'n*, 176 F 3d 315, 319 (6th Cir 1999), *Scheid v Fanny Farmer Candy Shops, Inc* , 859 F 2d 434, 436 (6th Cir 1988)   In considering a motion under Rule 12(b)(6), the court accepts the well-pleaded factual allegations set forth in the complaint as true   *Morgan v Church's Fried Chicken*, 829 F 2d 10, 12 (6th Cir 1987)   However, the court need not accept as true any legal conclusions or unwarranted factual inferences   *Morgan,* 829 F 2d at 12, *see also Blackburn v Fisk University*, 443 F 2d 121, 124 (6th Cir 1971) (the court is "required to accept only well-pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts ")

I. **Counts III And IV Should Be Dismissed Because Plaintiffs Do Not Allege Use Of Plaintiffs' Trademarks In Commerce And Do Not Allege Likelihood Of Confusion**

Section 32 of the Lanham Act, which sets out the elements of a cause of action for infringement of a federally registered trademark, states

> Any person who shall, without the consent of the registrant     *use in commerce* any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is *likely to cause confusion, or*

4

> *to cause mistake, or to deceive* shall be liable in a civil action by the registrant for
> the remedies hereinafter provided

15 U S C § 1114(1) (emphasis added) Similarly, Section 43(a) of the Lanham Act sets out the

elements of a cause of action for false designation of origin (i e , infringement of an unregistered

trademark) and provides

> Any person who, on or in connection with any goods or services, or any container for
> goods, *uses in commerce* any word, term, name, symbol, or device, or any
> combination thereof, or any false designation of origin which is *likely to cause*
> *confusion, or to cause mistake, or to deceive* as to the affiliation, connection, or
> association of such person with another person, or as to the origin, sponsorship, or
> approval of his or her goods, services, or commercial activities by another person
> shall be liable in a civil action by any person who believes that he or she is or is
> likely to be damaged by such act

15 U S C § 1125(a)(1) (emphasis added) Thus, use in commerce and likelihood of confusion are

each material elements of causes of action under § 1114(1) and § 1125(a)(1)

### A. Plaintiffs Have Failed To Allege That GreatDomains Has Used Any Of The Subject Domain Names In Commerce As A Trademark

The Sixth Circuit has stated that "whether alleging infringement of a registered trademark,

pursuant to 15 U S C § 1114(1), or infringement of an unregistered trademark, pursuant to 15

U S C § 1125(a)(1), it is clear that a plaintiff must show that it has actually used the designation at

issue as a trademark, and that the defendant has also used the same or a similar designation as a

trademark " *Rock and Roll Hall of Fame and Museum, Inc v Gentile Productions*, 134 F 3d 749,

753 (6th Cir 1998) The Lanham Act defines a "trademark" as "any word, name, symbol, or device,

or any combination thereof used by a person to identify and distinguish his or her goods,

including a unique product, from those manufactured or sold by others and to indicate the source of

the goods, even if that source is unknown " 15 U S C § 1127 The Act defines "use in commerce"

to mean "the bona fide use of a mark in the ordinary course of trade, and not merely to reserve a right

in a mark " 15 U S C § 1127 A mark is deemed to be used in commerce on goods when "it is

5

placed in any manner on the goods or their containers or the displays associated therewith and the goods are sold or transported in commerce " 15 U S C § 1127 A mark is deemed to be used in commerce on services "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce " *Id*

Plaintiffs' claims for alleged infringement of registered and unregistered trademarks fail and should be dismissed because Plaintiffs do not allege that GreatDomains has used any of the domain names at issue in commerce as a trademark Plaintiffs allege only that GreatDomains operates a web site on which the accused domain names are listed for sale by the Registrant Defendants *See* Comp ¶ 5 There is no allegation that GreatDomains is using any of the accused domain names in commerce to identify and distinguish its goods or services, which is a necessary element of any claim for trademark infringement *See Rock and Roll Hall of Fame and Museum*, 134 F 3d at 753, 15 U S C § 1114(1), 15 U S C § 1125(a)(1)

The allegations of the Complaint do not even support an inference of alleged trademark use by GreatDomains Plaintiffs allege that "GreatDomains com is in the business of auctioning domain names for sale over the Internet " Comp ¶ 108 Plaintiffs further allege that "the Registrant Defendants, together with defendant GreatDomains com, began auctioning the domain names to the highest bidder through the GreatDomains com web site " Comp ¶ 5 Thus, Plaintiffs allege that the disputed domain names are actually the subject of the auction services offered by GreatDomains In order to state a valid claim against GreatDomains, however, Plaintiffs would have to allege that the disputed domain names are being used by GreatDomains as trademarks to advertise and distinguish GreatDomains' auction services Because the Complaint does not allege that GreatDomains has used the disputed domain names as trademarks, the Complaint fails to state a valid claim under either Section 32 or Section 43(a)(1) of the Lanham Act

Moreover, Plaintiffs do not allege that any of the accused domain names are owned by or have been registered by GreatDomains. Even if such an allegation had been made, however, it would not constitute an allegation of use in commerce. It is well established that mere registration of a domain name is not "use in commerce" within the meaning of the Lanham Act. *See Data Concepts, Inc. v. Digital Consulting, Inc.*, 150 F.3d 620, 627 (6th Cir. 1998) (Merritt, J., concurring) ("When a domain name is used only to indicate an address on the Internet and not to identify the source of specific goods and services, the name is not functioning as a trademark."), *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 507 (D. Md. 1999) ("[N]early every Court to have decided whether mere registration or activation of a domain name constitutes 'commercial use' has rejected such arguments, even when the domain name or names included the .com designation."), *Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 956 (C.D. Cal. 1997) ("When a domain name is used only to indicate an address on the Internet, the domain name is not functioning as a trademark."), *aff'd, Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999), *Juno Online Services, L.P. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 691-92 (N.D. Ill. 1997) (dismissing a trademark infringement claim pursuant to Rule 12(b)(6) because "the mere reservation of a right in the domain name . . . is not enough to constitute 'use' as defendant has merely reserved the right to use the mark").

## B.   Plaintiffs' Trademark Infringement Claims Also Fail For The Independent Reason That Plaintiffs Do Not Adequately Allege Likelihood Of Confusion

Likelihood of confusion is a crucial element of any cause of action for infringement of a registered mark under 15 U.S.C. § 1114(1) or infringement of an unregistered mark under 15 U.S.C. § 1125(a)(1). *See, e.g., Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 421-22 (6th Cir. 1999) "[T]he plaintiff must establish a likelihood that the defendant's designation will be confused with the plaintiff's trademark, such that consumers are mistakenly led to believe that the defendant's goods

are produced or sponsored by the plaintiff" *Rock and Roll Hall of Fame and Museum*, 134 F 3d at 753-54 The Sixth Circuit has identified the following factors that courts should consider in determining whether the simultaneous use of two trademarks is likely to cause confusion (1) the strength of plaintiff's mark, (2) the relatedness of the goods or services, (3) the similarity of the marks, (4) evidence of actual confusion, (5) the marketing channels used, (6) the likely degree of purchaser care, (7) the defendant's intent in selecting its mark, and (8) the likelihood of expansion of the product lines *See Jet*, 165 F 3d at 421-22

There are no factual allegations in the Complaint that actions on the part of GreatDomains are likely to cause confusion among consumers as to the source or sponsorship of goods and services offered by GreatDomains Instead, Plaintiffs' allegations tend to show just the opposite Plaintiffs assert that they have used their trademarks in connection with the promotion, advertising and sale of automobiles and related products and services *See* Comp ¶¶ 97 and 98 However, Plaintiffs allege that "GreatDomains com is in the business of auctioning domain names for sale over the Internet " Comp ¶ 108 Thus, according to Plaintiffs' factual allegations, GreatDomains and the Plaintiffs operate in vastly different markets and offer vastly different products and services Plaintiffs do not — and cannot — allege that GreatDomains is a competitor of Plaintiffs Furthermore, there is no similarity whatsoever between the mark "GreatDomains com" and any of Plaintiffs' alleged trademarks *See* Comp ¶¶ 96 and 97

Plaintiffs have clearly failed to plead factual allegations to indicate that GreatDomains has done anything that would cause a likelihood of confusion Plaintiffs' claims for alleged trademark infringement and alleged false designation of origin should therefore be dismissed for this additional reason

## II.     Count II Should Be Dismissed Because Plaintiffs Do Not Allege That GreatDomains Made Commercial Use Of Plaintiffs' Trademarks In Commerce

Plaintiffs' failure to allege commercial use also dooms its trademark dilution claim   Section

43(c) of the Lanham Act sets out the elements of a cause of action for trademark dilution and

provides

> The owner of a famous mark shall be entitled, subject to the principles of equity and
> upon such terms as the court deems reasonable, to an injunction against another
> person's ***commercial use in commerce*** of a mark or trade name, if such use begins
> after the mark has become famous and causes dilution of the distinctive quality of the
> mark, and to obtain such other relief as is provided in this subsection

15 U S C  § 1125(c) (emphasis added) [4]  Thus, "commercial use in commerce" is a necessary element

of a cause of action for trademark dilution   *See Kellogg Co  v  Exxon Corp* , 209 F 3d 562, 577 (6th

Cir 1999), *Avery Dennison Corp  v  Sumpton*, 189 F 3d 868, 874 (9th Cir 1999)   Plaintiffs' failure

to allege that GreatDomains has used any of the domain names at issue in commerce as trademarks

for the goods or services offered by GreatDomains therefore also is fatal to Plaintiffs' trademark

dilution claim [5]  *See, e g , HQM, Ltd* , 71 F Supp 2d at 507, *Lockheed Martin*, 985 F Supp  at 959-

60   Moreover, the Lanham Act expressly states that noncommercial use of a mark shall not be

actionable as trademark dilution   15 U S C  § 1125(c)(4)(B)   Plaintiffs' trademark dilution claim

against GreatDomains should therefore be dismissed

---

[4] The Act defines "dilution" as  "[T]he lessening of the capacity of a famous mark to identify and
distinguish goods or services, regardless of the presence or absence of (1) competition between
the owner of the famous mark and other parties, or (2) likelihood of confusion, mistake or
deception "  15 U S C  §1127
[5] Absent a showing of willful intent to trade on a trademark owner's reputation or to cause
dilution, which Plaintiffs have not sufficiently alleged against GreatDomains, an injunction is the
only remedy available for trademark dilution   15 U S C  §1125(c)(2)   Since GreatDomains has
already removed the disputed domain names from its web site, Plaintiffs' dilution claim is now
moot

III.   **Count I Should Be Dismissed Because Plaintiffs Do Not Allege That GreatDomains Acted With A Bad Faith Intent To Profit From Plaintiffs' Trademarks Or Registered, Trafficked In Or Used the Domain Names**

The ACPA was enacted on November 29, 1999, in an effort to curtail the growing trend of individuals who were, in effect, kidnapping famous and distinctive marks by registering them as domain names and ransoming them back to the rightful owners   *See generally* 145 Cong Rec S10513-02   The ACPA was not intended to provide deep pockets for plaintiffs to plunder by subjecting innocent companies such as GreatDomains to liability for the acts of impoverished cyberpirates   In the present case, Plaintiffs have failed to sufficiently allege at least two of the elements necessary to state a valid cyberpiracy claim against GreatDomains [6]

The essential elements that Plaintiffs must allege to state a claim under the ACPA against GreatDomains are

   (1)  that GreatDomains has a bad faith intent to profit from the marks at issue, and

   (2)  that GreatDomains has registered, trafficked in or used a domain name that

      (a)  is identical or confusingly similar to the mark where the mark was distinctive at the time of the domain name's registration,

      (b)  is identical or confusingly similar to the mark where the mark was famous at the time of the domain name's registration, or

---

[6] A third ground also exists for dismissing the cyberpiracy claim against GreatDomains   The Complaint fails to allege that the registration, trafficking and/or use of the domain names at issue occurred after November 29, 1999, the date of the enactment of the ACPA   Under Section 3010, statutory damages are not available under the ACPA *unless* the registration, trafficking and use occurred after the ACPA's enactment   *See* 15 U S C  § 3010   Given Plaintiffs' failure to plead this prerequisite, it cannot obtain statutory damages under the ACPA and is limited to injunctive relief   An injunction requiring the registration of the subject domain names to be transferred to Plaintiffs or cancelled would have no real effect on GreatDomains, however, since it is neither the registrant nor owner of the domain names   This is particularly true since GreatDomains is not offering the domain names at issue for sale on its web site, and any cancellation or transfer thus has nothing to do with GreatDomains and is out of its control

(c) is a trademark, word, or name protected by reason of 18 U S C § 708 or 36 U S C § 220506

15 U S C §§ 1125(d)(1)(A), (d)(1)(B)(ii)   Plaintiffs have failed to sufficiently allege that GreatDomains had a bad faith intent to profit from the Plaintiffs' trademarks and that GreatDomains registered, trafficked in or used the subject domain names   The cyberpiracy claim thus fails as to GreatDomains and should be dismissed

### A.   Plaintiff's Allegations Of Bad Faith Intent To Profit Are Insufficient To State A Claim Under The ACPA

Congress expressly provided a safe harbor in the ACPA for defendants such as GreatDomains by requiring that plaintiffs must show a defendant acted with a bad faith intent to profit from the plaintiff's trademark, and that a bad faith intent "shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful "  15 U S C §§ 1125(d)(1)(A), 1125(d)(1)(B)(ii)   Plaintiffs have failed to allege that GreatDomains did not have such a belief and did not have reasonable grounds to believe that the use of the domain names at issue was a fair use or otherwise lawful   The Complaint thus fails to state a valid claim for cyberpiracy as to GreatDomains

In determining whether a defendant has a bad faith intent to profit, the ACPA provides courts with nine nonexclusive factors to consider   See id § 1125(d)(1)(B)(i)   The first four factors consist of indicators that the domain name registrant may not have bad faith, and include the registrant's own trademark or intellectual property rights in the domain name, the registrant's use of the name as its legal name or nickname, the registrant's use of the name to offer goods or services prior to its registration as a domain name, and the registrant's "bona fide noncommercial or fair use of the mark in a site accessible under the domain name "  See id § 1125(d)(1)(B)(i)(I)-(IV)   The fifth through eighth factors go to showing that the registrant does in fact have a bad faith intent to profit and

11

include an intent by the domain name registrant to divert consumers from the mark holder's web site to the registrant's site through the domain name, an offer by the registrant to sell the domain name to the mark holder or third party for financial gain without having used or intended to use the name to sell or offer to sell goods or services, the provision of material and misleading false contact information by the registrant in its domain name registration application, and the registrant's registration or acquisition of multiple domain names that the registrant knows are identical or confusingly similar to the marks of others  *See id* § 1125(d)(1)(B)(i)(V)-(VIII)  The ninth factor is one which could go either way toward showing bad faith or not, and relates to "the extent to which the mark incorporated in the person's domain name registration is or is not distinctive or famous within the meaning of subsection (c)(1) of section 43 "  *Id* § 1125(d)(1)(B)(i)(IX)

None of these "bad faith" indicators apply to GreatDomains' alleged conduct  The first four factors do not apply to GreatDomains at all as it has never registered, used or attempted to use the domain names at issue and claims no rights to the names, nor do Plaintiffs so allege  The fifth through eighth factors similarly do not apply to GreatDomains, as it has not engaged in, and Plaintiffs do not allege that it has engaged in, the type of conduct that is covered by those factors  The ninth factor is equally a nullity as to GreatDomains, since none of Plaintiffs' marks are incorporated into GreatDomains' domain name registration (**www.greatdomains com**) and GreatDomains is not the registrant of any of the domain names at issue here  In fact, none of the ACPA bad faith intent factors apply to GreatDomains precisely because the ACPA was not intended to subject companies such as GreatDomains to liability simply because those companies may have intended to make a profit from the buying or selling of domain names, which are owned and registered by others  The conclusory allegation in the Complaint that GreatDomains' acts evidence a bad faith intent to profit, *see* Comp ¶ 117, based presumably on the sole allegation that GreatDomains' commission is based on the sale

price of a domain name, *see id* ¶¶ 108 and 112, simply does not provide the factual basis to survive a motion to dismiss

The requirement that Plaintiffs plead and prove a bad faith intent to profit is made clear by the plain language of the ACPA, including the safe harbor provision, and it is this requirement that causes Plaintiffs' cyberpiracy claim to fail at least as to GreatDomains   The Complaint does not, and cannot, allege that GreatDomains did not believe and did not have reasonable grounds to believe that the use of the domain name was a fair use and otherwise lawful   In fact, the Complaint acknowledges that at the time they applied for the domain names, the Registrant Defendants were required to represent and warrant to the registrar that (1) their statements in the application for registration were true, (2) they had the right to use the requested domain names, (3) the use or registration of the domain names did not interfere with the rights of any third party in any jurisdiction with respect to trademark, service mark, trade name, company name, or any other intellectual property rights, and (4) that they were not seeking to use the domain name for any unlawful purpose, including unfair competition [7] *See* Comp ¶ 103   Given the express limitation on liability provided by the safe harbor and the utter lack in the Complaint regarding any factual allegations that GreatDomains had a bad faith intent to profit from Plaintiffs' trademarks, the Complaint additionally fails to state a viable claim for cyberpiracy against GreatDomains and should be dismissed in its entirety

**B.      The Complaint Fails To State A Claim For Cyberpiracy Against GreatDomains Because GreatDomains Has Not Registered, Trafficked In Or Used The Domain Names At Issue**

The second ground on which Plaintiffs' cyberpiracy claim should be dismissed is because the Complaint fails to sufficiently allege that GreatDomains has registered, trafficked in or used the

---

[7] The Registrant Defendants were likewise required to make similar representations and warranties to GreatDomains prior to being allowed to offer the names for sale on GreatDomains' site

domain names at issue, which is an essential element under the ACPA  In the Complaint, Plaintiffs skirt the issue of GreatDomains' actual contact with the domain names at issue, merely asserting that the subject domain names were listed for sale by the Registrant Defendants on GreatDomains' web site[8]  *See* Comp ¶ 5  Nowhere in the Complaint is it alleged that GreatDomains actually registered, trafficked in or used the subject domain names  This absence is fatal to Plaintiffs' claim

It is clear that GreatDomains never "registered" or "used" the domain names at issue  Further, the ACPA defines "traffics in" as "transactions that include, but are not limited to, sales, purchases, loans, pledges, licenses, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration"  15 U S C  § 1125(d)(1)(E)  This definition clearly contemplates some type of transfer of the domain name by the particular defendant  GreatDomains did not transfer any of the domain names at issue to or from anyone (nor can it, as it does not own the names), and the Complaint does not allege that it did  GreatDomains' actions, even as alleged in the Complaint, simply are not the type of conduct the ACPA was enacted to prevent and do not fall within the definition of "trafficking in" in the ACPA  The cyberpiracy claim therefore fails as a matter of law and should be dismissed

---

[8] As set forth above, the allegations in the Complaint relating to GreatDomains are meager  In paragraph 5, the Complaint states that "the Registrant Defendants, together with defendant GreatDomains com, began auctioning the domain names to the highest bidder through the GreatDomains com web site "  Comp  ¶ 5  In paragraph 108, the Complaint states that "GreatDomains com is in the business of auctioning domain names for sale over the Internet" and that GreatDomains collects a commission on the sale of domain names purchased through its site, but does not allege that any such commission was collected on any of the domain names at issue or that any of those names were actually sold through GreatDomains' site  *See* Comp ¶ 108  In paragraphs 114 and 118, the Complaint conclusorily alleges that GreatDomains, along with the Registrant Defendants, registered, trafficked in and /or used the subject domain names, but gives no details whatsoever on how GreatDomains' supposedly did so  *See* Comp ¶¶ 114, 118  These allegations are insufficient as a matter of law to support Plaintiffs' cyberpiracy claim

14

## CONCLUSION

For the reasons set forth above, all counts asserted against Defendant GreatDomains in Plaintiffs' Complaint should be dismissed under FED R CIV P 12(b)(6) for failure to state a claim upon which relief can be granted

KERR, RUSSELL AND WEBER, PLC

By _____
William A Sankbeil (P19882)
Attorneys for Defendant GreatDomains com, Inc
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200

Lisa S Gallerano
Steven E Ross
Katherine M Warner
AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800

Jonathan Barsade
GreatDomains com, Inc
10 Universal City Plaza, Suite 1115
Universal City, CA 91608
(818)753-3760

Dated   June 15, 2000

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing "DEFENDANT GREATDOMAINS COM, INC'S MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT GREATDOMAINS COM, INC'S MOTION TO DISMISS" was delivered to counsel for Plaintiffs at the following addresses in the manner indicated on this the 15th day of June, 2000

John E S Scott                                  *(Via U S. Mail, Postage Prepaid)*
Kathleen A Lang
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226

Gregory D Phillips                              *(Via U.S Mail, Postage Prepaid)*
Thomas R Lee
Howard, Phillips & Anderson
560 E 200 South, Suite 230
Salt Lake City, Utah 84102

Susan N McFee                                   *(Via U S. Mail, Postage Prepaid)*
Ford Global Technologies, Inc
Suite 600
Parklane Towers East
One Parklane Boulevard
Dearborn, Michigan 48126-2490


_____
WILLIAM A SANKBEIL

U.S. DIST COURT CLERK
EAST DIST MICH
DETROIT
'00 JUN 15  P 4:11
FILED

357556V2

3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

US DIST COURT CLERK
EAST DIST MICH
DETROIT
'00 JUN 15 P4:11

**FORD MOTOR COMPANY,**
et al,

             **Plaintiff**

vs.

**GREATDOMAINS.COM, INC.,**
et al,

                                          **Case No. 00-71544**
                                          **Hon. Gerald E. Rosen**

             **Defendants**
_____/

## NOTICE OF HEARING

      PLEASE TAKE NOTICE that the attached Defendant GreatDomains com, Inc 's Motion to

Dismiss will be heard before the Honorable Gerald E Rosen, at a date and time to be set by the

Court

                         KERR, RUSSELL AND WEBER, PLC

                         By _____
                         William A  Sankbeil (P19882)
                         Attorneys for Defendant GreatDomains com, Inc
                         500 Woodward Avenue, Suite 2500
                         Detroit, Michigan  48226-3406
                         (313) 961-0200

                         Lisa S  Gallerano
                         Steven E  Ross
                         Katherine M  Warner
                         AKIN, GUMP, STRAUSS, HAUER & FELD, L L P
                         1700 Pacific Avenue, Suite 4100
                         Dallas, Texas  75201
                         (214) 969-2800

                         Jonathan Barsade
                         GreatDomains com, Inc
                         10 Universal City Plaza, Suite 1115
                         Universal City, CA  91608
Dated   June 15, 2000     (818)753-3760