## US DISTRICT COURT

CASE # 00 71544

**Answer to charges**      **June 28 / 00**

**FROM: RAD*TECH (WALLACE W. RAWSON)**

Re: Ford Motor Company v. Greatdomains.com.,et al;    Clerk of court
     U.S. District Court, Eastern District of Michigan    231 W. Lafayette st.
     C.A. No. 00 71544; Hon. Gerald E. Rosen    Detroit, MI 48226

WALLACE W. RAWSON
(RAD*TECH)
2858 BERNICE AV
LANSING IL 60438
708 474 7776
FAX 708-474-7764
EMAIL - USARADS@HOTMAIL.COM

**CLERK OF COURT**
     I am contacting you in regards to a lawsuit, which Ford Motor Co. has against Wallace W. Rawson (RadTech).

     The defendant pleads for a claim of relief and asks that all charges be dropped. The plaintiffs cannot show one incident of dilution, bad faith or damages caused by the defendant's actions. The claims made against the defendant are a defamation of character, fraudulent, slanderous and are not based on any fact.

Please note that the two domain names in question where immediately turned over to Ford without charge and without asking for any compensation. A certified letter with transfer forms was sent to the Ford attorneys within days of the defendant getting notice of a possible property rights issue.
www.4fordparts.com
www.4fordtrucks.com
are now in Ford Motor Company's possession and Ford should immediately release the defendant from this suit.

     **If this case must proceed I would like to ask for a jury trial.**

**All answers are based on the following facts.**

*[signature: Wallace W. Rawson]*

16

A) Defendant has run multiple trademark searches on the domain names including searches by the **US Patient & Trademark office** (see enclosed copies of searches, EX A). Since no trademarks were shown on any trademark search the defendant believed and had good cause to believe that he was not breaking any law or violating any trademarks.

B) The Network Solution policy on trademark conflicts in December of '99 stated that for any trademark claims to be enforced must be exactly like the domain name except for .com,.org,.net. Since the domain names in question are not like the any trademarks held by the plaintiffs you could see why the defendant thought the domain names were not infringing or illegal. At no time did the defendant operate in bad faith.

C) The defendant never advertised or put up for auction to the highest bidder any of the domain names in question. These domain names were never developed or used to market any product or service. The defendant never linked these domain names to any other sites on the World Wide Web and no contact was ever made with anyone in regards to these sites anywhere in the world. No dilution, steering, or damages ever took place and none can be shown.

D) Defendant never advertised to sell these domain names to Ford Motor Company or anyone else. Once the Ford Motor Company let the defendant know that they were concerned about the domain names the defendant turned the domain names over to them freely and without asking for any compensation.

D) The defendant does have a connection with the Ford Motor Company selling OEM Ford parts for cars and trucks. Defendant, like other parts suppliers, does use the Ford name in the "fair use" context in its day-to-day business of selling auto parts for cars and trucks. The defendant thus had just cause to believe that he was not breaking any law.

Answers to nature of the action.

   1) Defendant is not guilty of cyberpiracy, trademark dilution or infringement. No wrongful, illegal, or bad faith acts were committed.
   2) No contact of any kind has ever been made with anyone in regards to selling, using or marketing the domain names in question.
   3) Defendant has not advertised the domain names in question for sale.
   4) Plaintiffs cannot show <u>one act</u> of dilution, contact, advertisement, phone call, e-mail, or letter to or from anyone anywhere regarding selling or using these domain names.

5) At no time did Greatdomains or anyone else advertise or solicit for sale the domain names and these sites were never put up for sale to the highest bidder.

6) Defendant has not sent any money or received any money from Greatdomains or anyone else listed in this suit. Defendant is not a partner and not a business associate with anyone named in this suit. Defendant should not be tied into any legal action against anyone else.

### Answers to venue. (See venue sheet EX B)

### Answers to facts common to all claims.

7) Defendant never linked these domain names to the World Wide Web and never developed the sites thus no dilution or confusion ever took place.

8) In plaintiffs paragraph 103 and 104 the defendant answers that he operated in good faith, checking for trademarks and never intending to use any domain name in an unlawful or unfair manner. Defendant never linked these domain names to the World Wide Web. **Plaintiffs cannot show one case of dilution, blurring, tarnishment or consumer confusion**.

9) None of the statements in plaintiffs paragraph 106 are true. Defendant offered the domain name to the plaintiff for free and never advertised to sell the domain names to anyone. No confusion or dilution has taken place and no search engines were ever used to link these domain names to the World Wide Web or anywhere else.

10) In plaintiffs paragraph 107, 108 and 109, no deliberate bad faith has taken place and no unfair advantage can be shown. The defendant did not offer to auction the domain names in question and did not try to infringe any trademark.

11) Defendant sells Ford OEM and aftermarket product and does have a "fair use" right to use the words ford parts for cars and trucks.

### Answers under first claim for relief.

12) No bad faith can be shown and no dilution took place.

13) No damages have occurred and none can be shown.

### Answers under second claim for relief.

14) No dilution or tarnishment can be shown and none has taken place.

### Answers under third claim for relief.

15) Defendant has not used any reproduction, counterfeit copy or imitation of any trademark to cause any confusion or mistake and none can be shown.

16) Defendant has in no way intentionally, knowingly and willfully infringed plaintiffs trademarks.

17) No harm of any kind has been caused to plaintiffs and none can be shown.

### Answers under fourth claim for relief.

18) Defendant did not use any false designation of origin and no confusion, mistake or deception can be shown.

19) No harm has occurred to plaintiff and no misrepresentations have been made. Defendant is not using any plaintiff trademarks or unfairly competing with plaintiff.

20) Defendant does not own any other domain name that uses the word Ford in any way.

21) The plaintiffs should not be awarded damages since no damages have taken place due to the defendant's actions. The defendant is not guilty of cyberpiracy, dilution of trademarks, infringement of trademarks or false designations.

22) No damages, enhanced or statutory should be awarded. There was no bad faith, oppressive, fraudulent or unfair acts.

23) No attorney fees should be due because all the plaintiffs had to do was inform the defendant of a potential problem and the defendant would have worked this out without incurring any cost. These fees were created without just cause.

    The defendant feels that the claims made against him are a defamation of character, fraudulent, slanderous and not based on any fact. If the plaintiff refuses to drop these charges even after the defendant has released the domain names in question and even after the defendant has shown that he is not guilty of any of these charges, the defendant will seek counsel in regards to a counter suit against the Ford Motor Company.

I feel the above true statements more than prove and show that the defendant committed no bad faith or wrongful acts.

Thank you
Wallace W Rawson
(Rad*Tech)

Signed _Wallace W Rawson_ Date 6-28-00



*Searching ALL...*

[Search Summary]
**Results of Search in ALL for:**
**MS/4fordparts**: 0 trademarks.   0 — MARKS

No trademarks have matched your query

[Refine Search] MS/4fordparts

**Search Summary**
**MS/4fordparts**: 0 occurrences in 0 trademarks.

Search Time: 0.57 seconds.

---

Trademark  Page 1 of 1



*Searching ALL...*

[Search Summary]
**Results of Search in ALL for:**
**MS/4fordtrucks**: 0 trademarks.   — O MARKS

No trademarks have matched your query

[Refine Search] MS/4fordtrucks

**Search Summary**
**MS/4fordtrucks**: 0 occurrences in 0 trademarks.

Search Time: 0.99 seconds.

Welbeca R——  6-28-60

## MOTION TO CHANGE VENUE

Re: Ford Motor Company v. Greatdomains.com.,et al;   Clerk of court
U.S. District Court, Eastern District of Michigan   231 W. Lafayette st.
C.A. No. 00 71544; Hon. Gerald E. Rosen   Detroit, MI 48226

WALLACE W. RAWSON
RAD*TECH INC.
2858 BERNICE AV.
LANSING IL 60438
708 474 7776
FAX 708-474-7764
EMAIL - USARADS@HOTMAIL.COM

CLERK OF COURT

I am contacting you in regards to a lawsuit, which Ford Motor Co. has against Wallace W. Rawson (RadTech). This lawsuit was filed in the state of Michigan.

**I would like to ask for a change of venue based on the following.**

1) No wrongful acts were committed by myself in the state or Michigan.
2) No contact of any kind has every been made with anyone in the state of Michigan in regards to the domain names in question.
3) I have at no time advertised any web site or domain name for sale in the state of Michigan.
4) No money or considerations has ever been exchanged regarding these domain names in the state of Michigan.
5) Plaintiffs cannot show any contact, advertisement, action, phone call, e-mail, or letter to or from anyone anywhere in Michigan about these domain names.
6) Plaintiffs have a major presence in the state of Illinois and Illinois is the state that should have venue in this matter.
7) At no time did Greatdomains or anyone else advertise or solicit for sale my domain names in the state of Michigan.
8) I have not sent any money or received any money from Greatdomains or anyone else listed in this suit. I am not a partner and I am not a business associate with anyone named in this suit. I should not be tied into any legal action against anyone else. Anyone who has operated in Michigan is not I and I should not be held responsible for anyone's actions but my own.

I feel the above true statements more than prove and show that no wrongful acts were committed by myself in the state of Michigan and thus the state of Michigan should not have legal venue over this matter.
Thank you
Wallace W Rawson
Rad*Tech Inc.

**I would also like to request a jury trial in this matter.**

*Wallace W Rawson*   6-28-00