## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS, LTD, a United
Kingdom company, ASTON MARTIN
LAGONDA, LTD., a United Kingdom company,
VOLVO TRADEMARK HOLDING AB, a
Corporation organized under the laws of
Sweden,



Civil No. 00-71544

        Plaintiffs,

Hon. Gerald Rosen

vs.

GREATDOMAINS.COM, INC., a California
Corporation, et al.

        Defendants.



_____/

Luis Miguel Acosta (P36734)
PLUNKETT & COONEY P.C.
38505 Woodward, Suite 3000
Bloomfield Hills, MI  48302
(248) 901-4000

Attorneys for Defendant Spencer Associates

_____/

## DEFENDANT SPENCER ASSOCIATES'
## MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(2) AND (3)

        Defendant Spencer Associates, Registrant of Mercurysource.com, moves the

Court for dismissal of this action for lack of jurisdiction.  This motion is supported by the

Memorandum in Support of Defendant's Motion to Dismiss and the Declaration of David

Spencer.



Pursuant to the local rule, concurrence with regard to the desired relief was sought of opposing counsel on July 17, 2000, but such concurrence was not obtained.

Respectfully submitted,

Luis Miguel Acosta (P36734)
PLUNKETT & COONEY, P.C.
505 N. Woodward, Ste. 3000
Bloomfield Hills, MI  48304
(248) 901-4046

Dated:  July 17, 2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS, LTD, a United
Kingdom company, ASTON MARTIN
LAGONDA, LTD., a United Kingdom company,
VOLVO TRADEMARK HOLDING AB, a
Corporation organized under the laws of
Sweden,

            Plaintiffs,

vs.

GREATDOMAINS.COM, INC., a California
Corporation, et al.

            Defendants.

_____/

Civil No. 00-71544

Hon. Gerald Rosen

Luis Miguel Acosta (P36734)
PLUNKETT & COONEY P.C.
38505 Woodward, Suite 3000
Bloomfield Hills, MI 48302
(248) 901-4000

Attorneys for Defendant Spencer Associates
_____/

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT SPENCER

ASSOCIATES' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(2) and

(3) and SUPPORTING MEMORANDUM has been served by United States first class

mail, postage prepaid on July 17, 2000 upon John E. S. Scott, and Kathleen A. Lang, 500

Woodward Avenue, Suite 4000, Detroit, MI 48226; Gregory D. Phillips and Thomas R.

Lee, Howard, Phillips & Andersen, 560 E. 200 South, Suite 230, Salt Lake City, Utah 84102 and Susan N. McFee, Ford Global Technologies, Inc., Suite 600, Parklane Towers East, One Parklane Blvd, Dearborn, MI 48126-2490.

Respectfully submitted,

Luis Miguel Acosta (P36734)
PLUNKETT & COONEY, P.C.
505 N. Woodward, Ste. 3000
Bloomfield Hills, MI  48304
(248) 901-4046

Dated:  July 17, 2000

267576_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS, LTD, a United
Kingdom company, ASTON MARTIN
LAGONDA, LTD., a United Kingdom company,
VOLVO TRADEMARK HOLDING AB, a
Corporation organized under the laws of
Sweden,

                Plaintiffs,

v.

GREATDOMAINS.COM, INC., a California
Corporation, et al.

                Defendants.

_____/

Civil No. 00-71544

Hon. Gerald Rosen

Luis Miguel Acosta (P36734)
Plunkett & Cooney, P.C.
38505 Woodward, Suite 3000
Bloomfield Hills, Michigan  48304
(248) 901-4000

Attorneys for Defendant
Spencer Associates

## MEMORANDUM IN SUPPORT OF
## DEFENDANT SPENCER ASSOCIATES' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(B)(2) AND (3)

# TABLE OF CONTENTS

I.      Background ...........................................................................................................................1

II.     Facts ....................................................................................................................................1

III.    Argument .............................................................................................................................2

      A.      Applicable Law ........................................................................................................3

      B.      General Jurisdiction ................................................................................................4

      C.      Special Jurisdiction .................................................................................................5

            i.      Purposeful availment ..................................................................................5

            ii.     Arising out of forum related activities ........................................................9

            iii.    Reasonableness of the exercise of jurisdiction ...........................................9

      IV.     Conclusion ...............................................................................................................9

## TABLE OF AUTHORITIES

*Cases*

*Brink v. Ecologic, Inc.,* 987 F.Supp. 958, 961 (E.D.Mich. 1997)....................................................... 3

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-2, 105 S.Ct. 2174, 2181-82 (1985) ......... 3, 6

*Compuserve Incorporated v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996)............................ 3, 5

*Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414 (9th Cir. 1997)....................................................... 7

*International Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945) .................................................. 3

*Omeluk v. Langston Slip & Batbyggeri A/S,* 52 F.3d 267 (1995)..................................................... 4

*Peterson v. Kennedy,* 771 F.2d 1244, 1262 (9th Cir. 1985) ............................................................. 8

*Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir. 1991)............................................................ 5

**Statutes**

28 U.S.C. § 1391(b)(2) ........................................................................................................................ 1

28 U.S.C. §§ 1331 and 1338................................................................................................................ 1

Defendant Spencer Associates, registrant of Mercurysource.com (hereinafter "Spencer") submits the following memorandum in support of its motion to dismiss or transfer venue.

## I.  BACKGROUND

Plaintiffs have brought the present action for cyberpiracy, trademark infringement, false designation of origin and trademark dilution. Plaintiffs have alleged subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. Plaintiffs have further alleged that Defendants, including Defendant Spencer "operate and/or auction the domain names . . . on an Interactive Website that is both targeted to and accessible in the State of Michigan and in this judicial district." Plaintiffs thus deem that venue is proper in this District pursuant 28 U.S.C. § 1391(b)(2).

## II.  FACTS

Defendant, Spencer Associates, through its principal David Spencer, is a business entity having an address in Orangevale, California. On or about December 7, 1999, Spencer registered the domain name "Mercurysource.com" with Network Solutions, Inc., located in the State of Virginia. Subsequent to the registration, Defendant Spencer, did not offer any service or provide any content at the website "Mercurysource.com." Spencer did list that domain name for sale through the services offered by Co-Defendant, GreatDomains.com, based on a contract entered into in California, in which California law is deemed controlling for all purposes.

On information and belief, GreatDomains.com is a business operated out of Universal City, California. On information and belief, GreatDomains.com's website is passive in nature, in the sense that an individual must access that site through his or her

own efforts to access the information available there.  On information and belief, GreatDomains.com does not reach out to the State of Michigan, other than in the sense that any individual with access to the Internet, whether in Michigan or any other location in or out of the United States, may use of the internet to access the GreatDomain's site to view the information available there.

Spencer does not maintain an office, own property or employ any agent or other person in Michigan (except for the undersigned attorney and law firm hired solely for purposes of this litigation).  Spencer was never registered to do business in Michigan and never has maintained a registered agent or registered address in Michigan.  Spencer has never acceded to service of process in Michigan.  Spencer has never maintained a telephone listing or bank account in Michigan.  Finally, Spencer has not specifically directed any of its activities toward the State of Michigan nor toward any Michigan individuals.

## III.    ARGUMENT

This Court does not have personal jurisdiction over this Defendant.  Further, this Court is not the proper venue for this action.  Accordingly, this matter should be dismissed, or alternatively, at least should be transferred to the United States District Court for the Eastern District of California, where Defendant Spencer is located..

A.    **Applicable Law**

The Sixth Circuit has indicated that determining whether personal jurisdiction exists over an out of state Defendant involves two questions: whether the forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates Federal Due Process. *Compuserve Incorporated v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996).   Federal Rule of Civil Procedure 4(k) also makes it clear that the relevant state statute applies even where the cause of action is purely federal.

Jurisdiction, whether general or specific, must comport with the state long-arm statute and with the constitutional requirement of due process. *Compuserve,* 89 F.3d at 1262.  This Court has recognized that the Michigan long-arm statute reaches as far as the due process clause. *Brink v. Ecologic, Inc.,* 987 F.Supp. 958, 961 (E.D.Mich. 1997). Thus, the question before this Court is whether the exercise of jurisdiction in this case would comply with due process.

It is axiomatic that due process requires that a Defendant, if not present in the state, "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945).  The due process clause protects the Defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-2, 105 S.Ct. 2174, 2181-82 (1985).  The Ninth Circuit, in *Omeluk v. Langston Slip & Batbyggeri A/S,* 52 F.3d 267 (1995) considered

- 3 -

these threshold issues.  The *Omeluk* Court, 52 F.3d at 270, citing *Burger King*, reminded us that:

> By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Id., at 472.  The fair warning requirement is satisfied if the Defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Id.
>
> "[F]oreseeability of causing injury in another state…is not a 'sufficient bench mark' for exercising personal jurisdiction." Id., at 474.  "Instead, 'the foreseeability that is critical to due process analysis…is that the defendant's conduct in connection with the forum State are such that he should reasonably anticipate being haled into the court there.'" Id.  "[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State.'" Id., at 474-75.  "This 'purposeful availment' requirement insures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the unilateral activity of another party or a third person.'" Id., at 475.

## B.    General Jurisdiction

Spencer has not subjected itself to the general jurisdiction of the Courts in the State of Michigan.  Its activities within Michigan have not been substantial or continuous and systematic.  In addition, the activities complained of herein are entirely based in California and are not specifically related to the State of Michigan.  Spencer has had no regular contact of any kind with the State of Michigan and is not subject to the general jurisdiction of the courts in the State of Michigan.  See generally, the Declaration of David Spencer on Behalf of Defendant Spencer Associates, filed in support of this Motion.

- 4 -

### C.      Specific Jurisdiction

Specific jurisdiction refers to a situation where the cause of action arises directly from a Defendant's contacts with the forum state. The Sixth Circuit employs a three-part test to determine whether the exercise of specific jurisdiction comports with due-process and may be applied to a particular defendant:  First, the non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must be one which arises out of or results from defendant's forum-related activities. Finally, the Court's exercise of jurisdiction must be reasonable. *Compuserve,* 89 F.3d at 1262. If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law. *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).

### i.      Purposeful availment

The Sixth Circuit has stated that the question of whether a defendant has purposefully availed itself of the privilege of doing business in the forum state is the *sine qua non* for *in personam* jurisdiction. *Compuserve,* 89 F.3d at 1263. The court in *Compuserve* stated that: "the 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by defendant *himself* that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum state such that he 'should reasonably

anticipate being haled into court there.'" *Ibid.* quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 85 L.Ed.2d 528, 105 S.Ct. 2174 (1985).

In this case, it is important to note that contacts resulting from the "unilateral activity of another party or third person" are not attributable to a defendant. *Burger King*, 471 U.S. at 475 and n.17.

In this case, Defendant Spencer has not purposefully availed itself of the privilege of conducting activities in Michigan. Other than the registration of the domain name with a Virginia entity, Network Solutions, the activities of Spencer are entirely limited to California. Its agreement with GreatDomains.com occurred entirely within California and is governed by California law.

Defendant's participation in Co-defendant GreatDomains.com's passive website, a site which provides information to consumers, cannot be said to be sufficiently related to Michigan to justify the exercise of jurisdiction. Even if GreatDomains.com's passive site is accessed by a Michigan citizen, at most, such contacts would represent the unilateral activity of third parties. Indeed, under the terms of the GreatDomains.com website, a potential purchaser is required to acknowledge that all actions are considered to be taken in the state of California and are to be governed by California law.

Spencer operated no business on its own website in the brief time that that site was active. Spencer merely listed its domain name as available for purchase on the website of Co-defendant GreatDomains.com, a business entity located in California. The Declaration of David Spencer makes it clear that neither he nor Defendant Spencer Associates have had any contacts with the State of Michigan whatsoever. Thus, Spencer has not performed any act by which it purposefully availed itself of the privilege of

conducting business in Michigan, thereby invoking the benefits and protections of Michigan laws, much less creating the type of substantial connection to Michigan required for the exercise of jurisdiction.

The Ninth Circuit has had occasion to consider a factual situation similar to that found here in *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997). There, the court concluded that "it would not comport with traditional notions of fair play and substantial justice," for Arizona to exercise personal jurisdiction over an allegedly infringing Florida website advertiser who has no contact with Arizona other than maintaining a homepage that is accessible to Arizonans, and everyone else, over the Internet. (Internal citations omitted) *Id.*, at 416.

In *Cybersell*, the court found that the defendant conducted no commercial activity over the Internet in Arizona. All that the defendant did was post an essentially passive homepage on the web, using the name "CyberSell," which the plaintiff CyberSell AZ was in the process of registering as a Federal servicemark. The court pointed out that "while there is no question that anyone, anywhere could access that homepage and thereby learn about the services offered, we cannot see how from that fact alone it can be inferred that CyberSell FL deliberately directed its merchandising efforts towards Arizona residents." Id., at 418. The court pointed out that Cybersell FL did nothing to encourage people in Arizona to access its site, and that there was no evidence that any part of the business was sought or achieved in Arizona. There was no evidence that any Arizona citizen signed up for Cybersell FL's services, Cybersell FL entered into no contracts in Arizona, made no sales in Arizona, received no telephone calls from Arizona, earned no income from Arizona and sent no messages over the Internet to Arizona. In addition, the interactivity

of its webpage was limited to receiving the browser's name and address and indication of interest. There was no option to sign up for any services and no money exchanged on the Internet. Thus, the court found that "Cybersell FL has done no act and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities, in Arizona, thereby invoking the benefits and protections of Arizona law." *Id.*, at 418.

The *Cybersell* court found that there was no purposeful availment. Thus, the first prong of the three part test went unsatisfied and jurisdiction had to be denied. The court did go on to briefly discuss and reject the argument that plaintiff had alleged trademark infringement over the internet, pointing out that otherwise, "every complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located. That would not comport with traditional notions of what qualifies as purposeful activity invoking the benefits and protections of the forum state. *Id.*, at 419, citing *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985).

As in *Cybersell,* the Defendant Spencer briefly had an entirely passive website, accessible to all on the Internet. Thereafter, Spencer's activities were even more attenuated that those of the *Cybersell* defendant, since its continued presence on the Internet was solely through the participation in a third party's website, that of GreatDoamins.com. As in *Cybersell,* there can be no finding that Defendant Spencer has purposefully availed itself of the privilege of conducting activities in Michigan. Thus, there can be no proper exercise of jurisdiction over Spencer by a Michigan court.

- 8 -

ii.     **Arising out of forum related activities**

The Sixth Circuit's  second criterion for proper exercise of personal jurisdiction,

that the claim arises out of or results from the forum-related activities, is also not satisfied

in this case.  While trademark infringement (assuming *arguendo* its existence for this

motion only) may occur in a number of places, here, there has been no activity within the

State of Michigan.  Thus, here there can be no trademark, cyberpiracy or unfair

competition action arising out of Michigan related activities.   Thus, Plaintiffs' claims do

not arise out of Michigan related activities and the second criterion is not met.


iii.    **Reasonableness of the exercise of jurisdiction**

There is little need to discuss this third criterion required for the exercise of

jurisdiction.  The Defendant Spencer has not purposefully availed itself of the privilege of

conducting activities in Michigan, and Plaintiffs' claims have not arisen from Michigan

related activities.  Since both of those elements are missing, traditional notions of fair

play make it clear that the exercise of jurisdiction by this Court would not be reasonable.


IV.    **CONCLUSION**

Spencer Associates is not subject to the personal jurisdiction of this Court.

Neither its passive website nor its participation in the GreatDomains.com website does

not constitute activity within this state sufficient to be considered purposeful availment of

the privilege of doing business in Michigan.  It has not directed its activities toward

Michigan, has no contact with the state and cannot be found within Michigan.  Further,

Plaintiffs' claims do not arise out of Michigan related activities.  The exercise of

jurisdiction over this Defendant would thus be unreasonable.  The case should be

dismissed.

Respectfully submitted,

Dated:  July 17, 2000

Luis Miguel Acosta (P36734)
Plunkett & Cooney, P.C.
38505 Woodward, Suite 3000
Bloomfield Hills, Michigan  48304
(248) 901-4000

267436_1.DOC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED