## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**FORD MOTOR COMPANY,** *et al.,*

      **Plaintiffs**

vs.

**GREATDOMAINS.COM, INC.,** *et al.,*

      **Defendants**

_____/

**Case No. 00-71544**
**Judge Gerald E. Rosen**

## DEFENDANT GREATDOMAINS.COM, INC.'S
## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

William A. Sankbeil
KERR, RUSSELL AND WEBER, PLC
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan  48226-3406
Tel: (313) 961-0200

**OF COUNSEL:**

Lisa S. Gallerano
Steven E. Ross
Katherine M. Warner
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
Tel: (214) 969-2800

Jonathan Barsade
GreatDomains.com, Inc.
10 Universal City Plaza, Suite 1115
Universal City, CA  91608
Tel: (818)753-3760

**ATTORNEYS FOR DEFENDANT**
**GREATDOMAINS.COM, INC.**

Plaintiffs' Response to Defendant GreatDomains.com, Inc's Motion to Dismiss ("Response") attempts to hide the lack of any factual support for its claims against GreatDomains by reciting the same conclusory allegations over and over. Mere repetition, however, gives no substance to otherwise deficient allegations. Plaintiffs' Response does not change that essential fact. GreatDomains' Motion to Dismiss should be granted in its entirety.

## I. Plaintiffs Do Not State Trademark Infringement and False Designation of Origin Claims Under the Lanham Act

### A. Plaintiffs' Allegations of "Use in Commerce" are Insufficient

Plaintiffs cite certain paragraphs of the Complaint and argue that those paragraphs contain sufficient "factual assertions" of use in commerce. Response at 5. However, none of those paragraphs allege that GreatDomains is using the disputed domain names in commerce in connection with goods or services to *identify the source* of such goods or services, which the Lanham Act clearly requires to state claims of trademark infringement and false designation of origin. *See* 15 U.S.C. §§ 1114(1), 1125(a)(1) and 1127. The conclusory allegations in the Complaint do not survive a motion to dismiss under Rule 12(b)(6). *See, e.g., Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 329 (6th Cir. 1999).

Plaintiffs incorrectly assert that courts have "consistently" found commercial use "based on attempts to sell domain names incorporating famous trademarks." Response at 6. None of the cases Plaintiffs cite for this proposition, however, involve *non-registrant* defendants like GreatDomains. Instead, those cases involve defendants who had actually registered the domain names at issue. Moreover, in *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 879-80 (9th Cir. 1999), the Ninth Circuit specifically distinguished its earlier holding in *Panavision* and held that the defendant's business of registering and licensing domain names to others for a fee did not

1

constitute commercial use. Plaintiffs cite no case law to support a finding of commercial use based on facts like those alleged against GreatDomains in the Complaint. Allowing Plaintiffs to pursue their infringement claims based on such facts would expand trademark law far beyond its proper boundaries. *See HQM, Ltd. v. Hatfield*, 71 F. Supp.2d 500, 503-08 (D. Md. 1999); *Juno Online Services, L.P. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 690-91 (N.D. Ill. 1997); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949 (C.D. Cal. 1997).

**B.     Plaintiffs' "Likelihood of Confusion" Allegations are Insufficient**

Plaintiffs argue that paragraph 104 of the Complaint contains sufficient factual allegations of likelihood of confusion to state claims of trademark infringement and false designation of origin against GreatDomains. Response at 5-6. Paragraph 104, however, contains only general statements about consumer confusion, and does not even mention GreatDomains. The other paragraphs Plaintiffs rely upon contain only insufficient, conclusory allegations that again simply parrot the language of the statute. *See Advocacy Org.*, 176 F.3d at 329. Plaintiffs do not and can not allege that GreatDomains has registered any of the disputed domain names itself. Nor do Plaintiffs allege that GreatDomains is operating a web site at any of the disputed domain name addresses, much less a web site advertising goods or services in a manner likely to cause confusion. None of the cases Plaintiffs cite, *see* Response at 8-9, support a finding of likelihood of confusion against a non-registrant defendant like GreatDomains. Plaintiffs' claims for trademark infringement and false designation of origin should be dismissed for this additional reason alone. *See* 15 U.S.C. §§ 1114(1), 1125(a)(1); *see also HQM, Ltd.*, 71 F. Supp.2d at 504.

**II.     Plaintiffs Do Not State a Claim for Trademark Dilution Under the Lanham Act**

By failing to plead facts showing that GreatDomains has used any of the disputed domain names in commerce as trademarks to indicate the source of goods or services, Plaintiffs also have

failed to plead a critical element of their trademark dilution claim. *See* 15 U.S.C. § 1125(c). Plaintiffs seriously mischaracterize the law when they assert that courts have "consistently" recognized a rule of per se dilution where a "defendant registered domain name combinations using famous trademarks and sought to sell the registrations." Response at 10. GreatDomains is not the registrant and this proposition is refuted by the Ninth Circuit's decision in *Avery Dennison*, 189 F.3d at 880, a case cited by Plaintiffs. *See also Cello Hldgs, L.L.C. v. Lawrence-Dahl Cos.*, 89 F. Supp.2d 464, 473 (S.D.N.Y. 2000). "Holders of a famous mark are not automatically entitled to use that mark as their domain name; trademark law does not support such a monopoly." *Hasbro, Inc. v. Clue Computing, Inc.*, 66 F. Supp.2d 117, 132-33 (D. Mass. 1999) (expressly rejecting a request for application of a per se dilution rule in a domain name case).

Further, even Plaintiffs acknowledge that GreatDomains' non-registrant status distinguishes the present case from the "per se dilution" cases Plaintiffs cite. Response at 11. Plaintiffs do not cite any case law supporting a trademark dilution claim based on facts like those alleged against GreatDomains in the Complaint. Plaintiffs' dilution claim would impermissibly broaden trademark rights beyond the scope permitted by law. "If the Court were to allow this lawsuit to proceed on so few factual allegations, it would create what amounts to per se dilution and open up every holder of a domain name which is 'the same' as a 'famous mark' to litigation." *HQM, Ltd.*, 71 F. Supp.2d at 510; *see also Ringling Bros.-Barnham & Bailey Combined Shows, Inc. v. Utah Div. of Travel*, 170 F.3d 449, 457-58 (4th Cir. 1999).

## III.     Plaintiffs Do Not State a Claim for Cyberpiracy Against GreatDomains

While Plaintiffs claim to have "alleged a classic case of cyberpiracy under the ACPA," Response at 11-12, those allegations at most would apply to and are directed only at the

3

Registrant Defendants, *not* GreatDomains. The Complaint simply does not contain allegations that are sufficient to support a claim against GreatDomains under the ACPA.

First, Plaintiffs attempt to rewrite the Complaint by claiming that allegations directed only to the Registrant Defendants are also directed to GreatDomains. *See* Response at 13 (asserting that paragraph 109 of the Complaint alleges that "GreatDomains' attempt to auction the Pirated Domain Names is an attempt to 'capitalize on, and profit from, the goodwill and reputation of such famous trademarks,'" when the allegation is in fact directed *only* to the Registrant Defendants). Plaintiffs are unable to point to any allegations in the Complaint showing bad faith intent to profit from Plaintiffs' trademarks by GreatDomains precisely because there are none.

The factual allegations directed to GreatDomains are: (1) that GreatDomains operates a web site on which domain names are auctioned; (2) that GreatDomains collects a commission on the sale of domain names purchased through its site; and (3) that the Registrant Defendants offered the domain names at issue for sale on the GreatDomains site. *See* Comp. ¶¶ 5, 108. Plaintiffs' allegations, even together with their characterization of the domain names at issue as the "Pirated Domain Names" and belated insistence that there was a "massive campaign of cyberpiracy and extortion," do not constitute sufficient factual allegations to show a bad faith intent to profit and trafficking by GreatDomains to support an ACPA claim. Plaintiffs' bald legal conclusions that these allegations add up to "trafficking" by GreatDomains and a bad faith intent to profit, *see id.*¶¶ 114, 117, 118, simply are not sufficient to survive a motion to dismiss.[1]

---

[1]  Plaintiffs' assertion that GreatDomains' conduct, as alleged in the Complaint, amounts to "trafficking" for purposes of the ACPA is simply misguided. If Plaintiffs' interpretation of the ACPA were correct, then the scope of persons potentially liable under the ACPA is virtually boundless -- the registrar that "participates" in a sale by changing the registration, the Internet service provider that provides the server from which or to which the domain name is transferred after the sale, or the financial institution from which or to which funds from the sale are transferred. According to Plaintiffs' view, all of these entities would be liable for trafficking under the ACPA since they all make money as a result of the sale. Plaintiffs clearly seek to obtain "rights in gross" in their trademarks and

4

Moreover, the Complaint actually supports a finding that, as a matter of law, GreatDomains did *not* have a bad faith intent to profit. Plaintiffs' Response conveniently ignores the allegations in the Complaint regarding the Registrant Defendants' representations and warranties to the Registrars that the registration and use of the domain names did not interfere with any third party's trademark rights and that they were not seeking to use the domain name for any unlawful purpose.[2] *See* Comp. ¶ 103; *see also id.* ¶ 113. These allegations and the complete lack of any factual allegations showing bad faith intent by GreatDomains negate the essential element of bad faith intent to profit and the ACPA claim fails as a matter of law.

For the reasons set forth above, all counts asserted against Defendant GreatDomains in Plaintiffs' Complaint should be dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

OF COUNSEL:
Lisa S. Gallerano
AKIN, GUMP, STRAUSS, HAUER
& FELD, L.L.P.
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800

Jonathan Barsade
GreatDomains.com, Inc.

Dated: July 18, 2000

KERR, RUSSELL AND WEBER, PLC

By: _____
William A. Sankbeil
Attorneys for Defendant GreatDomains.com, Inc.
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200

---

prevent the use of all possible variations on their marks, regardless of what rights others may have. The law does not, and should not, permit such a monopoly.

[2] Instead of addressing the fatal lack of allegations regarding bad faith in the Complaint, Plaintiffs prefer to argue over whether the safe harbor provision of the ACPA is an affirmative defense. However, the ACPA clearly requires a plaintiff to allege facts demonstrating a defendant's bad faith intent to profit from the trademark. 15 U.S.C. § 1125(d)(1)(A). Further, dismissal is equally proper where a complaint fails to allege all of the elements necessary to support the claim for relief **or** where a motion to dismiss raises an affirmative defense and the complaint alleges facts supporting or failing to rebut the defense. *See Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir. 1984).

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing "DEFENDANT GREATDOMAINS.COM, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS" was delivered to counsel for Plaintiffs at the following addresses in the manner indicated on this the ⅃⅃ day of July, 2000.

John E. S. Scott                                    *(Via U.S. Mail, Postage Prepaid)*
Kathleen A. Lang
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226

Gregory D. Phillips                                 *(Via U.S. Mail, Postage Prepaid)*
Thomas R. Lee
Howard, Phillips & Anderson
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102

Susan N. McFee                                      *(Via U.S. Mail, Postage Prepaid)*
Ford Global Technologies, Inc.
Suite 600
Parklane Towers East
One Parklane Boulevard
Dearborn, Michigan 48126-2490