IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
Corporation, JAGUAR CARS LIMITED, a
United Kingdom company, ASTON
MARTIN LAGONDA LIMITED, a United
Kingdom company, and VOLVO
TRADEMARK HOLDING, a corporation
organized under the laws of Sweden,

   Plaintiffs,

v.

GREATDOMAINS.COM, INC., a California
corporation, et al.

   Defendants.
_____/

Civil No. 00-71544
Hon. Gerald E. Rosen



## REPLY BRIEF OF DEFENDANT SPENCER ASSOCIATES ON ITS MOTION TO DISMISS UNDER 12(B)(2)

### I. INTRODUCTION

Defendant Spencer Associates ("Spencer") moving papers established that it has no contacts with Michigan and never purposefully availed itself of the state's privileges and benefits. Plaintiffs have not and cannot demonstrate that Spencer has the requisite minimum contacts with Michigan to make jurisdiction proper under the Constitution.

### II. LAW AND ANALYSIS

Plaintiffs' Opposition is based solely upon speculative Argument and fails to demonstrate a *prima facie* case of personal jurisdiction. Dismissal is proper if the specific facts alleged in the affidavits fail to state a *prima facie* case for jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Plaintiffs' entire responsive pleading is strife with argumentative speculation as to defendant's intent and

knowledge when it registered the domain name Mercurysource.com and advertised it for sale on Greatdomains.com. However, this speculation is not supported by the only source of plaintiffs evidence. Plaintiffs' singular fact, found in paragraphs 5 and 6 in Ms. Wagenknecht's declaration, misleads this Court into believing that the domain name Mercurysource.com is discovered on Greatdomains.com's website when the keyword "Ford" is used to search the site. The declaration reveals that Ms. Wagenknecht actually discovered the domain name when she searched the site using the keyword "mercury" rather than "Ford." This fact disproves plaintiffs' argument that "Spencer provided descriptive information to Greatdomains.com such that the key word "Ford" would bring up Mercurysource.com as a Ford-related domain name offered for sale." *See* Plaintiffs' Response and Brief in Support to Defendant Spencer Associates' Motion to Dismiss pp. 3-4.

Plaintiffs argue that personal jurisdiction is proper over Spencer under the "effects" test articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). The test is based on the concept that a defendant that targets residents of the forum state and causes injury in that state should reasonably anticipate being held to answer in that state for the injury caused.

The Ninth Circuit recently revisited *Calder* and *Panavision* in *Bancroft & Masters v. Augusta National, Inc.*, 2000 U.S.App. Lexis 20917 (9th Cir. 2000). The court noted:

> "subsequent cases have struggled somewhat with *Calder's* holding, recognizing that the case cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always give rise to specific jurisdiction. We have said that there must be 'something more,' but have not spelled out what that something more must be."

2

*Ibid.* In *Bancroft & Masters*, the Ninth Circuit held that the concept of "something more" is "satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."[1]

Here, plaintiffs' sole declaration fails to demonstrate one wrongful intentional act that defendant targeted at Ford. Ford demonstrated that Spencer registered a domain name and sought to sell it to anyone in the United States. These facts do not prove that Spencer took any action knowingly and expressly targeted at Ford.

Throughout plaintiffs' opposition brief, it is assumed that the domain name Mercurysource.com is somehow related to Ford. Plaintiffs' assumption is erroneous because "mercury" is a common word in the English language with multiple definitions:

> mercury: 1. A heavy, silver-white metallic element used in barometers, thermometers, and pharmaceuticals. 2. the Roman god of commerce and science and messenger to the other gods. 3. the planet nearest the sun and the smallest in the solar system.

*Webster's Dict. 3rd Ed.* (1996) p.450.

Plaintiffs assume that defendant Spencer use of the word "mercury" related to its trademark. Plaintiffs overlook that the words constituting the domain name have multiple uses, meanings and potential users.

Plaintiffs also seek to obtain a monopoly over the common English word "mercury." "[A] trademark holder may not bar all use on the Internet of words in the English language." *Playboy Enterprises, Inc. v. Netscape Communications*, (C.D.Cal. 1999) 55 F.Supp 1070, 1080 (C.D. Cal. 1999), citing *Brookfield Comm. Inc. v. West*

---

[1] The requirement of "something more" is especially important in the context of cyberlaw and personal jurisdiction because of the far-reaching nature of the worldwide web.

*Coast Entertainment Corp.*, 174 F.3d 1036 (9th Cir. 1999). In *HMH Publishing Co., Inc. v. Brincat*, 504 F.2d 713, 717-18 (9th Cir. 1974), the court held "the mere registration of the word 'playboy' as a trademark can not entitle the registrant to capture the entire commercial utility of such a widely known concept."

By this litigation Ford seeks to capture the entire commercial utility of the word mercury. The only fact Ford asserts links Ford and Spencer's offer to sell the domain name Mercurysource.com is in paragraphs 5 and 6 of Ms. Wagenknecht's declaration. This evidence is false and misleading. In truth, Spencer's conduct was not targeted at Ford and personal jurisdiction is not properly asserted against Spencer.

Plaintiffs' analogy to *Panavision* is misplaced. In *Panavision,* the court found jurisdiction was proper under the "effects" test because the defendant, a non-California resident, specifically sought to commit a wrongful act in California, e.g. extort money from a California resident, plaintiff Panavision. That defendant registered panavision.com with the express intent of selling it to plaintiff Panavision. The court found that "Toeppen engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of extorting money from Panavision. His conduct, as he knew it likely would, had the effect of injuring Panavision in California where Panavision has its principal place of business and where the movie and television industry is centered." *Panavision International v. Toeppen, supra*, 141 F.3d at 1322. That type of "something more" permitted the court to exercise jurisdiction.

There is no comparison between *Panavision* and this case. Spencer did not register Mercurysource.com to extort money from Ford in Michigan. Spencer never contacted Ford to sell this domain name to it. In fact, Spencer never specifically targeted

4

any individual in Michigan to purchase the domain name. Rather, Spencer simply advertised on a global website that its domain name was for sale.

Ford then alleges that defendant Greatdomains.com's website is interactive as a basis for jurisdiction. Although the laws of jurisdiction in cyberspace are far from "well settled", the cited cases are inapplicable because defendant Spencer does not own or control the website Greatdomains.com.

Exercise of jurisdiction is not reasonable in this case. Spencer has not purposefully interject himself into Michigan. The only interjection in Michigan was through the unilateral efforts of Greatdomains.com. Second, the burden on defendant Spencer is great compared with the size and financial capability of plaintiffs. Defendant Spencer is a sole proprietor in California – a mere David in comparison to the Goliath of Ford who is capable of prosecuting this matter in a proper forum.

Michigan's interest in adjudicating this dispute is minimal and less than California's interest. Plaintiffs' lawsuit is based on defendant's decision to advertise the sale of its domain name on the Greatdomains.com website, through which all pertinent acts occurred in California. Michigan's only interest, Ford's residence in Michigan, is minimal with respect to the acts defendant Spencer purportedly committed. The same is true for the trademark and dilution causes of action: registration occurred either in California (where Spencer was when he registered the domain name) or Virginia (where the domain name was registered with Network Solutions, Inc.).

Finally, at least two alternative forums exist in which plaintiffs can prosecute their action against defendant Spencer: a) California; or b) if plaintiffs truly have any interest in the domain name rather than to exert pressure and fear over defendant Spencer, then

5

they can take advantage of the World Intellectual Protection Organization's dispute resolution procedure - ICANN.

The Constitution requires that jurisdiction be exercised only when to do so will "comport with traditional notions of fair play and substantial justice." *Id.* This is a case where it is entirely unreasonable to assert jurisdiction over a person who has never taken one act in the State of Michigan, directed any act towards Michigan, or even set foot in the state.

                                                Respectfully submitted,

                                                PLUNKETT & COONEY, P.C.

                                                By *L. M. Acosta*

                                                Luis Miguel Acosta (P36734)
                                                Attorney for Defendant Spencer
                                                38505 Woodward, Suite 3000
                                                Bloomfield Hills, MI 48304
                                                (248) 901-4046

Dated: September 11, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
Corporation, JAGUAR CARS LIMITED, a
United Kingdom company, ASTON
MARTIN LAGONDA LIMITED, a United
Kingdom company, and VOLVO
TRADEMARK HOLDING, a corporation
organized under the laws of Sweden,

        Plaintiffs,

v.

GREATDOMAINS.COM, INC., a California
corporation, et al.

        Defendants.
_____/

Civil No. 00-71544
Hon. Gerald E. Rosen

## CERTIFICATE OF SERVICE

I, Deborah A. Moritz, state that on the 11th day of September, 2000, I served a copy via U.S. first class mail, postage prepaid, of the Reply Brief of Defendant Spencer Associates on its Motion to Dismiss under 12(B)(2) on the following:

Scott R. Ryther, Esq.
Gregory D. Phillips, Esq.
Howard, Phillips & Anderson
560 East 200 South, Suite 300
Salt Lake City, UT 84102

Kathleen A. Lang, Esq.
Dickinson Wright, PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226-3425

I declare under penalty of perjury that the foregoing is true and correct.

Deborah A. Moritz
PLUNKETT & COONEY, P.C.
38505 Woodward, Ste. 3000
Bloomfield Hills, Michigan 48304

Dated: September 11, 2000

273858_1.DOC