ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS, LTD., a United
Kingdom company, ASTON MARTIN
LAGONDA, LTD, a United Kingdom company,
VOLVO TRADEMARK HOLDING
AB, a corporation organized under the laws of
Sweden,

          Plaintiffs,

vs.

GREATDOMAINS.COM, INC., a California
corporation, et al.,

          Defendants.
_____/

Civil No. 00-71544

Judge Gerald E. Rosen

FILED

**PLAINTIFFS' MOTION FOR AN ORDER
TO PUBLISH NOTICE OF ACTION**

Plaintiffs Ford Motor Company, Jaguar Cars, Ltd., Aston Martin Lagonda, Ltd., and Volvo Trademark Holding AB, through their undersigned counsel, move this Court for an Order under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) directing that they be permitted to publish notice of this action in *USA TODAY* within 14 days after the entry of the Order. A Proposed Order is attached at Tab A.. In support of this motion plaintiffs submit the accompanying Brief in Support of their Motion and the Declaration of Jodi Munn Schebel, attached at Tab B.

WHEREFORE, plaintiffs respectfully request an order permitting them to publish notice of this action in *USA TODAY* within 14 days after the entry of the Order.

DICKINSON WRIGHT PLLC

By: _____
Kathleen A. Lang (P34695)
Jodi Munn Schebel (P55889)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500

Co-Counsel:
Gregory D. Phillips
Thomas R. Lee, Of Counsel
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102
(801) 366-7471

Dated: October 23, 2000

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS, LTD., a United
Kingdom company, ASTON MARTIN
LAGONDA, LTD, a United Kingdom company,
VOLVO TRADEMARK HOLDING
AB, a corporation organized under the laws of
Sweden,

Civil No. 00-71544

Judge Gerald E. Rosen

            Plaintiffs,

vs.

GREATDOMAINS.COM, INC., a California
corporation, et al.,

            Defendants.
_____/



**PLAINTIFFS' BRIEF IN SUPPORT OF**
**MOTION FOR AN ORDER TO PUBLISH NOTICE OF ACTION**

1

## **QUESTION PRESENTED**

Are Plaintiffs entitled to an Order Permitting them to publish notice of the subject action in *USA Today* when the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d)(2)(A)(B), requires the owners of an infringed upon Mark to send notice of the suit to the defendants by postal service, through e-mail, and to publish notice of the action as directed by a court in order to maintain an action in rem?

## INDEX OF CONTROLLING AUTHORITIES

**Statutes**

15 U.S.C. §1125(d)(2)(A) ..............................................................................passim

## I. INTRODUCTION

Plaintiffs Ford Motor Company ("Ford"), Jaguar Cars, Ltd. ("Jaguar"), Aston Martin Lagonda, Ltd. ("Aston Martin"), and Volvo Trademark Holding AB ("Volvo") (collectively "plaintiffs"), seek an order permitting them to publish notice of this action in compliance with the Anticybersquatting Consumer Protection Act of 1999 (the "Cyberpiracy Act"), 15 U.S.C. §1125(d)(2)(A). Specifically, on March 29, 2000, plaintiffs filed a Complaint that alleges, *inter alia*, a claim under the Cyberpiracy Act. This Act provides that persons who register, traffic in, or use famous domain names shall be liable in a civil action by the owner of the mark. 15 U.S.C. §1125(d)(1)(A).

Since the filing of this action, plaintiffs have attempted service of the Complaint on each of the 86 individually named defendants. All but a small portion of these defendants have returned their waiver of service forms and have submitted to the jurisdiction of this Court. Because the remaining defendants are foreign defendants, most of whom reside out of the country, plaintiffs cannot otherwise obtain personal jurisdiction over them. Consequently, plaintiffs file this motion seeking an order permitting them to publish notice of the suit, which will - when combined with their previous attempts at service - constitute service of process on the remaining defendants in this in rem action.

The Cyberpiracy Act specifically provides that an owner of a trademark may proceed with an *in rem* action against a domain registration when the plaintiff is not able to obtain *in personam* jurisdiction over the person who registered the subject domain name. 15 U.S.C. §1125(d)(2)(A)(ii). The Act provides that in an *in rem* action service of process is made by "sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail

address provided by the registrant to the registrar" and "publishing notice of the action as the court may direct." 15 U.S.C. § 1125(d)(2)(A)(II) and (B). Plaintiffs have provided the statutory and e-mail notice, and for the reasons described below, plaintiffs request that notice be published once in *USA TODAY* in the form provided in the proposed Order, attached at Tab A.

## II. ARGUMENT

Plaintiffs are well-known automobile manufacturers who own some of the most famous trademarks in the world including Ford®, Lincoln®, Mercury®, Mustang®, Jaguar®, Aston Martin®, Volvo®, and many others. (Complaint ¶¶ 96-99). They have invested millions of dollars in promoting and advertising their products under these Marks. Id. As a result of plaintiffs' efforts, these Marks have become famous and distinctive. (Complaint ¶ 99). Moreover, plaintiffs' trademark registrations are valid, subsisting and in full force and effect. (Complaint ¶ 96). Because of the distinctive nature of the Marks at issue, the Cyberpiracy Act permits plaintiffs to "file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar . . . is located" if one of two conditions are satisfied:

> "(I) [Plaintiff] is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1) [the substantive cybersquatting provision]; or
>
> (II) through due diligence [plaintiff] was not able to find a person who would have been a defendant in a civil action under paragraph (1).

15 U.S.C. § 1125(d)(2)(A)(I)(II). In such cases, the Act expressly states that service of process can be effected over foreign defendants in the context of an *in rem* civil action when the plaintiff:

2

>   (aa)   send[s] a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
>   (bb)   **Publish[es] notice of the action as the court may direct . . .**

15 U.S.C. § 1125(d)(2)(A)(II), emphasis added. Once completed, these acts "constitute service of process". 15 U.S.C. §§ 1125(d)(2)(B). From the above, it is evident that a domain name registrant in an *in rem* action under the Cyberpiracy Act will receive notice in at least **three** different ways, *i.e.*, postal, e-mail and published notice.

According to the registration records from Network Solutions, Inc. ("NSI") and other registrars, the registrants of many of the domain names that are the subject of this lawsuit are located outside the United States and have failed to waive service of process as requested pursuant to Rule 4(d). [Declaration of Jodi Munn Schebel ¶¶ 3,5, attached at Tab B]. A complete list of domain names whose registrants are listed as residing outside the United States and whose registrants have failed to waive service as requested is included in the attached Declaration of Jodi Munn Schebel. Registrant information listed with NSI also identifies a number of domain name registrants inside the United States, but whom the Plaintiffs cannot locate to effect personal service, and from whom the Plaintiffs have not received a requested a waiver of service under Rule 4(b). [Declaration of Jodi Munn Schebel ¶¶ 3,5].

This Court does not have *in personam* jurisdiction over the registrants-defendants discussed above, but the registrants have received notice of this action by postal mail and e-mail. [Declaration of Jodi Munn Schebel ¶¶ 3,6]. Thus, the only remaining notice to be given is the published notice as may be directed by the Court. Orders issued in recent cases brought under the Cyberpiracy Act demonstrate that

publishing one notice in a well-known daily publication, such as *The Washington Post*, is appropriate. In <u>Caesars World, Inc. v. Caesars-Palace.com</u>, Civil Action No. 99-550-A, pending in the United States District Court for the Eastern District of Virginia, Magistrate Judge Sewell ordered, on February 9, 2000, that a Section 1125(d)(2)(A)(ii)(II)(bb) notice "be published in *The Washington Post* once within 14 days of the entry of this Order." (See Order attached at Tab C). Similarly, in <u>Verisign, Inc. v. Venesign.Com</u>, Civil Action No. 00-1507-A, also pending in the United States District Court for the Eastern District of Virginia, Judge Claude M. Hilton entered an order on September 15, 2000 requiring that notice be published in *The Washington Post* within 14 days of the entry of the order. (Order attached at Tab D). See also <u>Pair Networks, Inc. v. PEAR.NET</u>, Civil Action No. 00-0301-A, where Judge Brinkema entered an Order requiring notice to be published once in *The Washington Post*. (Order attached at Tab E). Consistent with the Orders entered in the above cited *in rem* actions and in compliance with 15 U.S.C. § 1125(d)(2)(A)(II), plaintiffs ask this Court to enter the proposed Order attached at Tab A.

4

## III.   CONCLUSION

For the reasons set forth above, plaintiffs request that their motion be granted and that the Court enter the Order attached at Tab A.

DICKINSON WRIGHT PLLC

By: _____
Kathleen A. Lang (P34695)
Jodi Munn Schebel (P55889)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

Co-Counsel:
Gregory D. Phillips
Thomas R. Lee, Of Counsel
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 230
Salt Lake City, Utah  84102
(801) 366-7471

DATED:  October 23, 2000

DETROIT 18260-1537 546951

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED