STATE OF MICHIGAN
COUNTY OF WAYNE



CASE NO.00-71544
JUDGE: G.ROSEN
Answer To Complaint

FORD MOTOR COMPANY
VS
GREATDOMAINS.COM et al

-------------------------------------

Dickinson Wright PLLC
John E.S.Scott(P20164)
Kathleen A. Lang(P34695)
500 Woodward Ave. Ste. 4000
Detroit Mi. 48226-(313) 223-3500
Attorneys For The Plaintiffs



-------------------------------------

Suzanne Singleton
11507 W. Colfax Ave
Lakewood Colorado 80215
(303) 237-9185
Named Defendant

-------------------------------------

Now comes the Defendant, Suzanne Singleton, who answers the Plaintiffs Complaint as follows:

1. "Plaintiffs file this action against defendants for cyberpiracy, trademark dilution, trademark infringement, and false designation under the Lanham Act
(15 U.S.C. 1051 et seq) including under the recent amendment to the Lanham Act know as the Anticybersquatting Consumer Protection Act.
Answer: Defendant denies using a Trademark, inferred or otherwise caused dilution of Plaintiffs Trademarks Nor violating the Lanham Act , Defendant is confused as to the Civil Cover Sheet of the Plaintiffs Action in which the Plaintiffs list the Cause of Action as 15 U.S.C. 1501, and Attorney for the Plaintiffs, Kathleen A Lang, listing herself as "Judge" and signing her name as Judge, this seems like a conflict of interest and deserves clarification for Public Record, as it is, a Matter of Public Record.
2."This Lawsuit involves "cyberpiracy"



(1.)

Answer: Defendant Denies The Charges of being a "Cyberpirate" or acting in bad faith. The Report of the WIPO was not the final report on this issue, nor does the WIPO make laws, this was a report only, and is subject to Opinion, and should not carry any weight as to its Legality.

3. "In response to the widespread epidemic of cyberpiracy, of cyberpirates who registered, trafficked in, or used the offending domain name with bad-faith"

Answer: Defendant denies acting in Bad-Faith- Defendant Acted in Good-Faith, and did follow the Rules for Registering, and did pay in United States Currency at the time of Registration, did read, and obey the Rules of Registration and at no time did Defendant abuse or cause deliberate deception.

4. "Section 3002 of the Cyberpiracy Act provides in pertinent part:"

Answer: Defendant denies they acted in Bad-Faith and had intent to profit from the Plaintiffs Trademark, Defendant denies that the Domain Name is identical or confusingly similar, that a rational thinking person, with the skills necessary to operate a computer, could ever confuse the Defendants Domain Name with the Plaintiffs, Defendant had full regards to its legal use within the Defendants intent of use, and made no claims otherwise.

5. "At various times set forth below, the Registrant Defendants registered numerous Internet Domain Names"

Answer: Defendant denies he registered numerous Domain Names, And denies any use of a famous trademark, Defendant lacks sufficient information as to what "others" unknown to the Defendant may have done.

6. "In bringing this lawsuit, Plaintiffs seek a preliminary and permanent injunction, statutory damages"

Answer: Defendant denies they caused the Plaintiffs any loss. The Plaintiffs themselves are responsible for instigating a Unnecessary Law Suit against the Defendant, The Plaintiffs went on what can only be described as a "Witch Hunt" and did actively use Selective Discrimination in a manner not unlike the "Witch Hunts" of past generations to actively, knowingly, and willfully seek to Remove any one who the Plaintiffs consider Competition, without regards to the actual use by the Defendant et. al.

7. "Jurisdiction and Venue This Court has subject matter jurisdiction over the federal trademark and trademark dilution claims"

Answer: Admitted to having jurisdiction of federal trademarks.

8. "This action arises out of wrongful acts committed by the Defendants in this judicial district that subject them to personal jurisdiction here"

<u>Answer</u> Defendant denies that the Court has personal jurisdiction- Amendment XIV of the U.S. Constitution Section 1.

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they Reside. No State shall make or enforce any law which shall Abridge the privileges or Immunities of citizens of the United States,

<u>Full faith and Credit clause</u> of the U.S. Constitution, "every state has to honor court cases legally decided in other states"

<u>U.S. Court of Appeals for the D.C.</u> Circuit held "The operation of Internet Web sites as the sole contact with residents of the forum is not sufficient to support personal jurisdiction.( GTE New Media v Bellsouth D.C.Cir No. 99-7097 1/11/2000 The Plaintiffs are aware of the Law, and seek to abuse it through Default of the Defendants in this United States and Foreign Countries who do not have access to the Closeness of the Court, and The State they have chosen to hear this case in, being the State of Michigan, Plaintiffs have lawyers World Wide' and the Attorneys for the Plaintiffs, have advertised on their site, that courts have Denied personal jurisdiction, based on the presence of a web site.

9. "Ford is a Delaware corporation"

<u>Answer</u>: Agreed

10. "Defendant GreatDomains.com is a California corporation"

<u>Answer</u>: Defendant lacks sufficient information to agree or deny

11 through 60 "Defendants"

<u>Answer</u>: Defendant lacks sufficient information to agree or deny

61. "Defendant Suzanne Singleton is the registrant of the domain names justfords.com and justfords.net and lists her address on the Whois Data Sheet as 11507 W.Colfax Lakewood Co 80215

<u>Answer</u>:   Defendant is unfamiliar with Whois Data Sheet, the address listed by plaintiffs is for purpose of Mail Delivery of the domain name only.

62 through 95 Defendant lacks sufficient information to agree or deny

96. "In 1909, Ford first obtained a United States Trademark for the Registration trademark ford(R)

<u>Answer</u>: Defendant lacks sufficient information on the Actual Registration of the Mark as to what the mark involves.

97." In addition to the above marks"

<u>Answer</u>: Defendant lacks sufficient information to agree or deny

98."Plaintiffs have continuously used the Plaintiffs Trademarks before the acts of Defendant"

Answer: Defendant lacks sufficient information on Plaintiffs Trademarks as to what the Plaintiffs are referring to as a Trademark to agree or deny, for instance the Word "Ford" is used in the Holy Bible whos first use is a matter of not only public record, but world record of Creation Gen.32:22.24 "and he rose up that night, and took his two wives, and his two womenservents, and his eleven sons, and passed over the FORD Jabbok." Most Bibles are copyright protected.

99. " Plaintiffs have spent billions of dollars" "Trademarks throughout the world" "Plaintiffs have established considerable goodwill" "Recognized throughout the world" "Trademarks are world famous" " goodwill associated with the Plaintiffs"

Answer: Defendant has never seen a Billion Dollars, as to the rest of No.99, Defendant cannot agree nor deny what is for the most part opinion.

100. " The internet is a worldwide network of computers that enables individuals and organizations to access and share information by means of "web pages" and "web sites,"so called because the pages are reached by "links"

Answer: Defendant denies this statement as the definition of the Internet, the internet and the World Wide Web are two separate entities, a link is not essential to a Web Page, and as few as two computers can be a internet.

101." A web page is a computer data file"

Answer: Defendant denies that a Web page is a Computer data file, computers do not recognize HTML as data unless a Browser program has been downloaded, and it is the Browser not the computer that reads the HTML

102. Defendant agrees

103. "As an express condition of registering a domain name"

Answer: Defendant disagrees with 103, as each Register has their own set of conditions, including the Right to Dispute Domain Names, which are made apart of the registering process, by agreeing to their Domain Name Dispute Policy, which the Defendant Did.

104. " The public recognizes and often relies on the expectation that a companies corporate or product names can be found by incorporating such names into a companies domain names for web site addresses"

Answer: The Defendant denies, as this is Opinion of the Plaintiffs.

105. Defendant agrees

106. " domain names may be unlawfully registered by " cyberpirates"
(1) "to sell the domain names back to the famous trademark holder
(2) sell the domain names to other persons

(3) to use the domain names to divert internet users
(4) to use the domain name fro some unlawful purpose
(5) to otherwise profit from the good will of a famous mark
Answer: (1) Defendant denies ever trying to sell the domain name to the Plaintiffs
    (2) Defendant denies that is illegal to list or sell a domain name
(3) Defendant denies ever trying to divert internet users to his or her site
    (4) Defendant denies ever using the domain name for a unlawful purpose.
    (5) Defendant denies ever registering the name to profit from the goodwill of a famous mark of the Plaintiffs
107. " Recently the world Intellectual Property Organization"
Answer: Defendant disagrees - The WIPO has had a second hearing on this, and has made a Second Report that the Plaintiffs have not shown, this is the Recently report that changes the first, and agrees that "Reverse Domain Hijacking is taking place by Big Companies not unlike the Plaintiffs
108. " GreatDomains.com is in the business of auctioning domain names for sale over the Internet"
Answer: The Defendant lacks sufficient knowledge of this and cannot agree or disagree as to what Greatdomains.com does defendant was made aware by the law suit that someone without knowledge or permission of the defendant may have listed the Defendants domain name for sale, the defendant has no knowledge as to when this was done, but does know from contacting great domains via their listing information obtained in the Plaintiffs Law Suit, that Great Domains did not use nor had any method to verify the Registered Domain owner was or was not the party trying to sell the domain name and that anyone who could get the needed information to list their names, could do so by simply doing a search of the records kept by Network Solutions then list the name for sale with any of the domain sellers on the WWW, page 4 Great Domains The internets #1 Domain Name, Website and Internet-based business brochure (Listings) "Why did someone else list a domain name that I own?"
109. " the Registrant Defendants are quintessential cyberpirates who register domain names of famous trademark holders in order to capitalize on"
Answer: Defendant lacks sufficient knowledge of Greatdomains or the cyberpirates, other then the above statement.
110." Defendants are not in any way affiliated or associated with Plaintiffs and have no right to use the Plaintiffs Trademarks"

Answer: Defendant agrees that he is not associated with Plaintiffs, Defendant denies that a party has no right to use the plaintiffs Trademarks as Title 15 Section 1125 of the US Code so states (4) (a) Fair use of a famous mark by another person in comparative commercial advertising or promotion to identify to competing goods or service of the owner of the famous mark
(b) Noncommercial use of a mark
(c) All forms of news reporting and news commentary
Are all legal use of a Trademark
<u>The Constitution of the United States Article I</u>
"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, <u>or abridging the freedom of speech</u>, or of the press
<u>The Constitution of the State of Michigan</u>:
ARTICLE I. DECLARATION OF RIGHTS
5. Freedom of speech and of press
<u>Sec. 5</u>" Every person may freely speak, write, express and publish his views on all subjects," "and no law shall be enacted to restrain or abridge the liberty of speech or of the press"
111. Defendant lacks sufficient information to agree or disagree
112. Defendant lacks sufficient information to agree or disagree
113. " In Registering the Pirated Domain Names"
<u>Answer</u>: Defendant denies he registered a Pirated Domain Name The domain name did not exist prior to 02/02/2000 and is the intellectual property of its Creator, and The Defendant
114. "Defendants registration, trafficking in, and attempts to profit"
<u>Answer</u>: Defendant denies, and did not traffic in, or attempt to profit from the Plaintiffs Trademarks.
115." By registering the Pirated Domain Names, Defendant has prevented Plaintiffs from using the Domain Names"
Answer: Defendant denies registering a Pirated Domain Name, Defendant is not responsible for what the Plaintiffs can do or cant do when it comes to thinking up Domain Names, the Plaintiffs registered their Domain Names in the 1988, the Defendant denies that he or she is responsible to the Plaintiffs lack of web links which do not require a domain name to link, the Plaintiffs web site is already full of links with the same domain name ford.com This is in my opinion a nonsense excuse to Hijack the Defendants Domain name.
116. Defendant agrees that 116 are allegations set forth above by the Plaintiffs
117."Defendants actions evidence a bad faith"

Answer: Defendant denies he acted in bad faith, and Believes, and acts, only in Good Faith in all things, with the Faith of God as his seed.

118."Defendants have registered, trafficked in, and or used trademarks that were famous"
Answer: Defendant denies that he or she ever trafficked in, or used a trademark of the Plaintiffs, or that Famous is anything but opinion.
119." Plaintiffs are entitled to an injunction prohibiting Defendants from registering Pirated Domain Names"
Answer: Defendant agrees that no-one should use that which is not theirs to use without permission from the rightful owner, but denies that he or she ever used a "Pirated Domain Name" and believes it was not the Defendant, but the Plaintiffs who are trying to register "Pirated Domain Names, as the Plaintiffs acted without probable cause and did seize the Registrations of the Defendants et.al preventing them from building web sites or the legal advertising of their products or services, without notice to the defendant, this action Violates Rule 65. of the Federal Rules "Injunctions" (1) Notice. "No preliminary injunction shall be issued without notice to the adverse party" the Defendant was never notified until after the fact, and had no say, and was deprived of his legal rights,

Article IV of the Constitution of the US
" The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated"
The Plaintiffs by their own omission in 115 do state their true intent of this lawsuit-" Defendant has prevented Plaintiffs from using the Pirated domain names to link plaintiffs "web sites." Plaintiffs are trying to turn the World Wide Web into a Assembly line which is also a matter of Public Record, Denver Rocky Mountain News Friday February 4. 2000 " Ford to pave workers way to Net" " The Internet will be the equivalent of the assembly line in the 21st century" " this starts with the realization that the auto industry is at the leading edge of technology" et al.
120. " In addition, Plaintiffs are entitled to statutory damages in the amount of $100,000 per domain name"
Answer: Defendant denies its registering of the domain name cost the Plaintiffs any damage, the Defendant should be entitled to the damages claimed by the Plaintiffs for their Malice and intent to defraud the Defendant of his Constitutional Rights and Freedoms which is made evident by the Plaintiffs claims against the Defendant, and Publishing in a major newspaper in its home state, various Defendants Domain Names, and connecting the

Defendant et al with acts of perversion, using words like "Pornography"and "gadflies" and "14 year old kids" etc.

121. Defendant agrees the above are allegations made by the Plaintiffs
122. Defendant agrees to 122
123. Defendant agrees to 123
124. " Defendants unauthorized registration, use claim of ownership and offers for sale dilute the distinctive quality of and tarnish the famous Plaintiffs Trademarks in violation of 15 U.S.C. section 1125(c)(1)"
Answer: Defendant denies the registration was unauthorized, defendant also denies it is possible to "own" a Domain Name, a Domain Name is a Lease, and must be paid on a year to year basis or automatic forfeiture accrues, Defendant denies its domain name is or was a False designation of origin, used false descriptions, or caused dilution of the Famous Mark nor is the Defendant responsible for the Plaintiffs having a "tarnished" name or reputation.

125. Defendant agrees that the above are allegations made by the Plaintiffs
126. "Plaintiffs Trademarks are inherently distinctive and have acquired secondary meaning" " The public associates Plaintiffs Trademarks exclusively with the Plaintiffs"
Answer: Defendant denies the claims as opinion of the Plaintiffs, Plaintiffs use the "Famous" Marks of The Creator of Mankind God, and do take Gods Creations and call them theirs, Mustang, Pinto, Cougar, Jaguar, Bronco, Ford, etc. The Trademark Laws prohibit such use and yet Plaintiffs make claim to their exclusive use in this suit.
127. " By Defendants use, claim offers for sale etc. have used in commerce a reproduction, counterfeit copy or colorable imitation of Plaintiffs Trademarks"
Answer: Defendant denies ever using a Trademark of the Plaintiffs or a counterfeit or a copy or a imitation of the Plaintiffs, nor is their a exclusive use of color, do they own the "Rainbow" too? et al.
128. "By committing the acts alleged herein"
Answer: The Defendant denies ever committing the acts the Plaintiffs alleged, using a Trademark of the Plaintiffs or committing any of the acts the Plaintiffs alleged.
129. "Because of the acts of the Defendants infringement, Plaintiffs have been irreparably harmed their business"

Answer: Defendant denies and Motions that this is deliberate Fraud by the Plaintiffs, the Plaintiffs financial reports for the time periods the Plaintiffs allege these acts took place, show record profits.

130. Defendant agrees the allegations are set forth by the Plaintiffs

131." By Defendants unauthorized registration, use claim of ownership etc" and offers for sale of the Pirated domain names etc"

Answer: Defendant denies the registration of a domain name is unauthorized. and that offering a domain for sale is illegal or that the defendant is a pirate.

132. "Because of Defendants conduct, Plaintiffs have been irreparably harmed in their business etc"

Answer: Defendant denies that they caused harm to the Plaintiffs, and denies any False, descriptions or misrepresentations of the Defendants Domain Name or of the Plaintiffs, and Motions this is a Fraudulent Claim by the Plaintiffs, and that Defendant, should be awarded the damages, as financial records of the plaintiffs, prove the reverse of the Plaintiffs claim to be true.


Under the Plaintiffs "WHEREFORE" FROM A. TO K

Answer-Defendant denies that the Plaintiffs are subject to any such consideration and are demonstrating the traits of"ReverseDomianHijackers" The Defendant Asserts that the Actions of the Plaintiffs, in Filing this Civil Action in the Plaintiffs State of Residence, gives the Plaintiffs Substantial advantage over the Defendant, and goes Beyond the boundaries of Common Sense, that the Defendants could enjoin in the Court proceedings, on a equal basis as the Plaintiffs who are Residents of the state they filed this Suit in, and goes against the due Consideration for the Defendants Rights and Equal Access to the Law, and to the Court. The Supreme Court " LeRoy v. Great W. United Group " 442 U.S. 173 (1979) the Supreme court explained, " The purpose of statutory specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial"

The named Defendant is a Legal Resident of the State of Colorado to get to Michigan of 1,276.1 miles, and two and a half days of travel is a unfair, and a inconvenient place of trial.

The Plaintiffs seek to Overturn the Rulings of the Courts that have Determined " The operation of internet Web sites as the sole contact with residents of the forum is not sufficient to support personal jurisdiction" D.C Cir No. 99-7097 1/22/2000

(9.)

The Plaintiffs and the attorneys for the Plaintiffs each operate web sites that are directed as sole contact with the 52 states? Cuba?
The state of Michigan operates a web site that is directed as sole contact with the 52 states? Cuba?

I pray the Court and the Honorable Judge Gerald Rosen will abide by the laws of the Constitution of the United States, and the Federal Rules of Civil Procedure, and Dismiss the action against the Defendant under the Rules of Personal Jurisdiction, et. al.

The defendant reserves the right to add to or further explain any of the statements made in the answer to the complaint et.al. and the answers given are not to be construed as final or exclusive of the Defendants Rights in this action under the Constitution of The United States of America its Amendments et.al. or the Federal Rules of Civil Procedure.

Oct 27,2000

*[signature]*