ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS LIMITED, a
United Kingdom company, ASTON
MARTIN LAGONDA  LIMITED, a United
Kingdom company, and VOLVO
TRADEMARK HOLDING, a corporation
organized under the laws of Sweden,

      Plaintiffs,

v.

GREATDOMAINS.COM, INC., a California
corporation, et al,

      Defendants.

_____/

Civil No. 00-71544

Hon. Gerald E. Rosen

**PLAINTIFFS' OPPOSITION AND SUPPORTING BRIEF
TO: (1) THE EFF DEFENDANTS' FED. R. CIV. P. 12(b)(1) MOTION
TO DISMISS ALL *IN REM* CLAIMS FOR LACK OF SUBJECT MATTER
JURISDICTION AND MOTION FOR A MORE DEFINITE STATEMENT,
AND (2) THE EFF DEFENDANTS EXPEDITED MOTION (A)
TO STAY ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO PUBLISH, AND (B) TO PRESERVE STATUS QUO**

## **ISSUES PRESENTED**

1. Whether this Court has "federal question" jurisdiction under 28 U.S.C. § 1331, and "trademark claim" jurisdiction under 28 U.S.C. § 1338(a), over the Lanham Act claims on which Plaintiffs seek to proceed *in rem*.

2. Whether this Court's exercise of *in rem* jurisdiction over domain names whose situs is in the Eastern District of Michigan violates Due Process.

3. Whether Congress can and has declared domain names to be "property" sufficient to constitute a "res" for purposes of *in rem* proceedings under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

4. Whether the Plaintiffs have sufficiently set forth in their Complaint the nature and grounds for this action as required by Rule 8.

5. Whether the *in rem* proceedings in this case should be stayed to permit additional time to consider the EFF Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

# INDEX OF CONTROLLING AUTHORITIES

## Cases

America Online, Inc. v. Huang, 106 F. Supp. 2d 848 (E.D. Va. 2000) .......................  16

Caesar's World, Inc. v. Caesars-Palace.com, 112 F. Supp. 2d 505,
    508 (E.D. Va. 2000) ...................................................................................  7, 13, 15, 17

Chapman v. Vande Bunte, 604 F. Supp. 714, 716-17 (E.D. N.C. 1985) ...................  13

Chicago, Rock Island & Pac. Ry. v. Sturm, 174 U.S. 710, 716 (1899) .....................  16

Dorer v. Arel, 60 F. Supp. 2d 558 (E.D. Va. 1999) ...................................................  16

Equitable Life Assurance Soc'y of the United States. v. United States,
    331 F.2d 29, 34 (1st Cir. 1964) ...............................................................................  15

First Charter Land Corp. v. Fitzgerald, 643 F.2d 1011 (4th Cir. 1981) ......................  16

Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993 (D. Neb. 1998) ..........  7

Heathmount A.E. Corp. v. Technodome.com, 106 F. Supp. 2d 860,
    868 (E.D. Va. 2000) ..............................................................................................  17

International Shoe Co. v. Washington, 326 U.S. 310 (1945) ......................................  12

Jellenik v. Huron Copper Mining Co., 177 U.S. 1 (1899) .........................................  14, 15

Lucent Technologies, Inc. v. Lucentsucks.com, 95 F. Supp.2d 528,
    534 (E.D. Va. 2000) ..............................................................................................  3, 17

Network Solutions, Inc. v. Umbro, Int'l, Inc., 529 S.E.2d 80, 86-88 (Va. 2000) ......  16

Pennoyer v. Neff, 95 U.S. 714, 722 (1877) ...............................................................  4, 10

Porsche Cars North America, Inc. v. AllPorsche Com.
    215 F.3d 1320 (4th Cir. 2000) ...............................................................................  16

Porsche Cars North America, Inc. v. Porsch.com, 51 F. Supp. 2d 707
    (E.D. Va. 1999), vacated and remanded, 215 F.3d 1320 (4th Cir. 2000) ...............  16

R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999) ..............................  3, 11, 13

*Shaffer v. Heitner*, 433 U.S. 186 (1977) ..................................................................... 12, 13

*United States v. Brody*, 213 F. Supp. 905, 908 (D. Mass. 1963)............................... 15


## Statutes

15 U.S.C. § 1114 ..................................................................................................... 2, *et seq*
15 U.S.C. § 1125 ..................................................................................................... 2, *et seq*
28 U.S.C. § 1331 ..................................................................................................... 2, *et seq*
28 U.S.C. § 1338(a) ................................................................................................ 2, *et seq*
28 U.S.C. § 1655 ..................................................................................................... 3, *et seq*


## Other

1 *Moore's Federal Practice* § 4.121[1], at 4-109 (3d ed.)........................................... 9, 13

5 C. Wright & A. Miller, Federal Practice and Procedure § 1206,
    at 96 (2d ed. 1990) .................................................................................................. 5, 7

Blume, *Actions Quasi* in Rem *under Section 1655, Title 28,
    U.S.C.,* 50 MICH.L.REV. 1, 22 (1951) ................................................................. 16

S. Rep. No. 140, 106th Cong., 1st Sess. 1999, 1999 WL 594571 (Leg.Hist.)........... 3

*Supplemental Rules of Admiralty and Maritime Cases*, Rule 2(c) ..................... 7

**PLAINTIFFS' OPPOSITION TO: (1) THE EFF DEFENDANTS'**
**FED. R. CIV. P. 12(b)(1) MOTION**
**TO DISMISS ALL *IN REM* CLAIMS FOR LACK OF SUBJECT MATTER**
**JURISDICTION AND MOTION FOR A MORE DEFINITE STATEMENT,**
**AND (2) THE EFF DEFENDANTS EXPEDITED MOTION (A)**
**TO STAY ORDER GRANTING PLAINTIFFS' MOTION**
**FOR LEAVE TO PUBLISH, AND (B) TO PRESERVE STATUS QUO**

Plaintiffs Ford Motor Company ("Ford"), Jaguar Cars Limited ("Jaguar"), Aston Martin

Lagonda Limited ("Aston Martin"), and Volvo Trademark Holding AB ("Volvo") (collectively

"Ford" or "Plaintiffs"), respectfully submit this Opposition to the Motion to Dismiss In Rem Claims

and Motion for More Definite Statement, as well as the "Expedited Motion" seeking to stay the *in*

*rem* proceedings, filed herein by Defendants John Hall, Gapmount, Ltd., Alfonso Fiero, Robert

Emmert, Paul A. Brown, Thomas Cooper, and Wallace Rawson/RAD*TECH (collectively the "EFF

Defendants").

WHEREFORE, the EFF Defendants' Motion to dismiss for lack of subject matter jurisdiction

and for more definite statement must be denied. Because the EFF Defendants' Motion to dismiss

and for a more definite statement lacks merit, there is no justification for delaying these proceedings

and the EFF Defendants' Expedited Motion to Stay the *in rem* proceedings must be denied.

DICKINSON WRIGHT, PLLC

By: _Kathleen A. Lang_
　　　Kathleen A. Lang (P34695)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Gregory D. Phillips
Thomas R. Lee, Of Counsel
Scott R. Ryther

1

## **PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO: (1) THE EFF DEFENDANTS' FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS ALL *IN REM* CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION FOR A MORE DEFINITE STATEMENT, AND (2) THE EFF DEFENDANTS EXPEDITED MOTION (A) TO STAY ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PUBLISH, AND (B) TO PRESERVE STATUS QUO**

### **INTRODUCTION**

This is an action arising out of an extensive scheme of cyberpiracy aimed at Plaintiffs and their world-famous trademarks. The EFF Defendants and other defendants named in Plaintiffs' Complaint have unlawfully attempted to misappropriate the goodwill that Plaintiffs have developed in their trademarks by (a) registering Internet domain names incorporating Plaintiffs' trademarks; and (b) listing them for auction to the highest bidder through an interactive website available to consumers in Michigan and throughout the world. Plaintiffs' injury suffered within this district gives rise to claims for cyberpiracy under the Anticybersquatting Consumer Protection Act ("ACPA") and for trademark dilution and infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

Despite the EFF Defendants' misleading characterization of their motion as a Motion to Dismiss for lack of subject-matter jurisdiction, this Court's jurisdiction over the subject matter of this case is unassailable. As required, Plaintiffs' Complaint alleges that the Court has jurisdiction over the federal trademark issues presented under 28 U.S.C. §§ 1331 and 1338(a). [Complaint ¶ 7 at 7] In keeping with the express language of the jurisdictional statutes in question, this is a "civil action arising under the . . . laws . . . of the United States," *i.e.,* the Lanham Act. 15 U.S.C. § 1331. This is also a "civil action . . . arising under [an] Act of Congress relating to . . . trademarks," *i.e.,* the Lanham Act. 15 U.S.C. § 1338(a).

2

After filing the Complaint, Plaintiffs attempted to effect service of process on the numerous defendants that have misappropriated Plaintiffs' trademarks in Internet domain names. Plaintiffs effected personal service of process on many of the defendants pursuant to the methods of service available for *in personam* actions under *Fed.R.Civ.P.* 4(e). Unfortunately, however, Plaintiffs have been unable to effect personal service of process on several other defendants.[1] Consequently, after complying with the notice procedures set forth in the ACPA, Plaintiffs filed a Motion asking this Court to grant leave for Plaintiffs to proceed *in rem* and to provide further published notice in accordance with *Fed. R. Civ. P.* 4(n). Specifically, Plaintiffs' Motion sought leave to provide published service by publication of the Court's Order once in *The USA Today,* a daily publication with international circulation. This Court granted that Motion and ordered the publication by the method requested.

The EFF Defendants now seek to challenge this Court's approval of Plaintiffs' Motion to pursue service of process under the procedures available *in rem*. In so doing, the EFF Defendants make a confused attempt to challenge the availability and constitutionality of all *in rem* proceedings.

The EFF Defendants' confusion is based on a fundamental misunderstanding of the role of *in rem* jurisdiction. The designation "*in rem*" is one of two longstanding bases on which a court traditionally has acquired territorial jurisdiction over a dispute. As the Court explained in R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999), actions based on both the "*in personam*"

---

1 The Conference Report to the ACPA makes clear that the *in rem* jurisdictional provisions were enacted to combat the problems faced by trademark owners when "cybersquatters register domain names under aliases" thereby preventing the trademark owner from proceeding against "the domain name registrant because the registrant has provided false contact information." S. Rep. No. 140, 106th Cong., 1st Sess. 1999, 1999 WL 594571 (Leg.Hist.). As the court recognized in Lucent Technologies, Inc. v. Lucentsucks.com, 95 F. Supp.2d 528, 534 (E.D. Va. 2000), "[t]he legislative history [of the ACPA] clearly shows that Congress enacted the provision to provide a last resort where *in personam* jurisdiction is impossible, because the domain name registrant is foreign or anonymous."

and "*in rem*" designations "are grounded on the principle that 'every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory.'" Id. (quoting Pennoyer v. Neff, 95 U.S. 714, 722 (1877)). If an action proceeds *in personam*, a plaintiff ordinarily must effect personal service of process on the defendant under Fed.R.Civ.P. 4(e). If an action proceeds *in rem*, by contrast, a plaintiff may effect service of process under the more liberal provisions of Rule 4(n)(1), which contemplate that notice of the action will be sent "in the manner provided by" a "statute of the United States" authorizing the court to "assert jurisdiction over property." Fed. R. Civ. P. 4(n)(1).

Two separate federal statutes authorize federal courts to "assert jurisdiction over property" in actions *in rem* contemplating alternative methods of service of process: (a) 28 U.S.C. § 1655, which authorizes federal courts to entertain *in rem* jurisdiction in any action "to enforce any lien upon or claim to . . . real or personal property within the district, where any defendant cannot be served within the State"; and (b) 15 U.S.C. § 1125(d)(2)(A), which authorizes federal courts to entertain *in rem* jurisdiction in certain actions under the ACPA. Both statutes also authorize alternative methods of service of process, including service by publication as authorized by this Court in this action. Plaintiffs are entitled to proceed under either or both of the statutes quoted above.

Once the nature of the EFF Defendants' Motion is clear, it is also clear that it must be denied. First, the EFF Defendants' attempt to challenge the sufficiency of Plaintiffs' allegations regarding jurisdiction fails on its basic premise: Plaintiffs simply were not required to make any allegations regarding the *in personam* or *in rem* basis of their anticipated method of service of process. Fed. R. Civ. P. 8(a)(1) requires only a "short and plain statement of the grounds upon which the court's jurisdiction depends," and courts consistently have held that this provision does not require any

4

pleadings regarding "the manner in which service is to be accomplished or the basis for jurisdiction

over defendant's person or property." 5 C. Wright & A. Miller, Federal Practice and Procedure

§ 1206, at 96 (2d ed. 1990) (hereafter "Wright & Miller").

Second, the EFF Defendants' attempt to challenge the legal propriety of Plaintiffs' reliance

on applicable *in rem* statutes is based on a misunderstanding of the law. The EFF Defendants do not

and cannot contest the applicability of 28 U.S.C. § 1655. Plaintiffs are clearly entitled to proceed

*in rem* under the plain language of that statute. Moreover, the EFF Defendants' argument fails under

the *in rem* provision of the ACPA. At most, the ACPA language on which the EFF Defendants rely

is a venue provision. The EFF Defendants have waived any challenge to venue by making earlier

motions under Fed. R. Civ. P. 12(b) without raising a venue argument as allowed under Rule

12(b)(3).

Finally, the EFF Defendants' general challenge regarding the constitutionality of *in rem*

jurisdiction also fails. Courts uniformly hold that *in rem* jurisdiction is constitutionally appropriate

where, as here, the plaintiff's claim is related to the property in question and the property has its *situs*

in the district in which the court is located.[2]

Because the EFF Defendants' Motion challenging "subject matter jurisdiction" and seeking

a more definite statement are without merit, the Court should also deny the EFF Defendants'

---

[2] The EFF Defendants also use this Motion to take the opportunity to smuggle in their own self-serving assertions regarding the merits of the case, such as the notion that some of the domain names at issue may qualify under a "nominative" or "fair use" defense. [EFF Defendants' Memorandum at 14] These self-serving assertions, of course, have no place on this Motion to Dismiss. At this stage, Plaintiffs' allegations—that defendants are cybersquatters who have trafficked in bad faith in the domain names at issue—must be accepted as true. Thus, the EFF Defendants' lengthy arguments on the merits of the case are simply irrelevant and should be disregarded.

"Expedited Motion" seeking a stay of the *in rem* proceedings in aid of the EFF Defendants' other motions.

## I. PLAINTIFFS HAVE PROPERLY PLEADED A SHORT AND PLAIN STATEMENT OF THE GROUNDS FOR THIS COURT'S JURISDICTION.

Defendants' first objection is that "[t]he Complaint makes no mention whatsoever of seeking *in rem* jurisdiction over any of the Domain Names at issue in this litigation." [EFF Defendants' Memorandum at 16] In light of the absence of specific allegations regarding *in rem* jurisdiction, the EFF Defendants request "a more definite statement of the basis upon which Plaintiffs are seeking to secure *in rem* jurisdiction over the Domain Names in question." [Id.]

This argument is based on a misunderstanding of the pleading requirements under the *Federal Rules*. Rule 8(a)(1) requires only "a short and plain statement of the grounds upon which the court's jurisdiction depends." It has long been understood that this requirement of a statement of the court's "jurisdiction" "only deals with subject-matter jurisdiction." 5 Wright & Miller § 1206 at 96. Where the plaintiff's cause of action arises under a federal statute, Rule 8(a)(1) is satisfied merely by identification of the federal statute in question. Id. at 90; see also *Fed. R. Civ. P.* Form 2. Plaintiffs' Complaint easily satisfies this requirement. The Complaint alleges that Plaintiffs' causes of action arise under the Lanham Act (including the 1999 ACPA amendments), 15 U.S.C. §§ 1114 & 1125, and that the Court accordingly has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). [Complaint ¶¶ 1, 7 at 1, 7]

Contrary to the EFF Defendants' argument, Plaintiffs are not required to make any further allegations regarding the *in rem* basis for territorial jurisdiction, regarding venue in an *in rem* proceeding, or regarding the mechanisms Plaintiffs contemplate for service of process. As the Wright & Miller treatise explains:

6

> It should be emphasized that Rule 8(a)(1) only deals with subject-matter jurisdiction. Thus, allegations showing that the suit is brought in a district of proper venue are not required. Improper venue is a defense that is waived by defendant if he fails to assert it. Moreover, **the complaint need not allege the manner in which service is to be accomplished or the basis for jurisdiction over a defendant's person or property**. Thus, it has been held to be error to dismiss a complaint in a diversity case because the basis for substituted service under a state statute has not been pleaded."

5 Wright & Miller § 1206 at 96 (citing cases) (emphasis added); <u>see also</u> <u>Gray v. Lewis & Clark</u> <u>Expeditions, Inc.</u>, 12 F. Supp.2d 993 (D. Neb. 1998) (same)). Accordingly, the EFF Defendants' objection to the sufficiency of Plaintiffs' jurisdictional allegations fails.3

## II. PLAINTIFFS ARE ENTITLED TO PROCEED *IN REM*.

The EFF Defendants next argue that Plaintiffs are not entitled to proceed *in rem* because the venue provision of the ACPA's *in rem* clause is not satisfied. Specifically, the EFF Defendants note that the ACPA contemplates that an *in rem* action will be filed in a venue "in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 U.S.C. § 1125(d)(2)(A). Because the EFF Defendants contend that the relevant registrar or registry is not located within this district, they insist that this action should be dismissed under the foregoing venue provision. Defendants' argument fails for the reasons set forth in detail below.

---

3 The EFF Defendants' additional argument that the Complaint is deficient for its failure to comply with Rule C(2) of the *Supplemental Rules of Admiralty and Maritime Cases*, [EFF Defendants' Memorandum at 12, n.12], is frivolous. Nothing on the face of these rules suggests that they have any application beyond admiralty and maritime cases. Nor does the case cited by the EFF Defendants, <u>Caesar's World, Inc. v. Caesars-Palace.com</u>, 112 F. Supp. 2d 505, 508 (E.D. Va. 2000). <u>Caesars World</u> merely suggests that some of the "general procedures for *in rem* actions" under the *Supplemental Rules of Admiralty and Maritime Claims* may be helpful to the resolution of *in rem* cases under the ACPA; it does not hold that a Complaint in an *in rem* action under the ACPA must be verified as in admiralty actions, much less that an unverified Complaint is subject to dismissal. Indeed, such a result could not be reconciled with the ACPA or with 28 U.S.C. § 1655, neither of which requires verification.

## A. The EFF Defendants Have Waived Any Venue Objection.

First, the EFF Defendants have waived any venue objection they may have by filing earlier Rule 12 motions without moving under Rule 12(b)(3). Under Rule 12(g), if a party submits a motion to dismiss under Rule 12 "but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion," the party is barred from subsequently making "a motion based on the defense or objection so omitted." *Fed. R. Civ. P.* 12(g).

The instant Motion is barred under this provision. On November 1, 2000, the EFF Defendants filed Motions to Dismiss for lack of personal jurisdiction under Rule 12(b)(2). Those Motions plainly do not include the venue objection that Defendants now seek to raise. By not including the venue objection, the EFF Defendants waived it under Rule 12(g).

Presumably, the EFF Defendants' attempt to characterize the instant Motion as one based on subject-matter jurisdiction is an attempt to circumvent Rule 12(g). After all, Rule 12 expressly provides that a subject-matter defect is never waived—that the court should dismiss a case "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Fed. R. Civ. P.* 12(h)(3). For the reasons noted above, however, the EFF Defendants' Motion manifestly is not based on subject-matter jurisdiction. There simply is no question that the Court has "jurisdiction of the subject matter" of this case under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims arise under the Lanham Act.

Thus, the EFF Defendants' Motion is properly understood as a 12(b)(3) Motion to Dismiss for improper venue. The substance of the EFF Defendants' argument is that the action should have been filed in *a different district—not a different tribunal*. Because Defendants have previously submitted Rule 12 motions without including this venue argument, the instant Motion is barred under Rule 12(g).

8

**B.** *In Rem* **Jurisdiction Is Proper In This District Under 28 U.S.C. § 1655.**

Second, the EFF Defendants' argument improperly assumes that *in rem* jurisdiction is proper in this district only if it is authorized under the ACPA. This argument fails to recognize the alternative statutory basis for *in rem* jurisdiction under 28 U.S.C. § 1655. When Congress enacted the ACPA, Congress made expressly clear that the *in rem* provisions of the ACPA were "in addition" to any *in rem* jurisdiction that already "otherwise exists." 15 U.S.C. § 1125(d)(4). Thus, although the ACPA includes one mechanism for proceeding *in rem*, Congress also expressly preserved the existence of *in rem* jurisdiction under 28 U.S.C. § 1655.

Section 1655 has long been understood to authorize *in rem* jurisdiction in federal court. *Fed. R. Civ. P.* 4(n)(1) contemplates *in rem* jurisdiction whenever permitted under a "statute of the United States." This clause has always been understood to allow *in rem* suits under the terms of Section 1655. *See Fed. R. Civ. P.* 4(n)(1), Advisory Committee Notes (explaining that Rule 4(n)(1) was designed to "incorporate" the "requirements of 28 U.S.C. § 1655 or similar provisions bearing on seizures or liens."); 1 *Moore's Federal Practice* § 4.121[1], at 4-109 (3d ed.) (noting that Rule 4(n)(1) "was intended to incorporate the provisions of 28 U.S.C. § 1655"). As the Wright & Miller treatise explains, Section 1655 provides "venue and . . . an alternative to personal service for actions to enforce a . . . claim to real or personal property that is within the district." 14 Wright & Miller § 3632.

Section 1655 clearly authorizes *in rem* jurisdiction in this action in this district. The two essential prerequisites of the statute are satisfied here: (1) Plaintiffs assert a claim to personal property (2) that is within this district. First, Plaintiffs have asserted a "claim" to personal property in that they seek to establish their right to the domain names at issue. Second, as the ACPA itself

9

confirms, the domain names at issue are intangible "property" that have their situs in this district. Congress has declared that "a domain name shall be deemed to have its situs in the judicial district in which . . . documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court." 15 U.S.C. § 1125(d)(2)(C). As this Court is well aware, Plaintiffs have deposited with this Court the relevant "documents sufficient to establish control and authority regarding the disposition" of the domain names in question. Accordingly, the domain names at issue are located "within this district," and thus this district is the proper venue for an *in rem* proceeding related to the domain names.

## C.    Venue is Proper Under the ACPA.

Finally, the EFF Defendants' construction of the ACPA's *in rem* provision is in error in any event. The EFF Defendants fail to quote the controlling language of the ACPA noted above. As under Section 1655, a domain name has its "situs" in an *in rem* proceeding under the ACPA in any district in which "documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court." 15 U.S.C. § 1125(d)(2)(C). Although the ACPA provides that a trademark holder "may file an in rem civil action against a domain name in the judicial district in which the domain name registrar [or] registry . . . is located," id. § 1125(d)(2)(A), courts have long held that an *in rem* proceeding is also proper in any district in which the property at issue has its "situs." See Pennoyer v. Neff, 95 U.S. 714, 722 (1877); R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957-58 ("In rem actions only require that a party seeking an interest in a res bring the res into custody of the court and provide reasonable, public notice of its intention to enable others to appear in the action to claim an interest in the res."); 14 Wright & Miller § 3632 (explaining that the purpose of *in rem* jurisdiction is to provide "venue and . . . an alternative to personal service for actions to enforce a . . . claim to real or personal property

10

that is within the district.").

Accordingly, the ACPA should be read to authorize an *in rem* action not only in the district(s) in which the registrar or registry is located, but also in any district in which a domain name is situated. The EFF Defendants' argument fails to account for the above-quoted situs provision. The domain names in issue have their "situs" in this district under the express language of the ACPA because Plaintiffs have deposited with the Court the relevant documents establishing control of the registration and use of the domain names. The EFF Defendants' argument must be rejected because it renders entirely meaningless the above-quoted "situs" clause.

The EFF Defendants' attempt to explain away the situs clause of the ACPA is nonsensical. Without any support in the language of the statute or even in the legislative history,4 the EFF Defendants contend that the situs clause "was designed to address a very specific and narrow circumstance—the possibility that a Domain Name Registrar might move out of a particular judicial district and relocate abroad (i.e., Network Solutions could move its headquarters to France, or NamesDirect could set up shop in Bermuda) while an *in rem* action is pending. [EFF Defendants' Memorandum at 22] According to the EFF Defendants, the situs clause is aimed at this extremely unlikely eventuality, and is designed to clarify that "if Network Solutions relocates to another jurisdiction . . .[,] any cases already pending in the Eastern District of Virginia at the time of relocation can go forward so long as the appropriate 'NSI certificates' have been deposited with the Eastern District during the time NSI was located within that judicial district." [Id.]

---

4 The EFF Defendants attempt to create the illusion of support for their fanciful construction of the situs clause by cobbling together unrelated snippets from the legislative history. Contrary to the EFF Defendants' argument, however, the legislative history manifestly does not limit the situs clause to the hypothetical scenario imagined by the Defendants.

The EFF Defendants' crabbed construction of the controlling situs clause must be rejected. Nothing in the language of the statute or its legislative history suggests that Congress intended the incredibly narrow, hypothetical application envisioned by the EFF Defendants. Instead, the situs clause should be read to mean what it says: that as long contemplated by the courts, an *in rem* action may be brought in any district in which the property in issue has its situs. This is the only reading that preserves the plain language of the situs clause and that is consistent with the historical understanding of the courts.

### III. *IN REM* JURISDICTION SATISFIES DUE PROCESS

The EFF Defendants also seek to challenge to the constitutionality of this Court's exercise of *in rem* jurisdiction. This argument has two sub-parts: (a) that *in rem* jurisdiction was broadly condemned by the Supreme Court in Shaffer v. Heitner, 433 U.S. 186 (1977); and (b) that a domain name somehow does not qualify as "property" eligible for *in rem* jurisdiction. As discussed below, both arguments fail.

### A.     True *In Rem* Actions Are Constitutional Under *Shaffer*

The EFF Defendants argue that after Shaffer v. Heitner, 433 U.S. 186 (1977), the mere presence of property having its situs within a judicial district may not be sufficient by itself to satisfy due process, and that the "minimum contacts" test established in International Shoe Co. v. Washington, 326 U.S. 310 (1945), is the exclusive touchstone for personal jurisdiction under the Due Process Clause. [EFF Defendants' Memorandum at 26-32] This argument fails to acknowledge express language in Shaffer that is controlling on this issue and that distinguishes Shaffer from this case.

Shaffer itself arose in the context of a "type II" quasi *in rem* proceeding—in which the property in issue was not "related" to the plaintiff's cause of action, but was merely attached or

12

"sequestered" for the purpose of satisfying the plaintiff's judgment against the defendant. Shaffer, 433 U.S. at 866. The EFF Defendants fail to mention this crucial, controlling fact. The Court's opinion in Shaffer expressly acknowledges that due process is satisfied in true *in rem* proceedings (or even type I quasi *in rem* proceedings) where "claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant." Id. at 207-08.

Once this crucial, distinguishing fact is recognized, the EFF Defendants' argument evaporates. Courts and commentators overwhelmingly agree that the presence of property within the judicial district is a constitutionally sufficient predicate to *in rem* jurisdiction where the parties' claims to the property lie at the heart of the dispute. See R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957-58 (4th Cir. 1999); Chapman v. Vande Bunte, 604 F. Supp. 714, 716-17 (E.D. N.C. 1985) ("In a true *in rem* proceeding, in order to subject property to a judgment *in rem*, due process requires only that the property itself have certain minimum contacts with the territory of the forum."); see also Caesars World, Inc. v. Caesars-Palace.Com, 112 F. Supp. 2d 502, 504 (E.D. Va. 2000) (holding that where the domain name is "not only related to the cause of action but is its entire subject matter," it is "unnecessary for minimum contacts to meet personal jurisdiction standards.").[5]

Accordingly, the situs of the domain names in this district is controlling on the issue of due process. Because the domain names in question have their situs in this district, due process is not offended by this Court's exercise of *in rem* jurisdiction. Moreover, for the reasons set forth in detail

---

[5]*Accord* 16 J. Moore, *Moore's Federal Practice* § 108.80[2][a] at 108-110 ("Presence of property within the forum state, by itself, generally will be a sufficient basis for jurisdiction in actions to determine interests in that property."); 4 Wright & Miller § 1072 at 440-41 (noting that the presence of property within a state is itself a sufficient contact to satisfy due process "when the property within the state is itself the subject matter of a dispute," and that "the Shaffer opinion suggests that the Court had no intention to disturb the assertion of jurisdiction in *in rem* or quasi-*in-rem* actions of this type").

in opposition to the EFF Defendants' earlier Motions to Dismiss for lack of personal jurisdiction, due process is satisfied even under a minimum contacts standard: the EFF Defendants knowingly aimed their acts of cyberpiracy at Ford and its subsidiary plaintiffs in this district, and that contact directly gave rise to Plaintiffs' claims.

### B. Internet Domain Names Are "Property"

Finally, the EFF Defendants offer the creative argument that Internet domain names are not "property" for purposes of *in rem* jurisdiction. This argument flies in the face of an express declaration by Congress in the ACPA and of decades of Supreme Court precedent. In any event, there is not dispute that the registration of a domain name creates a bundle of contractual rights running in favor of the registrant. Those rights include, among others, the private and *exclusive* right to use the particular domain name in commerce or otherwise. As with any other property, tangible or intangible, the right to exclude others from the use of a thing is what defines it as "property." An item of property, with its bundle of rights attached, is often bought or sold. In this case, the undisputed facts will show that each of the registrant defendants sought to sell their domain names by listing them for auction with defendant GREATDOMAINS.COM. Each of the EFF Defendants clearly treated their domain name registrations as items of property that can be "sold" as a bundle of exclusive, intangible rights. Given this background, the EFF Defendants' argument that their domain names cannot constitute a "res" is disingenuous at best.

Congress expressly recognized that domain name (and their registrations) constitute property for purposes of *in rem* jurisdiction. The ACPA expressly characterizes domain names as property. 15 U.S.C. § 1125(d)(2)(C). To accept the EFF Defendants' broad attack on the courts' *in rem* jurisdiction would go against the plain language of the ACPA. The EFF Defendants' precise argument—"that a domain name registration is not a proper kind of thing to serve as a res"—was

14

expressly rejected by the Court in <u>Caesars World, Inc. v. Caesars-Palace.Com</u>, 112 F. Supp. 2d 502, 504 (E.D. Va. 2000). As the Court explained in <u>Caesars World</u>, "[t]here is no prohibition on a legislative body making something property." <u>Id</u>. "Even if a domain name is no more than data, Congress can make data property and assign its place of registration as its situs." <u>Id</u>.

Congress's designation of domain names as property is hardly novel or unusual, despite the EFF Defendants' attempt to dismiss it as such. Indeed, the notion that *in rem* jurisdiction is available only for tangible property has been thoroughly and consistently rejected by the courts. At least since <u>Jellenik v. Huron Copper Mining Co.</u>, 177 U.S. 1 (1899), the Supreme Court has rejected the argument that *in rem* jurisdiction extends only to tangible property. In that case, the Court held that stock in a corporation domiciled in a certain district is personal property having its situs in that district and eligible for *in rem* jurisdiction under the predecessor to Section 1655. In so doing, the Court expressly rejected the formalistic notion offered by the Defendants here and by defendants in that case–that only "tangible personal property" in the "actual manual possession of some person" is subject to *in rem* jurisdiction under the predecessor to Section 1655. <u>Jellenik</u>, 177 U.S. at 14.

This important holding has found broad consensus since it was handed down.[6] Under <u>Jellenik</u>, the federal courts consistently have rejected the notion that Section 1655 is limited to tangible property. Thus, the courts have upheld the statute's application to claims to intangible property interests in insurance policies, see <u>United States v. Brody</u>, 213 F. Supp. 905, 908 (D. Mass. 1963*), aff'd* <u>Equitable Life Assurance Soc'y of the United States. v. United States</u>, 331 F.2d 29, 34 (1st Cir. 1964) (holding that "the phrase 'personal property' in section 1655" must be given "broad meaning"), as well as to claims to intangible rights to payment by creditors or financial institutions,

---

[6] *See* Blume, *Actions Quasi* in Rem *under Section 1655, Title 28, U.S.C.,* 50 MICH.L.REV. 1, 22 (1951) (noting that both corporate stock and bank deposits "cannot be 'taken over or possessed' . . ., yet both have been held to be property within the meaning of section 1655").

see Chicago, Rock Island & Pac. Ry. v. Sturm, 174 U.S. 710, 716 (1899); see also First Charter Land

Corp. v. Fitzgerald, 643 F.2d 1011 (4th Cir. 1981) (upholding an action under Section 1655 to

establish a plaintiff's interest in certain notes secured by deeds of trust that had previously been

assigned to the defendant and noting that the federal courts' "jurisdictional authority" under § 1655

derives from "the authority to adjudicate property interests," and not necessarily from "the fortuity

of having actual possession of a res").  Thus, the EFF Defendants' broad attempt to undermine the

applicability of in rem jurisdiction to cases involving domain names must be rejected.

The EFF Defendants make the specious suggestion that only the states, and not the United

States Congress, have the power to designate intangible forms of property for resolution in in rem

proceedings.  None of the cases cited out of context by the EFF Defendants comes even close to

holding that Congress is somehow foreclosed from statutorily establishing property rights

protectable in rem.7  So long as Congress has power to act under Article I, Congress can and does

---

7       One of the EFF Defendants' cases does reach the irrelevant conclusion that Internet domain
names do not qualify as "property" susceptible to attachment or execution under *Virginia law*. See,
e.g., Network Solutions, Inc. v. Umbro, Int'l, Inc., 529 S.E.2d 80, 86-88 (Va. 2000).  But the
designation of Internet domain names under an inapplicable provision of state law is hardly relevant
to whether they qualify as property in an *in rem* proceeding in federal court.  Congress clearly
expressed its intention treat domain names as property in *in rem* cases in the above-quoted provision
of the ACPA, and the Virginia legislature's contrary treatment of domain names in a wholly different
statutory context can hardly be deemed to override the intent of the United States Congress in
enacting the ACPA.

Moreover, the EFF Defendants cite no *federal* cases decided after the enactment of the ACPA
that support their position.  Both Dorer v. Arel, 60 F. Supp. 2d 558 (E.D. Va. 1999) and Porsche
Cars North America, Inc. v. Porsch.com, 51 F. Supp. 2d 707 (E.D. Va. 1999), *vacated and
remanded,* 215 F.3d 1320 (4th Cir. 2000), were decided before the enactment of the ACPA.  Neither
case addresses Congress's intent or authority to treat domain names as property in the enactment of
the ACPA.  Indeed, *Porsche* was vacated and remanded in light of the enactment of the ACPA.  See
Porsche Cars North America, Inc. v. AllPorsche Com., 215 F.3d 1320 (4th Cir. 2000).  The other
federal case cited by the EFF Defendants, America Online, Inc. v. Huang, 106 F. Supp. 2d 848 (E.D.
Va. 2000), was decided after the enactment of the ACPA, but did not involve any use of the ACPA's
*in rem* procedures.  Contrary to the EFF Defendants' suggestion, America Online did not address
the issue of whether domain names constitute property for purposes of *in rem* jurisdiction.

establish property rights by statute, and such property rights cannot arbitrarily be excluded from resolution *in rem*. All courts to address this issue have so held. See Caesars World, 112 F. Supp. 2d at 504; Lucent Technologies, Inc. v. Lucentsucks.*com*, 95 F. Supp. 2d 528, 535 (E.D. Va. 2000) (holding that a domain name is a proper "res" for purposes of *in rem* jurisdiction); Heathmount A.E. Corp. v. Technodome.com, 106 F. Supp. 2d 860, 868 (E.D. Va. 2000) (same).

## IV.    THE EFF DEFENDANTS PROVIDE NO BASIS ON WHICH THE *IN REM* PROCEEDINGS SHOULD BE STAYED.

Concurrently with their Motion to Dismiss, the EFF Defendants filed an "Expedited Motion" dated December 7, 2000, seeking a stay of the *in rem* proceedings (hereafter the EFF Defendants' "Motion to Stay"). In their Motion to Stay, the EFF Defendants' only justification for staying the *in rem* proceedings is that the Court should allow itself time to consider the arguments raised by the EFF Defendants' Motion to dismiss and for a more definite statement. [EFF Defendants' Motion To Stay at 1]   The EFF Defendants justify their request by claiming that, even if the EFF Defendants' Motion to dismiss is denied, the *in rem* proceedings "can be easily reinstated without harming Plaintiff in any way." [*Id.*]

As discussed above, the EFF Defendants' Motion to dismiss for lack of subject matter jurisdiction lacks merit. It cannot and will not be disputed that this case involves "federal question" subject matter jurisdiction. The EFF Defendants' Motion to dismiss is, in true substance, a motion challenging venue. However, the EFF Defendants have waived their objection to venue by moving earlier to dismiss under Rule 12(b)(2) without also moving to dismiss for improper venue under Rule 12(b)(3). Consequently, the EFF Defendants' Motion to dismiss for lack of subject matter jurisdiction will necessarily be denied, and there is no reasoned basis on which these proceedings should be further delayed by a stay.

## CONCLUSION

For the reasons set forth above, the EFF Defendants' Motion to dismiss for lack of subject matter jurisdiction and for more definite statement must be denied. Because the EFF Defendants' Motion to dismiss and for a more definite statement lacks merit, there is no justification for delaying these proceedings and the EFF Defendants' Expedited Motion to Stay the *in rem* proceedings must be denied.

DICKINSON WRIGHT, PLLC

By: _Kathleen A. Lang_
Kathleen A. Lang (P34695)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Gregory D. Phillips
Thomas R. Lee, Of Counsel
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

Dated: December 22, 2000.

**PROOF OF SERVICE:**

*The undersigned certifies that a copy of Brief in Opposition and Proof of Service was served upon the attorneys of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on December 22, 2000. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.*
*BY:*
☑ *U.S. Mail*            ___ *FAX*            ___ *Other*
___ *Hand Delivered*        ___ *Federal Express*

_Ann Howington_
Ann Howington

DETROIT 18260-1537 568383

18