

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR CO., et al.,

    Plaintiffs,

v.                                  Case No: 00-CV-71544-DT

GREAT DOMAINS, INC., et al.,

    Defendants.
_____/

ORDER GRANTING DIAMOND STAR MARKETING, INC.'S
"SECOND RULE 12(B) MOTION TO DISMISS"
AND
DENYING "REQUEST FOR FEES AND COSTS"

    On March 30, 2001, this court entered an order denying without prejudice Defendant Diamond Star Marketing Inc.'s ("Diamond Star's") motion to dismiss for lack of personal jurisdiction, pending limited discovery by Plaintiffs. Now pending is Diamond Star's renewed motion to dismiss, filed on April 26, 2001. In a motion dated June 18, 2001, Diamond Star has also requested the court to award attorneys fees and costs under 28 U.S.C. § 1927. For the following reasons, the 12(b) motion will be granted. Costs and fees, however, will not be awarded.

    In support of its motion to dismiss, Diamond Star attaches the affidavit of its president, Todd Smith, who avers, among other things, that Diamond Star registered the trademark "stangstuff.com" only after ascertaining that "stang" was not a

trademark registered by Plaintiffs. Mr. Smith further states that Diamond Star does not, to its knowledge, own any other domain names that incorporate protected trademarks. Although Diamond Star had registered other domain names incorporating vintage automobile nicknames similar to "stangstuff," all such registrations were cancelled once Plaintiffs questioned the right to use even unregistered trademarks as nicknames.

Further, although Diamond Star acknowledges having listed the "stangstuff.com" domain for sale over the Internet, the posted price of $656,667 was not aimed at parties with large purchasing power, but was an attempt to attract classic car enthusiasts interested in "1965," "1966," and "1967" vintage automobile parts and information.

Finally, and most telling, Mr. Smith testifies that once Plaintiffs brought this action, Diamond Star "attempted to transfer the name to them 'free of charge,' as [Diamond Star] could not afford to engage in protracted litigation over the name." Even though Plaintiffs refused Diamond Star's offer, Diamond Star canceled its registration to the "stangstuff.com" domain.

The court concludes that the foregoing factors, standing alone, are insufficient to demonstrate "express aiming" under the effects test for determining personal jurisdiction and, indeed, appear contrary to the essence of domain name cybersquatting.

Plaintiffs have not responded to Diamond Star's motion and thus have set forth no evidence to the contrary. Accordingly,

IT IS ORDERED that Defendant Diamond Star's "Second Rule 12(b) Motion" is GRANTED.

Insofar as the court finds, however, that Plaintiffs have not "unreasonably and vexatiously" multiplied the proceedings, IT IS FURTHER ORDERED that costs and fees under 28 U.S.C. § 1927 are DENIED.

*[signature]*
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 2, 2002

*[stamp: TO RULE 77'd, FED. R. CIV. P. MAILED TO ATTORNEYS FOR ALL PARTIES ON 1/63 2002 — DEPUTY COURT CLERK]*