IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, *et. al.*,

        Plaintiffs,

v.

GREATDOMAINS.COM, INC., *et. al.*,

        Defendants.

_____/

Civil No. 00-71544

Hon. Robert H. Cleland

KATHLEEN A. LANG (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
        Co-counsel
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

_____/

## PLAINTIFFS' MOTION FOR PARTIAL TRANSFER OF VENUE

Pursuant to 28 U.S.C. § 1404(a) Plaintiffs Ford Motor Company, Jaguar Cars Limited, Aston Martin Lagonda Limited, and Volvo Trademark Holding AB (collectively "Plaintiffs") respectfully move this Court for an Order transferring venue of Plaintiffs' claims against the following defendants, each of whom are registrants of Internet domain names at issue in this action:

1

165

1. AAFM Breukers, registrant of FORDGARAGE.COM (United Kingdom)

2. Roger Abramson, registrant of LINCOLNS4SALE.COM, VOLVOS4SALE.COM, and VOLVOSFORSALE.COM (Surfside, FL)

3. Allegiance, registrant of JAGUARBUYER.COM (United Kingdom)

4. Philip Barry, registrant of DBASTON-MARTIN.COM (United Kingdom)

5. Robert E. Capps, registrant of JAGUARSALES.COM (Folsom, CA)

6. Joseph Davidovic, registrant of FORDYOUNGDRIVERS.COM, FORDYOUNGDRIVERS.NET, and FORDYOUNGDRIVERS.ORG (Canada)

7. Domain for Sale, registrant of VOLFORD.COM (Sweden)

8. Fordmustang.com, registrant of FORDMUSTANG.COM (Chandler, AZ)

9. Roger Hoe, registrant of JAGUARSERVICING.COM (United Kingdom)

10. Scott Howell, registrant of OLDFORDS.COM (Palm Beach Gardens, FL)

11. Hurricane Industries, registrant of TEXANFORD.COM, TEXANFORD.NET, TEXANFORD.ORG, TEXANLINCOLNMERCURY.COM, and TEXANSFORD.COM (Alleyton, TX)

12. Jacob Pavin, registrant of 4AJAG.COM, 4AJAGUAR.COM, and 4AVOLVO.COM (Irving, TX)

13. Local Websites, registrant of FORDREPAIRS.COM and VOLVOREPAIRS.COM (United Kingdom)

14. Mainstream Music, registrant of FORDV8.COM (New Zealand)

15. Jose F. Martinez, registrant of FORDAP.COM and IFORDPARTS.COM (Puerto Rico)

16. Montgomery, registrant of FORDMOTORCARS.COM (Thailand)

17. Mr. For Sale, registrant of FORDING.COM (United Kingdom)

18. John Murphy, registrant of MRASTONMARTIN.COM (United Kingdom)

19. Onlyne Corporate Services, registrant of FORDPROBE.COM (Panama)

20. Joseph Parvin, registrant of EJAGS.COM (Princetown Junction, NJ)

21. Ran Productions, registrant of FORDVISION.COM (Canada)

22. Rubuscum Oy, registrant of FORDCENTER.COM (Finland)

23. Seller, registrant of SHOPNFORD.COM (Trenton, NJ)

24. Richard G. Shanks, registrant of FORD2001.NET (United Kingdom)

25. This Domain Is For Sale, registrant of FORDCARE.COM (Philippines)

26. Vaneechoud, registrant of FORDRENTING.COM (Spain)

27. Vine-Overseas Trading Corp., registrant of FORDHOLDINGS.COM (South Korea)

28. Julie Webb, registrant of FORDPICKUPSALES.COM (New Zealand)

29. Zykar International, JAGUARMOTORCOMPANY.COM (Smithtown, NY)

Many of the defendants listed above have provided to their domain name registrars addresses located outside the United States (as indicated) and, based on the registrant information, may not be subject to personal jurisdiction in the United States. Accordingly, Plaintiffs' seek the transfer of their claims against these foreign registrant defendants to the Eastern District of Virginia, where Plaintiffs will seek leave to proceed against the Internet domain names registered by these defendants *in rem* pursuant to 15 U.S.C. § 1125(d)(2). The remaining registrant defendants listed above, all of whom have provided to their registrars addresses located in the U.S., cannot be located by Plaintiffs despite considerable efforts. Accordingly, Plaintiffs likewise seek the transfer of their claims against these U.S. registrant defendants to the Eastern District of Virginia in preparation for possible *in rem* proceedings under Section 1125(d)(2).

This Motion is supported by the Memorandum in Support filed concurrently herewith.

3

DICKINSON WRIGHT PLLC

By: /s/ Kathleen A. Lang (MLA)
Kathleen A. Lang (P34695)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

DATED:       February 26, 2002
DETROIT 18260-1537 648677

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, *et. al.*,

       Plaintiffs,

v.

GREATDOMAINS.COM, INC., *et. al.*,

       Defendants.
_____/

Civil No. 00-71544

Hon. Robert H. Cleland

KATHLEEN A. LANG (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
      Co-counsel
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471
_____/

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL TRANSFER OF VENUE**

1

Plaintiffs Ford Motor Company, Jaguar Cars Limited, Aston Martin Lagonda Limited, and Volvo Trademark Holding AB (collectively "Plaintiffs") respectfully submit this Memorandum in Support of their "Motion For Partial Transfer Of Venue" filed concurrently.

## BACKGROUND

Plaintiffs brought this action under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, against numerous registrants of Internet domain names that infringe and dilute Plaintiffs' famous and distinctive trademarks. As Plaintiffs have previously demonstrated to this Court, many of the domain name registrants named as defendants in this action are not located in the United States. Thus, despite having registered Internet domain names through registrars and a registry located in the U.S., many of these non-U.S. registrant defendants are likely not subject to *in personam* jurisdiction in any U.S. court.

In addition to the non-U.S. registrant defendants mentioned above, a number of the registrant defendants named in this matter have provided their domain name registrars with addresses inside the U.S. that are fictitious or invalid. Consequently, Plaintiffs cannot locate a number of these U.S. registrant defendants and cannot complete service of process on them.

Earlier in this case, Plaintiffs sought and received permission from this Court to publish notice of this action for purposes of proceeding *in rem* against a number of the domain names whose registrant defendants could not be located. [Dkt. 56, Order To Publish Notice Of Action Pursuant To 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), October 25, 2000] In connection with their "Motion For An Order To Publish Notice Of Action" dated October 23, 2000, Plaintiffs outlined their considerable, but unsuccessful, efforts to

serve numerous registrant defendants in this case, including those defendants listed above. [Dkt. 54, Declaration of Jodi Munn Schebel In Support Of Plaintiffs' Motion For An Order To Publish Notice Of Action, October 23, 2000 at 2-3 (hereafter "Schebel Decl.")] Plaintiffs also demonstrated that they had sent notice of this action by email to each registrant defendant that could not be served personally. [Dkt. 54, Schebel Decl. at 2-3]

Following motions challenging, among other things, this Court's subject matter jurisdiction over Plaintiffs' *in rem* proceedings against Internet domain names, this Court concluded that subject matter jurisdiction exists, but nevertheless concluded that territorial *in rem* jurisdiction over the domain names at issue is lacking. [Order Denying Motion Of John Hall, Gapmount, Ltd., And Other EFF Defendants, Under Fed. R. Civ. P. 12(b)(1) To Dismiss All In Rem Claims For Lack Of Subject Matter Jurisidiction And Declining To Exercise In Rem Jurisdiction, December 20, 2001 at 8 ("Order Declining In Rem Jurisdiction")] In so ordering, this Court interpreted the *in rem* provisions of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(2), to mean that an *in rem* action may be brought only where the registrar or registry of the domain name in question is located. [Order Declining In Rem Jurisdiction at 3-4] According to this Court's application of the ACPA, therefore, Plaintiffs must proceed *in rem* only in a district in which the domain name registrars or registry are located.

## ARGUMENT

As explained by Plaintiffs' counsel at the February 11, 2002 Status Conference, in light of this Court's Order Declining In Rem Jurisdiction, Plaintiffs' claims against numerous registrant defendants (or the domain names registered by them) are now

3

stalled. Plaintiffs urge, therefore, that the interests of justice will be served by allowing venue of Plaintiffs' claims against the following defendants to be transferred to the United States District Court for the Eastern District of Virginia:

1. AAFM Breukers, registrant of FORDGARAGE.COM (United Kingdom)

2. Roger Abramson, registrant of LINCOLNS4SALE.COM, VOLVOS4SALE.COM, and VOLVOSFORSALE.COM (Surfside, FL)

3. Allegiance, registrant of JAGUARBUYER.COM (United Kingdom)

4. Philip Barry, registrant of DBASTON-MARTIN.COM (United Kingdom)

5. Robert E. Capps, registrant of JAGUARSALES.COM (Folsom, CA)

6. Joseph Davidovic, registrant of FORDYOUNGDRIVERS.COM, FORDYOUNGDRIVERS.NET, and FORDYOUNGDRIVERS.ORG (Canada)

7. Domain for Sale, registrant of VOLFORD.COM (Sweden)

8. Fordmustang.com, registrant of FORDMUSTANG.COM (Chandler, AZ)

9. Roger Hoe, registrant of JAGUARSERVICING.COM (United Kingdom)

10. Scott Howell, registrant of OLDFORDS.COM (Palm Beach Gardens, FL)

11. Hurricane Industries, registrant of TEXANFORD.COM, TEXANFORD.NET, TEXANFORD.ORG, TEXANLINCOLNMERCURY.COM, and TEXANSFORD.COM (Alleyton, TX)

12. Jacob Pavin, registrant of 4AJAG.COM, 4AJAGUAR.COM, and 4AVOLVO.COM (Irving, TX)

13. Local Websites, registrant of FORDREPAIRS.COM and VOLVOREPAIRS.COM (United Kingdom)

14. Mainstream Music, registrant of FORDV8.COM (New Zealand)

15. Jose F. Martinez, registrant of FORDAP.COM and IFORDPARTS.COM (Puerto Rico)

16. Montgomery, registrant of FORDMOTORCARS.COM (Thailand)

17. Mr. For Sale, registrant of FORDING.COM (United Kingdom)

4

18. John Murphy, registrant of MRASTONMARTIN.COM (United Kingdom)

19. Onlyne Corporate Services, registrant of FORDPROBE.COM (Panama)

20. Joseph Parvin, registrant of EJAGS.COM (Princetown Junction, NJ)

21. Ran Productions, registrant of FORDVISION.COM (Canada)

22. Rubuscum Oy, registrant of FORDCENTER.COM (Finland)

23. Seller, registrant of SHOPNFORD.COM (Trenton, NJ)

24. Richard G. Shanks, registrant of FORD2001.NET (United Kingdom)

25. This Domain Is For Sale, registrant of FORDCARE.COM (Philippines)

26. Vaneechoud, registrant of FORDRENTING.COM (Spain)

27. Vine-Overseas Trading Corp., registrant of FORDHOLDINGS.COM (South Korea)

28. Julie Webb, registrant of FORDPICKUPSALES.COM (New Zealand)

29. Zykar International, JAGUARMOTORCOMPANY.COM (Smithtown, NY)

As indicated above, each of the registrant defendants listed above is the registrant of one or more domain names in the top level domains ".COM," ".NET," and ".ORG," and that are alleged to constitute a violation of the ACPA in this case. Because the registry of the top-level domains .COM, .NET, and .ORG is located in the Eastern District of Virginia, Plaintiffs respectfully suggest that the Eastern District of Virginia is an appropriate district in which Plaintiffs may continue their efforts to seek redress against the registrant defendants.

Following a transfer to the Eastern District of Virginia of their claims against the defendants listed above, Plaintiffs intend to make renewed efforts to locate and/or serve some or all of the registrant defendants listed above. In the event that renewed efforts to

5

bring the registrant defendants within the personal jurisdiction of the Eastern District of Virginia are not successful, Plaintiffs will seek permission from the Eastern District of Virginia to proceed *in rem* against the Internet domain names at issue. Because all domain names at issue on this Motion are in top-level domains whose central registry is located in Virginia, venue is proper there and territorial *in rem* jurisdiction over the domain names may be exercised. *See, e.g., Cable News Network, L.P. v. CNNEWS.COM,* 162 F.Supp.2d 484, 488 n.11, 492 (E.D. Va. 2001) (stating that "this *in rem* action may proceed because it is sufficient under the ACPA and the Constitution that the registry for cnnews.com is located within this district," even though the registrar was located in China).

## CONCLUSION

This Court should enter an Order for a partial transfer of venue with respect to Plaintiffs' claims against the domain name registrant defendants listed in Plaintiffs' Motion.

DICKINSON WRIGHT PLLC

By: /s/ Kathleen A. Lang
Kathleen A. Lang (P34695)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

DATED: February 26, 2002
DETROIT 18260-1537 648678

6



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, *et. al.*,

        Plaintiffs,

v.

GREATDOMAINS.COM, INC., *et. al.*,

        Defendants.
_____/

Civil No. 00-71544

Hon. Robert H. Cleland

KATHLEEN A. LANG (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
        Co-counsel
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471
_____/

FILED
2002 FEB 26 P 1:00
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## NOTICE OF HEARING

TO ALL COUNSEL OF RECORD:

    Please take notice that the attached Plaintiff's Motion for Partial Transfer of Venue will be brought on for hearing before the Hon. Robert H. Cleland at a time and date to be set by the Clerk of the Court.

1

DICKINSON WRIGHT PLLC

By: *Kathleen A. Lang* (mdl)
Kathleen A. Lang (P34695)
Attorneys for Plaintiff
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3500

Dated: February 26, 2002.

*PROOF OF SERVICE:*

*The undersigned certifies that a copy of the above Notice of Hearing, Motion for Partial Transfer of Venue and Supporting Documents was served on all counsel of record at their respective business addresses as disclosed by the pleadings of record herein on February 26, 2002. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.*

*BY:*
XX  U.S. Mail          ___ FAX
Other
___ Hand Delivered     ___ Federal Express

*Jennie Lajoie*

DETROIT 18260-1537 648687

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

2002 FEB 26 P 1:00

FILED