# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

*FILED*

MAR 3  4 51 PM '02

**FORD MOTOR COMPANY,** *et al.*

    **Plaintiffs**

U.S. DISTRICT COURT
ANN ARBOR

v.

Case No. 00-CV-71544-DT

**GREATDOMAINS.COM, Inc.,**
*et al.*,

Hon. Robert H. Cleland
United States District Judge

    **Defendants.**

_____/

---

## FED. R. CIV. P. 6(b) MOTION AND SUPPORTING MEMORANDUM OF PREVAILING DEFENDANT HANS REKESTAD AND THE ELECTRONIC FRONTIER FOUNDATION FOR AN EXTENSION OF TIME IN WHICH TO MOVE FOR COSTS AND FEES

Cindy Cohn
Legal Director
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA 94110
415.436.9333

Eric C. Grimm (P58990)
**CYBERBRIEF, PLC**
320 South Main Street
P.O. Box 7341
Ann Arbor, MI 48107-7341
734.332.4900

COUNSEL FOR EFF DEFENDANTS
INCLUDING HANS REKESTAD.

## QUESTION PRESENTED

**Question Presented:** May Prevailing Defendant Hans Rekestad[1] please have an extension of time – through and including March 27, 2002 – to file a Motion seeking costs and fees as a prevailing party under Rule 54(d)?

## MOST RELEVANT AUTHORITIES

Rule 6(b) of the Federal Rules of Civil Procedure states that, "When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ."

15 U.S.C. § 1117(a)(3), governing remedies in trademark cases, says that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

Not only may a prevailing <u>defendant</u> in a lawsuit under the Lanham Trademark Act recover fees under section 1117, but the standard of proof for a prevailing <u>defendant</u> is different than that for the prevailing plaintiff, in order to establish the case is "exceptional," triggering an award of fees in a reasonable amount. <u>Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.</u>, 958 F.2d 594, 599 (4th Cir. 1992); see also <u>Noxell Corp. v. Firehouse No. 1. Bar-B-Que Restaurant</u>, 248 App. D.C. 329, 771 F.2d 521, 524-26 (D.C. Cir.) (Ginsburg, J.), *reh'g en banc denied*, 774 F.2d 1180 (D.C. Cir. 1985).

Rule 54(d)(1) states that "costs other than attorneys' fees shall be awarded to the prevailing party unless the court otherwise directs."

Rule 54(d)(2) states that:

---

[1] Volvo Trademark Holding, A.B., in which FORD has a 50% ownership interest, is headquartered in Sweden. Accordingly, none of the Plaintiffs had any legitimate or good-faith basis to sue Hans Rekestad in detroit and to impose the mental duress on him that protracted litigation in an improper forum entails. Accordingly, for exactly the same reasons set forth in <u>Noxell Corp. v. Firehouse No. 1. Bar-B-Que Restaurant</u>, 248 App. D.C. 329, 771 F.2d 521, 524-26 (D.C. Cir.) (Ginsburg, J.), *reh'g en banc denied*, 774 F.2d 1180 (D.C. Cir. 1985). Mr. Rekestad qualifies as a prevailing Defendant, entitled to an award of reasonable coasts and attorneys' fees.

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B) Unless otherwise provided by statute or order of the court, the motion must . . . specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.  If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made. . . .

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, *et al.*

       **Plaintiffs**

v.                        Case No. 00-CV-71544-DT

**GREATDOMAINS.COM, Inc.,**       Hon. Robert H. Cleland
*et al.*,                     United States District Judge

       **Defendants.**

_____/

### FED. R. CIV. P. 6(b) MOTION OF PREVAILING DEFENDANT HANS REKESTAD AND THE ELECTRONIC FRONTIER FOUNDATION FOR AN EXTENSION OF TIME IN WHICH TO MOVE FOR COSTS AND FEES

Prevailing Defendant Hans Rekestad (owner and publisher of < ClassicVolvo.com >), and the Electronic Frontier Foundation, through counsel, respectfully move for an extension of time, through and including March 27, 2002, in which to file a Motion for Costs and Fees. In support of this Motion, Mr. Rekestad and the EFF respectfully state:

1.      On or about February 22, 2002 (according to a telephone conversation held on March 6, 2002, with Lisa Teets, the Court's Case Manager) counsel for the Ford Motor Company filed papers voluntarily dismissing Mr. Rekestad from the Ford v. Great Domains lawsuit and dismissing all claims against him.

2.      Counsel for Mr. Rekestad and the EFF never, prior to March 6, 2002,

-1-

received any notice whatsoever from counsel for FORD and the other Plaintiffs, relating to the dismissal of claims involving Mr. Rekestad.

3.      It was not until counsel for the EFF spoke with Lisa Teets on March 6, 2002, that counsel learned that FORD and the other Plaintiffs had voluntarily dismissed Mr. Rekestad and all claims against him.

4.      Ford and its lawyers were clearly and unequivocally on notice that Mr. Rekestad was represented by the EFF and by Mr. Grimm. Not only was Mr. Rekestad's status specifically referenced in multiple papers that addressed questions of *in rem* jurisdiction (all of which directly impacted whether this Court had a viable basis to exercise jurisdiction to adjudicate Rekestad's rights), but as recently as February 13, 2002, in correspondence with this honorable Court, Mr. Grimm specifically referenced his representation of Mr. Rekestad.

5.      Accordingly, FORD's lawyers should have served notice of the dismissal of Mr. Rekestad on Mr. Grimm. So far as counsel are able to determine, they did not do so.

6.      FORD and the other Plaintiffs never had any good-faith or legitimate basis to seek to subject Mr. Rekestad – a subject of the Swedish sovereign – to jurisdiction in Michigan or to adjudicate any of his rights by way of any judicial proceeding in Michigan.

7.      There was never any "domain name assignment authority" in the Eastern District of Michigan to supply any basis for *in rem* jurisdiction.

8.      There was never any viable or good-faith basis for "effects test" jurisdiction

-2-

in Michigan because the trademark owner is not even located here. Volvo Trademark
Holding A.B. (in which FORD's ownership stake is only 50 %) is incorporated and
headquartered in Sweden, not the United States.

      9.     As a result of protracted litigation and extortionate demands for money by
FORD's lawyers, Mr. Rekestad has suffered extraordinary psychological distress and
anxiety. What FORD has done to him is grossly unfair and improper.

      10.    FORD's trans-Atlantic forum-shopping shenanigans are exactly identical to
the improper forum-shopping strategy that triggered an award of attorneys' fees to the
prevailing defendant in in <u>Noxell Corp. v. Firehouse No. 1. Bar-B-Que Restaurant</u>, 248
App. D.C. 329, 771 F.2d 521, 524-26 (D.C. Cir.) (Ginsburg, J.), *reh'g en banc denied*,
774 F.2d 1180 (D.C. Cir. 1985).

      11.    Among the various EFF Defendants, <u>only</u> Mr. Rekestad and the EFF itself
are expected to move for costs and fees – and they shall move for costs and fees related to
the defense of Mr. Rekestad only. So long as FORD and the other Plaintiffs
expeditiously dismiss their claims against the other EFF Defendants (as FORD has
purported, at least , to agree), the other EFF Defendants have agreed that the terms of the
other dismissals shall be that each party bears its own costs and fees. Mr. Rekestad has
not agreed to such a term, however, and the EFF has never agreed to such a term
involving any efforts to defend the rights of Mr. Rekestad. Separating out Rekestad-
related fees and expenses from expenses that have no bearing on Mr. Rekestad's defense
may take some time and will require considerable effort on the part of counsel for the

EFF. Accordingly, extra time is reasonably required in order to prepare a fee request.

11.    The EFF and counsel respectfully believe that March 27, 2002 is a

reasonable time within which to require the filing of a Rule 54(d) Motion for costs and

fees – inasmuch as counsel were not notified of the dismissal of Mr. Rekestad by the

Plaintiffs prior to March 6, 2002.

### PRAYER FOR RELIEF

For the foregoing reasons, Defendants respectfully pray for an extension of time,

through and including March 27, 2002, in which to file a Rule 54(d) Motion for costs and

fees.                                                        Respectfully submitted,

The Electronic Frontier Foundation
and the EFF Defendants,

By counsel,

March 6, 2002

Cindy Cohn
Legal Director
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA 94110
202.429.3000

Eric C. Grimm (P58990)
**CYBERBRIEF, PLC**
320 South Main Street
P.O. Box 7341
Ann Arbor, MI 48107-7341
734.332.4900

COUNSEL FOR THE ELECTRONIC
FRONTIER FOUNDATION AND
THE EFF DEFENDANTS.

-4-

## CERTIFICATE OF CONFERENCE

I, Eric C. Grimm, respectfully state that I conferred with Greg Phillips, counsel of record

for the Plaintiffs, on March 6, 2002, at or about 2:15 in the afternoon, Eastern Standard Time,

about seeking costs and fees on behalf of Mr. Rekestad and the Electronic Frontier Foundation,

as well as the intention of Rekestad and the EFF to seek an extension of time in which to file a

Rule 54(d) Motion. I also placed a call to Kathy Lang.

Mr. Phillips told me that Scott Ryther was not in the office and that Mr. Phillips would

have to confer with Mr. Ryther before he could answer whether the extension of time was

consented-to.

Neither Mr. Phillips nor Mr. Ryther returned my call in time, so it is impossible to

determine whether this Motion is Opposed.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 6, 2002

Eric C. Grimm

-5-

## SUPPORTING MEMORANDUM

Prevailing Defendant Hans Rekestad (owner and publisher of < ClassicVolvo.com >), and the Electronic Frontier Foundation, through counsel, respectfully move for an extension of time, through and including March 27, 2002, in which to file a Motion for Costs and Fees. In support of this Motion, Mr. Rekestad and the EFF respectfully state:

1.      Mr. Rekestad is a resident of Sweden. Ford Motor Company never had any legitimate or good-faith basis to attempt to sue him in Michigan.

2.      This is an exceptional case. It is, in fact, truly groundbreaking as the first in the Eastern District of Michigan to deal squarely with extremely novel and highly salient issues of Due Process and jurisdiction – including issues of *in rem* jurisdiction over Internet Domain Names raised by the "*in rem*" jurisdiction provisions of the AntiCybersquatting Consumer Protection Act of 1999. See 15 U.S.C. § 1125(d)(2)(A)(ii)(I); see also FleetBoston Fin. Corp. v. FleetBostonFinancial.com, 138 F. Supp. 2d 121 (D. Mass. 2001) (questioning – but declining squarely to address – constitutionality of ACPA "*in rem*" jurisdiciton); Mattel, Inc. v. Barbie-Club.com, Case No. 00-CIV. 8705 (DLC) (S.D.N.Y. May 1, 2001) (following FleetBoston); Order Declining to Exercise *In Rem* Jurisdiction (Dec. 20, 2001), *in* Ford Motor Co. v. GreatDomains.com, Inc., C. A. No. 00-CV-71544-DET (E.D. Mi. *filed* Apr. 15, 2000), < http://www.mied.uscourts.gov/_opinions/Clelandpdf/RHC00-71544.PDF > (concluding that ACPA *in rem* provisions violate Due Process when invoked in Detroit, Michigan); cf. America Online, Inc. v. Huang, 106 F. Supp. 2d 848 (E.D. Va. 2000) (addressing related

-6-

issue of Due Process and "minimum contacts").

3.     On or about February 22, 2002 (according to a telephone conversation with Lisa Teets, the Court's Case Manager), counsel for the Ford Motor Company filed papers voluntarily dismissing Mr. Rekestad from the <u>Ford v. Great Domains</u> lawsuit and dismissing all claims against him.

4.     Counsel for Mr. Rekestad and the EFF never, prior to March 6, 2002, received any notice whatsoever from counsel for FORD and the other Plaintiffs of the dismissal of claims involving Mr. Rekestad.

5.     It was not until counsel for the EFF spoke with Lisa Teets on March 6, 2002, that counsel learned that FORD and the other Plaintiffs had voluntarily dismissed Mr. Rekestad and all claims against him.

6.     Ford and its lawyers were clearly and unequivocally on notice that Mr. Rekestad was represented by the EFF and by Mr. Grimm.  Not only was Mr. Rekestad's status specifically referenced in multiple papers that addressed questions of *in rem* jurisdiction (all of which directly impacted whether this Court had a viable basis to exercise jurisdiction to adjudicate Rekestad's rights), but as recently as February 13, 2002, in correspondence with this honorable Court, Mr. Grimm specifically referenced his representation of Mr. Rekestad.

7.     Accordingly, FORD's lawyers should have served notice of the dismissal of Mr. Rekestad on Mr. Grimm.  So far as counsel can determine, they did not do so.

8.     FORD and the other Plaintiffs never had any good-faith or legitimate basis

-7-

to seek to subject Mr. Rekestad – a subject of the Swedish sovereign – to jurisdiction in Michigan or to adjudicate any of his rights by way of any judicial proceeding in Michigan.

9.     There was never any "domain name assignment authority" in the Eastern District of Michigan to supply any basis for *in rem* jurisdiction.

10.     There was never any viable or good-faith basis for "effects test" jurisdiction in Michigan because the trademark owner is not even located here.  Volvo Trademark Holding A.B. (in which FORD's ownership stake is only 50 %) is incorporated and headquartered in Sweden, not the United States.

11.     As a result of protracted litigation and extortionate demands for money by FORD's lawyers, Mr. Rekestad has suffered extraordinary psychological distress and anxiety.  What FORD has done to him is grossly unfair and improper.

12.     FORD's trans-Atlantic forum-shopping shenanigans are exactly identical to the improper forum-shopping strategy that triggered an award of attorneys' fees to the prevailing defendant in in <u>Noxell Corp. v. Firehouse No. 1. Bar-B-Que Restaurant</u>, 248 App. D.C. 329, 771 F.2d 521, 524-26 (D.C. Cir.) (Ginsburg, J.), *reh'g en banc denied*, 774 F.2d 1180 (D.C. Cir. 1985).

13.     The EFF and counsel respectfully believe that March 27, 2002 is a reasonable time within which to require the filing of a Rule 54(d) Motion for costs and fees – inasmuch as counsel were not notified of the dismissal of Mr. Rekestad by the Plaintiffs prior to March 6, 2002.

-8-

14.     When substantial and important issues of public policy and free speech are

at stake (as they have been in this case), it is hardly unusual for United States District

Courts to award reasonable attorneys' fees to the prevailing party.  See, e.g., Mainstream

Loudon v. Board of Trustees of the Loudon County Library, No. 97-9049-A (E.D. Va.

April 1, 1999).

15.     Here, Mr. Rekestad and the EFF clearly are the prevailing parties, in

relation to the claims involving Mr. Rekestad (which have always been contested on

jurisdiction grounds).

16.     The prevailing party in a trademark case is authorized to recover – in an

"exceptional case" – the prevailing party's attorneys' fees. 15 U.S.C. § 1117(a)(3) ("The

court in exceptional cases may award reasonable attorney fees to the prevailing party.").

17.     Although a prevailing **plaintiff** in a trademark case must make out a case of

"bad faith" by the alleged infringer, in order to recover fees under 15 U.S.C. § 1117, a

prevailing **defendant** may recover in any "exceptional case" -- even in the absence of bad

faith by the Plaintiff.[2]  Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d 137,

144 (4th Cir. 2000) (describing multifactor test for determining when prevailing

defendants should recover fees);  Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.,

958 F.2d 594, 599 (4th Cir. 1992) ("[W]e believe that a finding of bad faith on the part of

a plaintiff is not necessary for a prevailing defendant to prove an 'exceptional' case under

---

[2]See also The Procter & Gamble Co. v. Amway Corp., No. 00-20127, __ F.3d __
n.12 (5th Cir. Jan. 17, 2002).

. . . the Lanham Act.").

18.     Particularly in light of the Plaintiff's obvious strategy of forum-shopping and running up the legal bills on a financially weaker opponent, Defendants respectfully believe that under the most persuasive precedents, an award of reasonable attorneys' fees, in addition to costs, would be just and proper in the instant case.  Noxell Corp. v. Firehouse No. 1. Bar-B-Que Restaurant, 248 App. D.C. 329, 771 F.2d 521, 524-26 (D.C. Cir.) (Ginsburg, J.), reh'g en banc denied, 774 F.2d 1180 (D.C. Cir. 1985); see also General Motors Corp. v. Cadillac Marine & Boat Co., 226 F. Supp. 716, 742-44 (W.D. Mich. 1964) (Fox, J.); cf. Three Lakes Ass'n v. Whiting, 75 Mich. App. 564, 574, 255 N.W.2d 686 (1977).

19.     Among the various EFF Defendants, only Mr. Rekestad and the EFF itself are expected to move for costs and fees.  And they shall seek costs and fees related to the defense of Mr. Rekestad only.  So long as FORD and the other Plaintiffs expeditiously dismiss their claims against the other EFF Defendants (as FORD's counsel have purported, at least, to promise), the other EFF Defendants have agreed that the terms of the other dismissals shall be that each party bears its own costs and fees.  Mr. Rekestad has not agreed to such a term, however, and the EFF has never agreed to such a term involving any efforts to defend the rights of Mr. Rekestad.  Separating out Rekestad-related fees and expenses from expenses that have no bearing on Mr. Rekestad's defense, may take some time and will require considerable effort on the part of counsel for the EFF.  Accordingly, extra time will be required to prepare a proper fee request.

20.     An extension of time through and including March 27, 2002, is appropriate under the circumstances, in order to give EFF Defendants and counsel sufficient time to prepare and file a Rule 54(d) Motion.

## PRAYER FOR RELIEF

For the foregoing reasons, Defendants respectfully pray for an extension of time, through and including March 27, 2002, in which to file a Rule 54(d) Motion for costs and fees.

Respectfully submitted,

The Electronic Frontier Foundation
and the EFF Defendants,

By counsel,

March 6, 2002

Cindy Cohn
Legal Director
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA 94110
202.429.3000

Eric C. Grimm (P58990)
**CYBERBRIEF, PLC**
320 South Main Street
P.O. Box 7341
Ann Arbor, MI 48107-7341
734.332.4900

COUNSEL FOR THE ELECTRONIC
FRONTIER FOUNDATION AND
THE EFF DEFENDANTS.

-11-

## CERTIFICATE OF SERVICE

I certify that the foregoing **MOTION AND SUPPORTING MEMORANDUM OF EFF AND HANS REKESTAD FOR AN EXTENSION OF TIME TO MOVE FOR COSTS AND FEES** was served on the following counsel of record, by facsimile on March 6, 2002, and by depositing them with the United States Postal Service, with First Class Mail or more expeditious means of delivery prepaid, on or before March 6, 2002:

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
560 E. 200 South, Suite 300
Salt Lake City, UT  84102
801.366.7451

Kathleen Lang, Esq.
Dickinson Wright PLLC
500 Woodward Ave, Suite 4000
Detroit, MI 48226-3425
313.223.3500

-12-