ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
EASTERN DIVISION

FORD MOTOR COMPANY, et. al.,

        Plaintiffs,

v.

GREATDOMAINS.COM, INC., et. al.,

        Defendants.

Civil No. 00-71544

Hon. Robert H. Cleland

KATHLEEN A. LANG (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-counsel:
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL TRANSFER OF VENUE**

        Plaintiffs Ford Motor Company, Jaguar Cars Limited, Aston Martin Lagonda Limited, and Volvo Trademark Holding AB (collectively "Plaintiffs") respectfully submit this Reply Memorandum in support of their "Motion For Partial Transfer Of Venue" filed on February 26, 2002.



## INTRODUCTION

The Electronic Frontier Foundation ("EFF") now presumes to enlighten the Court and Plaintiffs by suggesting "the right way" for Plaintiffs to pursue their claims against numerous defendants who cannot be located for service. EFF and its counsel need not concern themselves with the welfare of Plaintiffs' case since EFF no longer has a client with any rights at stake in this case, and thus has no standing to raise any objection to the Motion to Transfer Venue.

More importantly, EFF and its counsel seek to prevent Plaintiffs from transferring their claims against 29 defendants (none of which are represented by EFF or its counsel) to the only United States District Court in which Plaintiffs may seek relief against non-U.S. defendants and/or Internet domain names. In so doing, EFF advances two primary points. First, EFF argues that Plaintiffs' claims against defendants that have not been served must be dismissed under Rule 4(m). Second, EFF conveniently omits key language of the ACPA's *in rem* provision to assert that Virginia is not a proper district in which Plaintiffs' claims might have been brought. Both arguments are without merit and must be rejected.

In short, justice will be best served by granting Plaintiffs' motion for partial transfer of venue to the Eastern District of Virginia, where Plaintiffs can continue to pursue their claims against the domain names that cannot be located or served.

## ARGUMENT

### I.   EFF'S ARGUMENT UNDER RULE 4(m) IS MISPLACED.

As discussed above, EFF and its counsel no longer represent a party to this case. Nevertheless, EFF argues at length that this Court has a duty to dismiss all claims against defendants that have not yet been served in this matter. EFF—with a dogmatic certainty that hints at EFF's own insecurity in its position—claims that Rule 4(m) "imposes a mandatory duty

on this honorable Court" to dismiss claims against any defendant that Plaintiffs have been unable to locate for service. [Memorandum of the EFF Defendants ("EFF Mem.") at 2] In so arguing, EFF and its counsel completely ignore the language of Rule 4(m), and conveniently forget the history of this Court's previous rulings.

Contrary to EFF's argument, there is nothing absolutely "mandatory" about the language of Rule 4(m). It states in its entirety:

> (m) **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative *after notice to the plaintiff*, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).*

*Fed. R. Civ. P.* 4(m) (emphasis added).

Two matters are immediately obvious from a fair reading of Rule 4(m). First, with respect to those defendants that are located outside the United States, the "time limit" provision of Rule 4(m) plainly does not apply. This accounts for 20 of the 29 defendants listed in Plaintiffs' Motion for Partial Transfer of Venue. Accordingly, EFF's statement that Rule 4(m) "mandates" the dismissals of Plaintiffs' claims against all 29 of the defendants at issue on this Motion is a gross misstatement of the law.

Second, with respect to the nine defendants that list United States addresses in their domain name registrations, this Court is clearly not "required" to dismiss Plaintiffs' claims under Rule 4(m). Under the plain language of that rule, this Court has discretion to allow Plaintiffs an additional period of time within which to serve those defendants. As detailed in Plaintiffs' previous filings, Plaintiffs have made more than substantial efforts to locate the U.S. registrant

3

defendants that have not been served. The difficulty in locating such defendants is due to the defendants' likely use of false registration information when they registered their infringing domain names. Accordingly, this Court entered its "Order To Publish Notice Of Action" on October 15, 2000 permitting Plaintiffs to proceed against the nine U.S. defendants at issue on this Motion under the *in rem* provisions of the ACPA. *See* 15 U.S.C. § 1125(d)(2). Now that this Court has declined to exercise *in rem* jurisdiction over any defendants, Rule 4(m) *precludes* a dismissal for failure to serve the U.S. defendants until "after notice to the [Plaintiffs]." *Fed. R. Civ. P.* 4(m). Instead of giving notice of an impending dismissal, this Court set a Status Conference for February 11, 2002. At that conference, Plaintiffs reported their intention to move for a transfer of venue of Plaintiffs' claims against 29 defendants to Virginia where *in rem* jurisdiction is possible under this Court's interpretation of the ACPA. This Court indicated that it would entertain Plaintiffs' Motion. Under these circumstances and the language of Rule 4(m), EFF's suggestion that Plaintiffs' claims must be dismissed "forthwith" is clearly not "the right way" for this Court to proceed.

## II. TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA IS PROPER

Although EFF and its counsel do not represent any of the defendants at issue on this Motion, EFF nevertheless suggests that the Eastern District of Virginia is not a district in which Plaintiffs' claims "might have been brought." EFF's arguments in this regard must be rejected. EFF has no information (and produces none) to suggest that *in personam* jurisdiction cannot be established with respect to some or all of the defendants at issue on Plaintiffs' Motion. Moreover, if Plaintiffs will eventually find it necessary to seek permission from the court in Virginia to proceed *in rem*, then it is the court in Virginia that is most appropriate to determine whether an *in rem* proceeding is proper—not this Court. By EFF's own admission, the Court in

4

which an *in rem* proceeding is brought must first find that either: (1) the registrant defendants are not subject to *in personam* jurisdiction, or (2) Plaintiffs' are unable to locate the defendants. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Upon making such a finding, the court in Virginia can exercise *in rem* jurisdiction over domain names whose registry is located in that district.

EFF further opposes Plaintiffs' Motion on the supposed ground that *in rem* jurisdiction would be improper there. In so doing, EFF once again omits key language in the ACPA and contradicts controlling precedent in the Eastern District of Virginia. EFF repeatedly argues that the language of the ACPA as requires that an *in rem* action be brought only in the district in which the domain name *registrar* is located. However, the language of the ACPA is not so limited. It plainly and unambiguously states:

> The owner of a mark may file an in rem civil action against a domain name in the judicial district *in which the domain name registrar,* ***domain name registry,*** *or other domain name authority that registered or assigned the domain name is located."*

15 U.S.C. § 1125(d)(2)(A) (emphasis added).

This language could not be more clear in expressing Congressional desire to allow *in rem* actions where the ***domain name registry*** is located. The disjunctive language allows *in rem* actions in any one of three possible districts: (1) where the "domain name registrar" is located, (2) where the "domain name registry" is located, *or* (3) where some "other domain name authority that registered or assigned the domain name is located." Indeed, Congress likely anticipated that situations may arise in which there is neither a "domain name registrar" nor some "other domain name authority" located in any district in the United States. Accordingly, Congress provided that an action may also be brought in any district where the "domain name registry" is located. At the time of passage of the ACPA, its was not lost on Congress that the registry of the .COM, .NET, and .ORG top level domains was maintained in Virginia.

5

EFF's argument that the ACPA restricts *in rem* civil actions to districts in which domain name registrars is not only at odds with the plain language of the ACPA, but with controlling precedent in the Eastern District of Virginia. *See, e.g., Cable News Network, L.P. v. CNNEWS.COM,* 162 F.Supp.2d 484, 488 n.11, 492 (E.D. Va. 2001) (*in rem* action proper where registry was located in Virginia even though registrar was in China).

## CONCLUSION

For the reasons set forth above, this Court should reject EFF's arguments and grant Plaintiffs' Motion For Partial Transfer Of Venue.

DICKINSON WRIGHT PLLC

By: /s/ Kathleen A. Lang
Kathleen A. Lang (P34695)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

DATED: March 18, 2002

DETROIT 18260-1537 652844

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleading_____ March 18, 20 02

By: ☒ Via Mail
☐ Hand Delivered ☐ FAX
☐ Federal Express ☐ Overnight Courier
☐ Other:

I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.
Signature_____

6