# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ORIGINAL

FORD MOTOR COMPANY, *et. al.*,

        Plaintiffs,

v.

GREATDOMAINS.COM, INC., *et. al.*,

        Defendants.

        Civil No. 00-71544

        Hon. Robert H. Cleland

_____/

KATHLEEN A. LANG (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-counsel:
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs Ford Motor Company, Jaguar Cars Limited, Aston Martin Lagonda Limited, and Volvo Trademark Holding AB (collectively "Plaintiffs") respectfully submit this Reply Memorandum in support of their "Motion For Leave To Amend Complaint" filed on February 22, 2002 and their "Supplemental Motion For Leave To Amend Complaint" filed on March 1, 2002.

## ARGUMENT

### I. THE ELECTRONIC FRONTIER FOUNDATION CHALLENGES PLAINTIFFS' MOTION ON BEHALF OF NO ONE, AND THUS HAS NO STANDING

The Electronic Frontier Foundation ("EFF"), which is not a party to this lawsuit, has filed a document in opposition to Plaintiffs' Motion to Amend entitled "Memorandum Of The EFF Defendants." However, EFF's papers do not identify any defendant on whose behalf the EFF opposes Plaintiffs' Motion. This is no mistake. As reported by counsel at the February 11, 2002 Status Conference, Plaintiffs have a reached a binding settlement with all defendants who have appeared in this case through EFF and its counsel, Eric C. Grimm of Cyberbrief, PLC. These "Settling EFF Defendants" include: Paul Brown, Robert Emmert, Gapmount, Ltd., Thomas Cooper, Rad*Tech, and Alfonso Fiero.[1] Obviously, any opposition to Plaintiffs' Motion to Amend by the Settling EFF Defendants' would be misplaced and, quite possibly, a breach of the binding settlement reached between Plaintiffs and the Settling EFF Defendants.

---

[1] Plaintiffs' settlement with the Settling EFF Defendants was reached in early February 2002. The settlement calls for several of the Settling EFF Defendants to execute and deliver to Plaintiffs documents effecting the transfers of their domain name registrations. Upon receipt of the transfers, stipulations for dismissal of claims against the Settling EFF Defendants will be executed and filed. Plaintiffs still await delivery of documents from those Settling EFF Defendants that agreed to transfer their domain names. Perhaps this delay is due to EFF's desire to stay involved in this case long enough "run interference" with Plaintiffs' legitimate efforts to move this case forward.

2

## II. NEITHER EFF NOR ITS AFFILIATED DEFENDANTS HAVE ANY VALID OBJECTION TO PLAINTIFFS' MOTION TO AMEND

As set forth above, none of the Settling EFF Defendants has any legitimate objection to Plaintiffs' Motion to Amend. Plaintiffs merely seek to verify their Amended Complaint, leaving the substantive claims and allegations in the original Complaint unchanged. EFF has not and cannot demonstrate any prejudice that will be caused by such an amendment, especially not with respect to any of EFF's affiliated clients, all of which have already settled and whose dismissals from this case are imminent.[2]

Clearly, EFF has no legitimate objection to the amendment sought by Plaintiffs. EFF's real motive in challenging Plaintiffs' proposed amendment is to prevent Plaintiffs from eventually proceeding *in rem* in the Eastern District of Virginia against domain names whose registrants cannot be located or otherwise brought within the personal jurisdiction of the court there. EFF's opposition to the exercise of *in rem* jurisdiction in the Eastern District of Virginia, however, has nothing to do with this Court's decision to allow the simple amendment requested by Plaintiffs. The amendment does not add new claims based on the *in rem* provisions of the ACPA. If EFF (or any of its yet-to-be-recruited clients) wish to oppose Plaintiffs' efforts to proceed against Internet domain names *in rem* in the Eastern District of Virginia, EFF should at least wait until such time as Plaintiffs actually assert *in rem* claims in Virginia. In short, EFF's

---

[2] EFF counsel has previously indicated that he has an attorney-client relationship with another defendant, Mr. Hans Rekestad. However, EFF counsel has never entered an appearance in this matter on Mr. Rekestad's behalf, nor has Mr. Rekestad answered or otherwise appeared in this case. Following the conclusion of the February 11, 2002 Status Conference, Plaintiffs dismissed voluntarily their claims against Hans Rekestad *at the request of EFF counsel.* Accordingly, Hans Rekestad has no legitimate objection to Plaintiffs' Motion to Amend, and EFF cannot genuinely claim to have a client interested in this Motion due to Hans Rekestad's previous status as a named defendant.

3

objections to the exercise of *in rem* jurisdiction in Virginia is a matter for the Eastern District of Virginia to consider if and when the matter arises there. Plaintiffs' Motion to Amend does not raise any such issue and clearly does not cause any prejudice to the Settling EFF Defendants or any other defendants.

## CONCLUSION

No defendant—especially not the Settling EFF Defendants—can demonstrate any prejudice that will follow from the amendment requested by Plaintiffs. In keeping with the language and spirit of Rule 15, Plaintiffs' Motion to Amend must be granted.

DICKINSON WRIGHT PLLC

By: _____
Kathleen A. Lang (P34695)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

DATED: March 18, 2002

DETROIT 18260-1537 652841

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleading_____March 18_____, 20 02

By: ☒ Via Mail           ☐ FAX
    ☐ Hand Delivered     ☐ Overnight Courier
    ☐ Federal Express    ☐ Other:

I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.
Signature_____

4