ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FORD MOTOR COMPANY, *et al.*

    **Plaintiffs**

v.

GREAT DOMAINS.COM, *et al.*

    **Defendants.**

_____/

Case No. 00-CV-71544-DT

Hon. Robert H. Cleland
United States District Judge

FILED APR 30 12 03 PM '02

## MOTION AND SUPPORTING MEMORANDUM
## OF HANS REKESTAD ENTERPRISES AND ELECTRONIC FRONTIER
## FOUNDATION FOR LEAVE TO EXCEED PAGE LIMITS

Eric C. Grimm (P58990)
**CYBERBRIEF, PLC**
320 South Main Street
P.O. Box 7341
Ann Arbor, MI 48107-7341
734.332.4900

COUNSEL FOR THE ELECTRONIC
FRONTIER FOUNDATION AND
HANS REKESTAD ENTERPRISES.



## QUESTIONS PRESENTED

1.  May the EFF and Hans Rekestad Enterprises Please Have Leave to file the Accompanying Reply Memorandum Supporting their Motion for Costs and Fees, in exactly the format presented?

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>

**FORD MOTOR COMPANY,** *et al.*

    **Plaintiffs**

v.                                Case No. 00-CV-71544-DT

**GREAT DOMAINS.COM,** *et al.*       Hon. Robert H. Cleland
                                           United States District Judge

    **Defendants.**

_____/

## MOTION OF HANS REKESTAD ENTERPRISES AND ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO EXCEED PAGE LIMITS

FILED APR 30 12 43 PM '02

On April 29, 2002, the EFF and Hans Rekestad Enterprises, through counsel, submitted a Motion and Supporting Memorandum for Costs and Fees, for filing with the Court.

The Opposition Memorandum of the Plaintiffs[1] (including an accompanying Declaration by Scott Ryther, Esq.)[2] subsequently filed with this Court by the Plaintiffs is filled with

---

[1] Technically, speaking, only Plaintiff Volvo Trademark Holding, A.B., which is not located in Detroit, is suing M.r Rekestad. None of the other Plaintiffs has standing to enter into any dispute with Hans. And Volvo Trademark Holding, A.B., has no good-faith basis whatsoever for forum-shopping this matter (between Swedes) to Detroit, Michigan.

[2] Instead of dealing with any actual events, having any objective sensory manifestation in the real world, Mr. Ryther's declaration improperly contains extensive discussions of previously undisclosed and counter-factual "impressions" that were hallucinated by Mr. Ryther within the confines of Mr. Ryther's head. Mr. Ryther's self-serving and recently-manufactured "impressions" run directly contrary to the actual words communicated to Mr. Ryther by Mr. Grimm. Thus, Mr. Ryther's self-serving and deliberately counter-factual "Declaration" cannot possibly serve as the basis for manufacturing a transaction or deal that was specifically and emphatically rejected by Mr. Grimm (and which, therefore, Mr. Rekestad – who was never present – could not possibly have accepted) because (1) Mr. Grimm explicitly gave Mr. Ryther

-1-

misrepresentations of fact and law that badly require correction. However, because of the volume of misinformation published by Mr. Ryther and others, it is impossible fully to correct the record in the customary five pages.

Accordingly, we respectfully submit this Motion for Leave, so we may file the accompanying Reply Memorandum, in exactly the form submitted to the Court.

### PRAYER FOR RELIEF

The EFF and Hans Rekestad Enterprises respectfully pray for leave to file the accompanying Reply Memorandum in Support of Motion for Costs and Fees, in the exact form annexed hereto.

Respectfully submitted,

**ELECTRONIC FRONTIER FOUNDATION and HANS REKESTAD ENTERPRISES,**

By counsel,

April 29, 2002

Eric C. Grimm (P58990)
CYBERBRIEF, PLC
320 South Main Street
P.O. Box 7341
Ann Arbor, MI 48107-7341
734.332.4900

COUNSEL FOR EFF and HANS REKESTAD ENTERPRISES.

---

every reason to form exactly the opposite "impressions," instead of the "impressions" Ryther now self-servingly pretends to have entertained, and (2) Mr. Ryther never previously bothered to communicate any of his "impressions" to Mr. Grimm or to anyone else. Inasmuch as Mr. Ryther would have been promptly disabused of his fantastic and hallucinatory "impressions" if he had bothered to ask, "Do I understand correctly that _____?," and he did not give the other side the opportunity to set him straight, Ryther's Declaration creates no duty, contract, deal, obligation, waiver, disability, or other legal effect for any Defendant – binding or otherwise.

-3-

## CERTIFICATE OF CONFERENCE

I certify that I called Kathleen Lang, counsel for the Plaintiff, on April 29, 2002, to secure her assent to this Motion for Leave to Exceed Page Limits. She was not available and I do not know whether this Motion is opposed or unopposed.

April 29, 2002

## SUPPORTING MEMORANDUM

In support, Hans Rekestad Enterprises and the Electronic Frontier Foundation, through counsel, respectfully state:

On April 29, 2002, the EFF and Hans Rekestad Enterprises, through counsel, submitted a Motion and Supporting Memorandum for Costs and Fees, for filing with the Court.

The Opposition Memorandum of the Plaintiff (and an accompanying Declaration by Scott Ryther, Esq. – which Declaration largely deals with previously undisclosed "impressions" that were hallucinated within the confines of Ryther's head, instead of any actual events in the real world, or any objectively verifiable communications actually spoken by Mr. Grimm),[3] subsequently filed with this Court, is filled with misrepresentations of fact and law that badly require correction. However, because of the volume of misinformation published by Mr. Ryther and others, it is impossible fully to correct the record in the customary five pages. Indeed, it was a struggle to set the record within the length (in terms of pages) actually taken.

The multiple factual, legal and policy issues pertaining to the question of attorneys' fees are

---

[3] As our Reply Memorandum states, Mr. Ryther was told explicitly: (1) that the EFF had every right to oppose and was going to file papers opposing Ryther's venue transfer concept, whether Ryther liked it or not (as we did) – precisely because our position was and is legally correct and his was and remains legally incorrect; (2) that the EFF and Mr. Grimm both reserved the right to undertake new representations of any new Defendants we may choose (Ryther begged for a promise that we would just stay out of FORD's way, and Grimm expressly refused to give him any such assurance); (3) that there was never any "package deal" for dismissals of any EFF Defendants (Plaintiffs were always required to make proposals directly to each individual, and Mr. Grimm absolutely forbade any attempt to link together any two or more deals involving any two or more individuals); and (4) Rekestad was **already** a prevailing party and was entitled to fees (which is, evidently, why Ryther and Lang surreptitiously dismissed Rekestad from the suit without telling Grimm or the EFF about it – apparently hoping that the information would go undiscovered for 14 days). It is a good thing that the Court's case manager – Lisa Teets – told Mr. Grimm about Mr. Rekestad's dismissal just prior to the time that the 14-day period for filing a fee request was about to run.

Page 1

complex and fair presentation of them necessitates the format and length of the accompanying Reply Memorandum for Costs and Fees, to be exactly as they are.

## CONCLUSION

For the foregoing reasons Rekestad, the EFF, and counsel pray for leave to file the accompanying papers in exactly the form in which they are presented.

Respectfully submitted,

**ELECTRONIC FRONTIER FOUNDATION and HANS REKESTAD ENTERPRISES,**

By counsel,

April 29, 2002

Eric C. Grimm (P58990)
CYBERBRIEF, PLC
320 South Main Street
P.O. Box 7341
Ann Arbor, MI 48107-7341
734.332.4900

COUNSEL FOR EFF and HANS REKESTAD ENTERPRISES.

## CERTIFICATE OF SERVICE

I certify that the foregoing **MOTION AND SUPPORTING MEMORANDUM FOR LEAVE** was served on the following counsel of record, by depositing them with the United States Postal Service, with First Class Mail or more expeditious means of delivery prepaid, on or before April 29, 2002:

> Gregory D. Phillips, Esq.
> Howard, Phillips & Andersen
> 560 E. 200 South, Suite 300
> Salt Lake City, UT  84102
> 801.366.7451
>
> Kathleen Lang, Esq.
> Dickinson Wright PLLC
> 500 Woodward Ave, Suite 4000
> Detroit, MI 48226-3425
> 313.223.3500