UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FORD MOTOR CO., et al.,

    Plaintiffs,

v.                                      Case No. 00-CV-71544-DT

GREATDOMAINS.COM, INC.,
et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' "MOTION FOR PARTIAL TRANSFER"**

This action raises claims of trademark dilution, infringement, and cybersquatting against over eighty Defendants. A number of those Defendants have been dismissed by either order of the court or agreement of the parties. More, however, (at least twenty-nine to be specific) have not yet been served. Now pending before the court is Plaintiffs' motion under 28 U.S.C. § 1404(a) to transfer venue for the claims against these unserved Defendants to the Eastern District of Virginia. For the reasons set forth below, the motion will be denied.

Title 28 of the United States Code § 1401(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). A transfer under this section "may not be granted when the [transferor] court does not have personal



jurisdiction over the defendants." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)). Transfer is similarly impermissible where the transferee court would lack personal jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960), *cited in Bunting ex rel. Gray v. Gray*, 2 Fed. App. 443, 449 (6th Cir. 2001). It is the plaintiff's burden to demonstrate that personal jurisdiction exists in both the transferor and transferee courts. *See Pittock*, 8 F.3d at 328 ("The plaintiff always bears the burden of establishing that personal jurisdiction exists.").

Plaintiffs have failed to establish that personal jurisdiction over the unserved Defendants exists either in this district or in the Eastern District of Virginia.[1] Rather, Plaintiffs simply note that *in rem* jurisdiction over the Internet domain names giving rise to the parties' dispute may be asserted in the Eastern District of Virginia. This argument, however, does not explain away the lack of personal jurisdiction in this court. More damaging is that it fails to explain how *in rem*

---

[1] As for the existence of personal jurisdiction in this district, the court has, with regard to a number of the served Defendants, granted Plaintiffs limited discovery into the existence of personal jurisdiction. Discovery as to the unserved Defendants, however, would be meaningless, because those Defendants are unavailable for questioning, and personal jurisdiction cannot be satisfied on the facts now available. (*See* 12/20/2001 Order Granting in Part, Denying in Part Motion for Reconsideration and/or Certification Under 28 U.S.C. § 1292(b), at 4.) As for the existence of personal jurisdiction in the Eastern District of Virginia, Plaintiffs have submitted no supporting evidence to the court.

jurisdiction over domain names not named in the complaint is relevant. Plaintiffs' complaint names only the domain name registrants as Defendants; no mention is made of the domain names themselves. Thus, Plaintiffs' arguments concerning *in rem* jurisdiction are irrelevant.[2] Because Plaintiffs have failed to demonstrate that the Eastern District of Virginia is a venue in which such claims could have been brought, the motion must be denied.

Accordingly, IT IS ORDERED that Plaintiffs' "Motion for Partial Transfer" [Dkt. # 165] is DENIED.

/s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Date: May 8, 2002

PURSUANT TO RULE 77(d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS OF RECORD
PARTIES ON 5/8, 2002
/s/ Lisa Leets
DEPUTY COURT CLERK

---

[2] The court notes that Plaintiffs apparently have determined not to amend their complaint to include *in rem* claims against the domain names themselves. (*See* Pls.' Reply at 4 ("[I]f Plaintiffs will eventually find it necessary to seek permission from the court in Virginia to proceed *in rem*, then it is the court in Virginia that is the most appropriate to determine whether an *in rem* proceeding is proper--not this Court.") A transfer of such claims *might* be available under 28 U.S.C. § 1406. *See Pittock*, 8 F.3d at 329 ("Unlike section 1404(a) . . . , section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case."). That issue, however, is not now before the court. Rather, Plaintiffs seek to transfer only the claims against the *in personam* claims against the unserved Defendants.

5/2/02:S:\CLELAND\BAXTER\Opinions and Orders\00-71544.Ford.transfer.wpd