UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FORD MOTOR COMPANY, et al.,

    Plaintiffs,

v.                                                    Case No. 00-CV-71544-DT

GREAT DOMAINS.COM, INC., et al.,

    Defendants.
_____/

### ORDER DENYING DEFANDANT HANS REKESTAD'S
### "MOTION FOR COSTS AND FEES"

On March 29, 2000, Plaintiff filed a complaint against multiple defendants, including Defendant Hans Rekestad, alleging violations of various trademark laws. On February 22, 2002, Plaintiffs voluntary dismissed the complaint as against Defendant Rekestad without prejudice. Rekestad made no appearance in the intervening time. Nevertheless, in response to the voluntary dismissal, Rekestad filed the instant motion, seeking costs and fees under 28 U.S.C. § 1919, 15 U.S.C. § 1117(a)(3), 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 54(d)(1). Response and reply memoranda have been filed. For the reasons set forth below, Rekestad's motion will be denied under each of the statutes through which relief is sought.

### I.  28 U.S.C. § 1919

Defendant Rekestad's request for payment of costs under 28 U.S.C. § 1919 cannot be granted under a clear reading of the



statute, which states: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of costs." 28 U.S.C. § 1919. In the present matter, this court has issued only one order pertaining to Defendant Rekestad, granting his "Motion for Extension of Time in Which to Move for Costs and Fees." This Court did not dismiss the complaint against Defendant for lack of jurisdiction; rather, Plaintiffs voluntarily dismissed their claims. Thus, a simple reading of 28 U.S.C. § 1919 indicates that it does not apply to the facts before this court.

## II. 28 U.S.C. § 1927

Defendant Rekestad's request for payment of costs and fees under 28 U.S.C. § 1927 must also be denied in light of the record as evinced by the docket for this case. The statute states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Supreme Court in *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), noted that 28 U.S.C. § 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants." *Id.* at 762. A close review of the docket indicates that Plaintiffs'

complaint against Defendant Rekestad was filed on March 29, 2000, and Defendant Rekestad's first filing on March 12, 2002 followed Plaintiffs' "Notice of Voluntary Dismissal Without Prejudice of Claims against Defendant Hans Rekestad", which was filed on February 22, 2002.  A gap of almost two years exists between Plaintiffs filing the complaint, and any pleading being filed by Defendant Rekestad.  The only filings on behalf of Defendant Rekestad on the record are a "Motion for Extension of Time in Which to Move for Costs and Fees," filed on March 12, 2002, a "Motion for Costs and Fees," filed on March 28, 2002, a "Reply Memorandum" filed on April 29, 2002, and a motion for leave to exceed page limits, filed on April 30, 2002.  Other than these requests for costs, fees, expenses, sanctions, and leave to exceed page limits, Defendant Rekestad has filed no pleadings with the court in this matter.

How Plaintiffs' conduct resulting in a voluntary dismissal of their claims against Defendant Rekestad constitutes "unreasonable" or "vexatious" conduct, especially considering Defendant Rekestad's lack of pleading for anything other than costs, fees, expenses, sanctions, and an extension of page limits, is hard to fathom.  Common sense requires there to be some basis for any award under 28 U.S.C. § 1927 and the docket provides no such basis in this case.  Accordingly, Rekestad's request for fees under this section will be denied.

### III. 15 U.S.C. § 1117

Defendant Rekestad's request for "reasonable attorney fees" under 15 U.S.C. § 1117(a)(3) similarly must be denied. Section 1117 provides that "[t]he court in exceptional cases may reward reasonable attorney fees to the prevailing party." Thus, to receive attorneys fees under this statute, Rekestad must demonstrate both (1) that his case is exceptional and (2) that he is a prevailing party.

Prevailing plaintiffs are entitled to attorney fees under the "exceptional case" provision when the "infringement was malicious, fraudulent, willful or deliberate." *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir. 1982). *See also Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Ohio*, 849 F.2d 1012, 1017 (6th Cir. 1988). Prevailing defendants are entitled to attorney fees when "a plaintiff brings a suit that could fairly be described as 'oppressive.'" *Balance Dynamics, Corp. v. Schmitt Indus., Inc.*, 208 F.3d 212 (Table), No. 98-1143, 2000 WL 226959 (6th Cir. Feb. 25, 2000) (citing *Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998)). In this regard, the Sixth Circuit has noted that "where a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney fees is inappropriate." *Am. Council of Certified Podiatric Physicians and Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 625 (6th Cir. 1999);

4

*see also Proctor & Gamble v. Amway Corp.*, 280 F.3d 519, 532 (5th Cir. 2002) ("[A] party that predicates its legal claim on controversial and unsettled legal theory should not face sanctions under either § 1927 or § 1117(a) when the court ultimately rejects the claim."). Here, Rekestad has failed to indicate how Plaintiffs' claims were oppressive. The merits of those claims as against Rekestad have not been before the court. Moreover, at least one of the claims alleged in the complaint has survived a Rule 12(b)(6) motion brought by co-defendants in a posture analogous to that of Rekestad. And although the remaining claims were dismissed by the court, they were of first impression, did not lack arguable merit, or comprised an arguable extension of rulings from other jurisdictions. Thus, this court concludes that Plaintiffs' complaint alleged "colorable" arguments regarding unsettled areas of law that cannot properly be characterized as "oppressive." Defendant Rekestad's request for attorneys' fees under § 1117 is accordingly denied. Because an award of attorney fees is inappropriate in this case, Defendants' request for nontaxable costs is also denied.

The court notes that Rekestad further is not entitled to attorney's fees and costs because he is not a "prevailing party." In *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001), the Supreme Court addressed whether the term "prevailing party" encompassed

"a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600. The Court concluded that it did not. Rather, the Court concluded that to "prevail," and thus become eligible for attorneys fees, a party must have obtained "a *judicially sanctioned* change in the legal relationship of the parties." *Id.* at 1840 (emphasis added). Here, Plaintiffs voluntarily dismissed their claim against Defendant Rekestad without prejudice. No judicially sanctioned change in the parties' legal relationship is manifest.

### IV. Federal Rule of Civil Procedure 54

Finally, Rule 54 provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." As under § 1117, however, Rekestad is not a prevailing party within the meaning of Rule 54, because the claims against him were voluntarily dismissed without prejudice by Plaintiffs. *See Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 693 n.1 (6th Cir. 2001) (noting that *Buckhannon* applies consistently to all "prevailing party" fee-shifting statutes); *see also Johnny's IceHouse, Inc. v. Amateur Hockey Ass'n of Illinois*, 2001 WL 893840 (N.D. Ill. 2001) (applying *Buckhannon* to Rule 54). Accordingly, Rule 54 does not provide for costs to Defendant Rekestad.

## V. CONCLUSION

For all the foregoing reasons, IT IS ORDERED that Defendant Rekestad's "Motion for Costs and Fees" [Dkt. # 177] is DENIED.

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Date: June 28, 2002

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON _____, 20 __