# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FORD MOTOR COMPANY, *et. al.*,

       Plaintiffs,

v.

GREATDOMAINS.COM, INC., *et. al.*,

       Defendants.

_____/

Civil No. 00-71544

Hon. Robert H. Cleland

KATHLEEN A. LANG  (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500

Co-counsel
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah  84102
(801) 366-7471

_____/

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULTS AND DEFAULT JUDGMENT

FILED
2002 JUL -3 IP 2.52
U.S. DIST. COURT CL'T'K
EAST DIST. MICH.
DETROIT



Pursuant to Rule 55 of the *Federal Rules of Civil Procedure*, Plaintiffs Ford Motor Company, Jaguar Cars Limited, Aston Martin Lagonda Limited, and Volvo Trademark Holding AB (collectively "Plaintiffs") respectfully move the Court for the entry of Defaults against the following defendants (hereafter collectively the "Defaulting Defendants"), based on the Defaulting Defendants' failure to plead or otherwise defend, and for the entry of a Default Judgment against the Defaulting Defendants, including the entry of permanent injunctive relief and providing for the immediate transfers of the offending domain names listed below:

Dreamsites, registrant of <gaylordford.com>

Internet Development Corp., registrant of <fordcentral.com>, <forddeals.com>, and <fordheadquarters.com>

Greg Kays, registrant of <ford-jaguar.com>

Maksim Muzichenko, registrant of <lincolnshowrooms.com>, <fordshow.com>, <fordshowrooms.com>, and <jaguarshowrooms.com>

Anton Muzichenko, registrant of <volvoshow.com>, <volvoshwroom.com>, and <volvoshowrooms.com>

Zero Games, registrant of <preownedmustang.com>

Diego Decal, registrant of <fordus.com>

Domain For Sale by ACE, registrant of <57tbird.com>

Buy Direct Products, Inc., registrant of <lincolnmercuryredcarpetlease.com>

Rich O'Reilly, registrant of <fordchevy.com>, <fordchevyracing.com>

EIDC, registrant of <mustangmuscle.com>

Jimmy McClarren, registrant of <rustywallaceford.com>

Mustang Market, registrant of <fordbodyparts.com>

2

Royalyork, registrant of <fordautosales.com>

Victor B. Tucker, registrant of <jaguar-f1-racing.com>

Eric Yen, registrant of <fordtoday.com>, <volvo4u.com>, <volvocenter.com>

Horizonstar Communications, registrant of <fordtrucknews.com>

The grounds for Plaintiffs' Motion are set forth more fully in the Declaration of Kathleen A. Lang, which is submitted as Exhibit "A" to Plaintiffs' Memorandum In Support Of Motion For Defaults And Default Judgment." The facts are essentially as follows: On March 29, 2000 a Complaint was filed against the Defaulting Defendants alleging claims for cyberpiracy, trademark infringement, and trademark dilution arising out of the Defaulting Defendants' registration of Internet domain names incorporating Plaintiffs' world-famous and registered trademarks, and the Defaulting Defendants' use of and trafficking in such domain names. [Dkt. 1, Complaint ¶¶ 9-132 at 8-30] Each of the Defaulting Defendants has either: (1) been served with a copy of the Complaint and an original summons (as set forth more fully in the Lang Decl.), or (2) waived service by executing and returning a signed Waiver of Service.

As set forth more fully in Plaintiffs' Memorandum In Support Of Motion For Entry Of Defaults And Default Judgment, submitted with this Motion, Plaintiffs have pleaded facts conclusively establishing the Defaulting Defendants' liability for violation of the Anticybersquatting Consumer Protection Act and justifying entry of permanent injunctive relief and the transfers of the infringing domain names.

Despite having been served with summonses and copies of the Complaint, the Defaulting Defendants have each failed to plead or otherwise defend.

WHEREFORE, Plaintiffs respectfully request that the Court enter Defaults against the Defaulting Defendants for their failure to plead or otherwise defend within the allowed time, and enter a Default Judgment in the form submitted with this Motion as Exhibit "A."

DICKINSON WRIGHT PLLC

By: Kathleen A. Lang
Kathleen A. Lang (P34695)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah  84102
801-366-7471

DATED:       July 2, 2002

DETROIT 18260-1537 673523

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SEE CASE FILE FOR
ADDITIONAL
DOCUMENTS OR PAGES
THAT WERE NOT
SCANNED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FORD MOTOR COMPANY, *et. al.*,

         Plaintiffs,

v.

GREATDOMAINS.COM, INC., *et. al.*,

         Defendants.

_____/

Civil No. 00-71544

Hon. Robert H. Cleland

KATHLEEN A. LANG  (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500

Co-counsel
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah  84102
(801) 366-7471

_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR ENTRY OF DEFAULT JUDGMENT

## ISSUES PRESENTED

1.     Whether judgment by default should be entered against the 18 defendants named in Plaintiffs' Motion for Entry of Defaults and Default Judgment based on the 18 defendants' failure to plead or otherwise defend.

# CONTROLLING AUTHORITIES

## Cases

*E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270
    (5th Cir. 2002)................................................................................................... 6

*Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp. 2d 736
    (E.D. Mich. 2001) ........................................................................................... 3

*Kelly v. Carr*, 567 F. Supp. 831 (W.D. Mich. 1983) ................................................. 3

*Porsche Cars North America, Inc. v. Spencer*,
    55 U.S.P.Q.2d 1026, 2000 WL 641209 (E.D. Cal. 2000)............................... 6

*Sardo Corp. v. DeMaria Building Corp.*, 1995 WL 871168
    *5 (E.D. Mich.) ................................................................................................ 3

## Other

Anticybersquatting Consumer Protection Act ("ACPA")
    15 U.S.C. § 1125(d) ........................................................................................ 2, 7

Consumer Protection Act, Pub. Law. No. 106-113,
    106th Cong. 1st Sess.......................................................................................... 4

Lanham Act
    15 U.S.C. § 1114(1) ........................................................................................ 4, 6

Plaintiffs Ford Motor Company, Jaguar Cars Limited, Aston Martin Lagonda Limited, and Volvo Trademark Holding AB (collectively "Plaintiffs") respectfully submit this Memorandum in support of Plaintiffs' Motion For Entry Of Defaults And Default Judgment filed concurrently.

## INTRODUCTION

On March 29, 2000, Plaintiffs filed their Complaint for trademark infringement, trademark dilution, false designation of origin, and cyberpiracy under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.* [Dkt. 1, Complaint]  In their Complaint, Plaintiffs asserted claims against numerous persons and entities that registered Internet domain names containing or infringing on Plaintiffs' famous and registered trademarks.  [Dkt. 1, Complaint ¶¶ 9-132, at 8-30]   Among the defendants named in the Complaint are the following persons and entities (hereafter collectively the "Defaulting Defendants") along with the Internet domain names alleged to infringe on Plaintiffs' trademarks:

Dreamsites, registrant of <gaylordford.com>

Internet Development Corp., registrant of <fordcentral.com>,
        <forddeals.com>, and <fordheadquarters.com>

Greg Kays, registrant of <ford-jaguar.com>

Maksim Muzichenko, registrant of <lincolnshowrooms.com>,
        <fordshow.com>, <fordshowrooms.com>, and <jaguarshowrooms.com>

Anton Muzichenko, registrant of <volvoshow.com>, <volvoshwroom.com>, and
        <volvoshowrooms.com>

Zero Games, registrant of <preownedmustang.com>

EIDC, registrant of <mustangmuscle.com>

Jimmy McClarren, registrant of <rustywallaceford.com>

Mustang Market, registrant of <fordbodyparts.com>

Royalyork, registrant of <fordautosales.com>

Victor B. Tucker, registrant of <jaguar-f1-racing.com>

Eric Yen, registrant of <fordtoday.com>, <volvo4u.com>, <volvocenter.com>

Horizonstar Communications, registrant of <fordtrucknews.com>

As set forth more fully in the Declaration of Kathleen A. Lang ("Lang Decl." attached as Exhibit "A" hereto), each of the Defaulting Defendants listed above has either been properly served with an original summons and copy of the Complaint, or has waived service of process. [Ex. A, Lang Decl. ¶¶ 4-21 at 3-6]   Despite having been served or having waived service, each of the Defaulting Defendants has failed to answer or otherwise defend. [Ex. A, Lang Decl. ¶¶ 4-21 at 3-6]

Entry of a default judgment enjoining the Defaulting Defendants from further cyberpiracy and providing for the immediate transfers of the offending domain names is warranted.   The facts alleged in Plaintiffs' Complaint conclusively establish the Defaulting Defendants' liability for violation of the Lanham Act, most notably the amendment known as the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

## ARGUMENT

### I.    The Standard For Entry Of A Default Judgment.

The decision to enter a default judgment is within the district court's discretion. When a defendant is served with a complaint and fails to respond in any way Rule 55 states that "[j]udgment by default may be entered . . . ." *Fed. R. Civ. P.* 55(b).   In this

2

case, the Defaulting Defendants' failure to respond to Plaintiffs' Complaint is grounds for this Court to enter a default judgment.

When a motion for default judgment is brought under Rule 55(b)(2), the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Sardo Corp. v. DeMaria Building Corp.*, 1995 WL 871168 *5 (E.D. Mich.); *see also Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) (same); *Fed R. Civ. P.* 8(d) (averments in a pleading admitted unless denied).

In accordance with Rule 54(c) of the *Federal Rules of Civil Procedure*, which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment," the proposed Order of Default Judgment submitted herewith is based on the relief Plaintiffs prayed for in their Complaint, namely, permanent injunctive relief and the transfers of the domain names alleged in the Complaint.  [Dkt. 1, Complaint ¶¶ 120, A, G, at 28-32]

## II.    The Defaulting Defendants Are Subject To Personal Jurisdiction In Michigan

Each of the Defaulting Defendants is subject to the personal jurisdiction of this Court due to their intentional acts causing injury to Plaintiffs in Michigan.  Under this Court's previous analysis in this case, when a defendant registers a domain name that: (1) raises a high likelihood of confusion, or (2) is otherwise clearly targeted at the trademark owner, the defendant is considered to have "expressly aimed" its actions toward the trademark owner (and its state of domicile), thereby subjecting the defendant to jurisdiction. *Ford Motor Co. v. Great Domains, Inc.*, 141 F.Supp.2d 763, 774-777 (E.D. Mich. 2001).  Each domain name registered by the Defaulting Defendants listed above raises a high likelihood of confusion, especially given the "lexical context of the mark

3

within the domain name" as mentioned by this Court in is earlier opinion. *Id.* at 777. Accordingly, Plaintiffs have at least made a *prima facie* showing that jurisdiction over the Defaulting Defendants is proper under this Court's previous analysis. Because the Defaulting Defendants have failed to rebut Plaintiffs' *prima facie* showing of jurisdiction, and have failed to appear and deny Plaintiffs' allegations that each defendant has committed acts causing injury within this judicial district, [Dkt. 1, Complaint ¶ 8, at 7], this Court may conclude on this record that the Defaulting Defendants are properly subject to personal jurisdiction here.

> **III.** **The Facts Alleged In The Complaint And Substantiated by Evidence of Record Conclusively Establish The Defaulting Defendants' Liability Under The ACPA.**

Plaintiffs' Complaint sets forth claims for federal trademark infringement, trademark dilution, false designation of origin, and cyberpiracy under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (c), as amended by the Anticybersquatting Consumer Protection Act, Pub. Law. No. 106-113, 106th Cong. 1st Sess. The facts alleged in the Complaint, substantiated by evidence of record, conclusively establishes the Defaulting Defendants' liability on Plaintiffs' ACPA claim. Indeed, the Defaulting Defendants are like "Poster Children" in support of the ACPA's passage.

> **A.** **Violation of the ACPA.**

The ACPA became effective on November 29, 1999, is retroactive, and expressly applies to all domain names registered before, on, or after the date of enactment. The ACPA creates liability for defendants who register, traffic in, or use Internet domain names that are identical or confusingly similar to the famous marks of others with the bad faith intent to profit from doing so. *See* 15 U.S.C. § 1125(d). To assist courts in

4

determining whether a defendant has acted with the requisite bad faith intent, the act contains a nonexclusive list of indicative factors, many of which are present here. *See* 15 U.S.C. § 1125(d)(1)(B)(i)(I) through (IX).[1]

By defaulting, the Defaulting Defendants have admitted as a matter of law that they registered domain names incorporating, and confusingly similar to, Plaintiffs' world-famous and distinctive trademarks, specifically, the trademarks Ford®, Jaguar®,

---

[1] The nine factors are:

(I) the trademark or other intellectual property rights of the defendant in the domain name (the Defaulting Defendants have no intellectual property rights in the names at issue, Dkt. 1, Complaint ¶ 27);

(II) the extent to which the domain name consists of the legal name of the defendant or name by which the defendant is commonly known (based on the names registered by the Defaulting Defendants set forth in the Introduction above, it appears highly unlikely that the names registered are names by which any of the Defaulting Defendants are commonly known);

(III) the defendant's prior use of the mark in connection with the bona fide offering of goods (Plaintiffs are aware of no such use, and, given the strength of the marks and their strong association with Plaintiffs, any such use by the Defaulting Defendants would have violated the Lanham Act as discussed, *infra*);

(IV) the defendant's bona fide noncommercial use of the mark in a site accessible under the domain name;

(V) the defendant's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark;

(VI) the person's offer to sell the domain name (the Defaulting Defendants all listed their infringing domain names for sale on the Greatdomains.com web site, to be sold to the highest bidders. Dkt. 1, Complaint ¶ 5);

(VII) the defendant's provision of false and misleading contact information when registering the domain name;

(VIII) the defendant's registration of multiple domain names that the defendant knows are identical or confusingly similar to the marks of others (as set forth above, some of the Defaulting Defendants registered multiple domain names obviously associated with Plaintiffs' trademarks); and

(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section (*i.e.,* whether the trademark is famous for purposes of a dilution claim; the marks at issue in this case are in fact "famous" within the meaning of the Lanham Act. Dkt. 1, Complaint ¶ 99).

15 U.S.C. § 1125(d)(1)(B)(i).

Lincoln®, Volvo®, and Mustang®. [Dkt. 1, Complaint ¶¶ 9-95]. Defendants have also admitted as matter of law that they registered, used, and trafficked in the disputed domain names in bad faith within the meaning of the ACPA by listing the domain names for sale on the Greatdomains.com web site. [Dkt. 1, Complaint ¶¶ 5, 108-120]

Moreover, a defendant's listing of a domain name for sale establishes as a matter of law that defendant's bad faith intent to profit from the plaintiff's trademarks. *See, e.g., Porsche Cars North America, Inc. v. Spencer*, 55 U.S.P.Q.2d 1026, 2000 WL 641209 (E.D.Cal. 2000) (listing for sale domain name <porschesource.com> on website located at that address demonstrates bad faith required for liability under ACPA). There is no requirement that a defendant offer to sell the domain name to the trademark owner; any offer, or even intent to offer, is sufficient. *Id*. at *5 ("Defendant cites no authority for the proposition that simply because he did not offer to sell the domain name to Porsche specifically, he is somehow exempt from the strictures of the ACPA."); *E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 276 (5th Cir. 2002) (finding requisite bad faith when defendants registered domain names with intent to sell "some day").

**B.    An Injunction Should Enter Ordering Barring The Defaulting Defendants' From Future Registration Of Domain Names Incorporating Plaintiffs' Trademarks And Transferring The Infringing Domain Names.**

Under the Lanham Act, when a trademark owner's rights are being violated that party is entitled to an injunction. 15 U.S.C § 1116(a). Thus, in this case, Plaintiffs should be granted the permanent injunctive relief requested in the Complaint, specifically, an order enjoining the Defaulting Defendants from using Plaintiffs' registered trademarks Ford®, Jaguar®, Lincoln®, Volvo®, and Mustang®, and from claiming ownership in any other domain names that use Plaintiffs' registered trademarks.

In addition to injunctive relief, the ACPA provides for the following remedy: "*In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.*" 15 U.S.C. § 1125(d)(1)(C) (emphasis added).   In this case, the Defaulting Defendants have failed to answer or otherwise respond to Plaintiffs' Complaint despite the fact that Plaintiffs have served or otherwise provided notice of this action.   Moreover, the Defaulting Defendants' infringing domain names have been "locked" by their respective registrars during the pendency of this lawsuit, or over two years.   If the Defaulting Defendants had any legitimate and non-infringing use for the domain names at issue, it seems likely that the Defaulting Defendants would have entered this action and defended.   Their failure to so defend is simply further evidence of the bad-faith nature of the Defaulting Defendants' conduct in registering and offering the infringing domain names for sale.   Accordingly, the entry of an order under 15 U.S.C. § 1125(d)(1)(C) immediately transferring the infringing domain names (listed above along with the Defaulting Defendants who registered them) is appropriate and necessary.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court enter a

judgment by default against the Defaulting Defendants in the form of the proposed

Default Judgment submitted herewith.

DICKINSON WRIGHT PLLC

By: 

Kathleen A. Lang (P34695)
Attorneys for Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

DATED:     July _2_, 2002

DETROIT 18260-1537 673827

8

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, *et. al.*,

      Plaintiffs,                           Civil No. 00-71544

v.

                                             Hon. Robert H. Cleland

GREATDOMAINS.COM, INC., *et. al.*,

      Defendants.

_____/

KATHLEEN A. LANG  (P34695)
Dickinson Wright PLLC
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500

Co-counsel
GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah  84102
(801) 366-7471

_____/



### NOTICE OF HEARING

      PLEASE TAKE NOTICE that Plaintiffs' Motion For Entry of Defaults and Default

Judgment will be brought on for hearing before the Hon. Robert H. Cleland in his courtroom

located at 231 W. Lafayette Boulevard, Room 707, Detroit, Michigan, 48226 on a date and time to be set by the Court.

DICKINSON WRIGHT PLLC

By: _____
Kathleen A. Lang (P34695)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Co-Counsel
Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
801-366-7471

DATED:    July 2, 2002

DETROIT 18260-1537 648128

PROOF OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleading _____ , 20 02
By:   ☐ U.S. Mail            ☐ FAX
      ☑ Hand Delivered       ☐ Overnight Courier
      ☐ Federal Express      ☐ Other:
I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.
Signature _____