## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FORD MOTOR COMPANY, a Delaware
corporation, JAGUAR CARS, LTD., a United
Kingdom company, ASTON MARTIN
LAGONDA, LTD, a United Kingdom company,
VOLVO TRADEMARK HOLDING
AB, a corporation organized under the laws of
Sweden,

        Plaintiffs,

vs.

GREATDOMAINS.COM, INC., a California
corporation, et al.,

        Defendants.

Civil No. 00-71544

Judge Robert Cleland

_____/

KATHLEEN A. LANG (P34695)
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

GREGORY D. PHILLIPS
SCOTT R. RYTHER
Howard, Phillips & Andersen
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

*Attorneys for Plaintiffs*

_____/

**PLAINTIFFS' OBJECTION TO MOTION OF HANS REKESTAD
AND ELECTRONIC FRONTIER FOUNDATION UNDER RULE 60(a) AND 60(b)**

## OBJECTION

Plaintiffs Ford Motor Company, Jaguar Cars Limited, Volvo Trademark Holding AB, and Aston Martin Lagonda Limited (collectively "Plaintiffs") hereby object to the "Rule 60(a) And 60(b) Motion For Relief From The Court's Order Dated June 28, 2002" (hereafter the "EFF Motion") filed by former defendant Hans Rekestad ("Rekestad") and the Electronic Frontier Foundation ("EFF") on July 9, 2002.

## GROUNDS FOR OBJECTION

The EFF Motion is not properly brought under Rule 60 and does not raise any ground for relief provided for under Rule 60(a) or 60(b). As this Court is well aware, Rule 60 allows a party to seek relief from a final judgment where there has been a "clerical mistake" made, *Fed. R. Civ. P.* 60(a), or where a *party* seeks relief from the judgment due to *the party's* "mistake, inadvertence, surprise, or excusable neglect." *Fed. R. Civ. P.* 60(b)(1). The EFF Motion of July 9 does not seek relief from this Court's June 28 Order for any reason relating to Rekestad's or EFF's "mistake, inadvertence, surprise, or excusable neglect." Likewise, the EFF Motion does not point to any "newly discovered evidence," or raise "any other reason justifying relief" from this Court's June 28 Order. *See Fed. R. Civ. P.* 60(b)(2), (6).

Rather, the EFF Motion, although masquerading as a Rule 60 motion, is clearly a motion for *reconsideration* of the same issues decided by the Court in its Order of June 28, 2002. The "Question Presented" section of the EFF Motion is quite telling on this point. The EFF Motion phrases the "Question Presented" as follows: "If this honorable Court, in its Order dated June 28, 2002, has committed numerous factual and legal errors, i.e.,: . . . ." [EFF Motion at i ] The EFF Motion then goes on to list items "a" through "j," all of which are issues previously considered and decided by this Court in its June 28 Order.

2

## PLAINTIFFS WILL NOT RESPOND UNLESS INSTRUCTED OTHERWISE

Because the EFF Motion is, in substance, nothing more than a motion for reconsideration, Plaintiffs have not prepared an opposition to the EFF Motion. Under E. D. Mich. LR 7.1(g)(2), Plaintiffs will not file an opposition to the EFF Motion unless otherwise ordered by the Court. In the event that this Court is inclined to consider the EFF Motion, Plaintiffs request this Court's guidance as to whether the Court would prefer that Plaintiffs file an opposition. Because the EFF Motion raises no new issues and points to no newly discovered evidence, Plaintiffs will seek an award of attorneys' fees and costs against Rekestad and EFF in the event Plaintiffs are required to prepare and file an opposition to the EFF Motion.

## CONCLUSION

The EFF Motion filed July 9, 2002 should be stricken and/or denied summarily. Plaintiffs should not be required to prepare and file an opposition to the EFF Motion in order for the EFF Motion to be stricken or denied.

DICKINSON WRIGHT, PLLC

By: *[signature]*

Kathleen A. Lang (P34695)
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

Gregory D. Phillips
Scott R. Ryther
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, UT 84102
(801) 366-7471

*Attorneys for Plaintiffs*

PROOF OF SERVICE
undersigned certifies that the foregoing instrument was served upon ies to the above cause to each of the attorneys of record herein at spective addresses as disclosed on the _July 12_, 20 02

☑ Via Mail
☐ Hand Delivered
☐ Federal Express
☐ FAX
☐ Overnight Courier
☐ Other:

under penalty of perjury that the statement above is true to the best formation, knowledge and belief

DATED: July 11, 2002

DETROIT 18260-1537 675198

3