UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR CO., et al.,

    Plaintiffs,

v.                                                     Case No. 00-CV-71544-DT

GREATDOMAINS.COM, INC., et al.,

    Defendants.
_____/

**ORDER DENYING "RULE 60(A) AND 60(B) MOTION FOR RELIEF FROM THE COURT'S ORDER DATED JUNE 28, 2002"**

Now pending before the court is Defendant Hans Rekestad Enterprise's ("Rekestad's") motion pursuant to Federal Rule of Civil Procedure 60, seeking relief from the court's June 28, 2002 order denying Rekestad's earlier motion for costs and fees. For the following reasons, the motion will be denied.

At the outset, the court notes that Rekestad has failed to set forth grounds for relief pursuant to Rule 60. Rather, what Rekestad essentially seeks is reconsideration under Local Rule 7.1. It is Rekestad's position that the court's order denying costs and fees was defective in failing to grant costs under 28 U.S.C. § 1919, which provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of costs." The court denied § 1919 relief because Rekestad was dismissed via a



stipulated voluntary order of dismissal without prejudice, and not for want of jurisdiction.

Rekestad now argues that it is seeking costs only as to dismissal of the *in rem* claims that were brought against it. No *in rem* claims, however, have ever been pending in this case, and certainly no *in rem* claims against the entity known as Hans Rekestad Enterprises. While Plaintiffs seriously entertained raising *in rem* claims, their complaint asserted *in personam* claims only. Nonetheless, because all parties appeared to operate under the presumption that *in rem* claims had been alleged against certain domain names--including one owned by Rekestad, the court preemptively indicated in an order that such claims were either statutorily or constitutionally precluded. This decision, however, had no impact on the court's *in personam* jurisdiction over Rekestad.

Moreover, even assuming, as has been alleged by Rekestad, that *in personam* jurisdiction over Rekestad was not proper, that issue has never been determined by the court and was not the ground on which the parties stipulated to Rekestad's dismissal. Accordingly, 28 U.S.C. § 1919 relief was, and remains, inappropriate.

As to the other grounds raised by Rekestad, no "palpable defect by which the court . . . ha[s] been misled" has been demonstrated as required under Rule 7.1. Thus,

2

IT IS ORDERED THAT Rekestad's Rule 60 motion [Dkt. # 205] is DENIED.

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Date: July 31, 2002

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON 7/31/2002
DEPUTY COURT CLERK